LATHAM & WATKINS LLP
　Belinda S Lee (Cal. Bar No. 199635)
　　*belinda.lee@lw.com*
　Sarah M. Ray (Cal. Bar No. 229670)
　　*sarah.ray@lw.com*
　Aaron T. Chiu (Cal. Bar No. 287788)
　　*aaron.chiu@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.<br><br>　　　　　Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**<br><br>Date:　January 6, 2023<br>Time:　9:00 a.m.<br>Place:　Courtroom 5, 2nd Floor, Oakland<br>Judge:　The Honorable Jeffrey S. White |

**NOTICE OF MOTION AND MOTION**

TO THIS HONORABLE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT on January 6, 2023 at 9:00 a.m. in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California, Defendant Apple Inc. ("Apple") will and hereby does move this Court for an Order:

1. Staying all disclosures and discovery until after the Court issues an order resolving Apple's Motion to Dismiss Plaintiff's Class Action Complaint, ECF No. 32.  *See* Fed. R. Civ. Proc. 26(c); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (White, J).  Further stays also may be appropriate after the motion to dismiss is resolved based on specific considerations raised by the Court's ruling; and

2. Continuing the initial case management conference currently set for October 21, 2022 at 11:00 a.m. to a date and time after the Court has ruled on Apple's pending motion to dismiss.

Counsel for Apple and counsel for Plaintiff Affinity Credit Union ("Affinity") met and conferred on September 27, 2022 and October 4, 2022, but were unable to reach agreement as to the relief requested in this Motion.  This Motion is based on this Notice of Motion and Motion to Stay Discovery, the attached Memorandum of Points and Authorities, the Declaration of Aaron T. Chiu, all pleadings and papers filed herein, oral argument of counsel, and any other matter that may be considered by this Court on this Motion.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.  STATEMENT OF ISSUES TO BE DECIDED ................................................................. 2

III. BACKGROUND ................................................................................................................ 2

IV.  ARGUMENT ..................................................................................................................... 3

    A.  Legal Standard ......................................................................................................... 3

    B.  Apple's Pending Motion to Dismiss Could Dispose of the Entire Case ................. 4

    C.  No Discovery Is Required to Decide Apple's Motion to Dismiss .......................... 5

V.   CONCLUSION .................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Cellwitch, Inc. v. Tile, Inc.*,
  No. 4:19-cv-01315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ............................ 2, 3, 4, 5

*In re Graphics Processing Units Antitrust Litigation*,
  No. C 06-07417, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ................................. 1, 3, 4, 5

*In Re Nexus 6p Product Liability Litigation*,
  No. 17-cv-2185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ................................... 5

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) .................................................................................................. 3

*Liu v. TNC US Holdings*,
  No. 21-cv-07313-JSW (N.D. Cal. Feb. 23, 2022), ECF No. 42 ............................................. 2

*Micron Technology, Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-
  JSW, 2018 WL 7288018 (N.D. Cal. March 16, 2018) .................................................. 3, 4, 5

*Pacific Lumber Co. v. National Union Fire Insurance Co.*,
  220 F.R.D. 349 (N.D. Cal. 2003) ....................................................................................... 4, 5

*Reilly v. Apple Inc.*,
  578 F. Supp. 3d 1098 (N.D. Cal. 2022) ................................................................................. 4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) .................................................................................................. 1

*Suarez v. Beard*,
  No. 15-cv-05756-HSG, 2016 WL 10674069 (N.D. Cal. Nov. 21, 2016) ............................... 5

### **RULES**

Federal Rule of Civil Procedure 26 ................................................................................................ 3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

APPLE INC.'S MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

## I. INTRODUCTION

Discovery in antitrust cases is a notoriously expensive undertaking. Where an antitrust complaint rests on implausible claims, early deliberation of that complaint serves the purpose of either preventing that expensive undertaking outright or, at the very least, providing the court the opportunity to put forth guardrails on discovery and ensure efficiency in the process. This case—which asserts monopolization, attempted monopolization, and tying claims on behalf of all U.S. entities that have issued a "Payment Card" enabled for Apple Pay and paid a fee for Apple Pay—rests on implausible claims that warrant dismissal. Proceeding with discovery on those claims prior to resolution of a motion to dismiss will only invite waste. The Court should grant this Motion to Stay.

Affinity's antitrust claims suffer from legal deficiencies that cannot survive dismissal, and Apple has filed a motion to dismiss that has the potential to eliminate or greatly narrow those claims. ECF No. 32. First, Affinity's monopolization and attempted monopolization claims are premised on an implausible, single-brand market that is defined without reference to obvious economic substitutes for the products underlying that market. Second, Affinity's tying claim, which Affinity lacks standing to bring, fails given that Apple Pay is an integrated component of Apple's devices. Apple's motion to dismiss, if granted, would dispose of all of those claims. And discovery will not assist the parties or the Court in resolving any of the arguments raised by Apple's motion to dismiss, which rests entirely on the infirmities in Affinity's own allegations.

Starting discovery prior to the resolution of Apple's motion to dismiss would place the parties at risk of accruing unnecessary expenses from costly discovery into claims and issues that this Court might ultimately dismiss. "It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). At the very least, prioritizing the resolution of Apple's motion will clarify the issues and "shed light on the best course for discovery," *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007), if any claims survive dismissal.

For the sake of judicial and party economy, this Court should stay all disclosures and

1  discovery and continue the initial case management conference until after it has resolved Apple's
2  pending motion to dismiss. *See Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 WL
3  5394848, at *2 (N.D. Cal. Oct. 22, 2019) (White, J).

## II.  STATEMENT OF ISSUES TO BE DECIDED

Does the case-dispositive nature of Apple's pending motion to dismiss, ECF No. 32, and the lack of a need for discovery to decide the motion establish good cause for a stay of discovery?

## III.  BACKGROUND

Affinity filed its Complaint on July 18, 2022. ECF No. 1. On August 2, 2022, the Parties stipulated to an extension of time for Apple to respond to Affinity's Complaint, continuing the deadline for Apple's motion to dismiss to October 7, 2022, Affinity's opposition to November 18, 2022, and Apple's reply to December 9, 2022. ECF No. 15.

Following service of Affinity's Complaint, Apple took steps to preserve any relevant discovery that Affinity may seek in the future. Given that Affinity's claims accrued at the latest when Affinity began its relationship with Apple in August 2020, and given that Affinity's claims pertain largely to strategy decisions made several years in the past—including in and around the launch of Apple Pay in 2014—it is likely that the majority of relevant materials in this case will be historical in nature. Apple has already issued document retention notices to its employees, thereby preserving those historical documents and any other documents that might be relevant and discoverable. Decl. of Aaron T. Chiu ("Chiu Decl.") ¶ 3.

On September 27, 2022, counsel for Apple contacted Affinity's counsel to propose a stipulation to continue the initial case management conference and the corresponding initial case management requirements until after the Court resolves Apple's motion to dismiss. *Id.* ¶ 4. The parties met and conferred on September 29, 2022, during which Apple proposed deferring the parties' Rule 26(f) conference, the October 21, 2022 Case Management Conference, and all disclosures and discovery in light of Apple's coming motion to dismiss, and consistent with this Court's prior practice.[1] Chiu Decl. ¶ 5. Affinity stated it was willing to stipulate to a continuance

---

[1] *See, e.g., Liu v. TNC US Holdings*, No. 21-cv-07313-JSW (N.D. Cal. Feb. 23, 2022) (White, J), ECF No. 42 (granting motion to stay discovery pending resolution of motion to dismiss);

of the initial case management conference and the deadline to submit an initial joint case management statement, but rejected Apple's proposal that the Rule 26(f) conference, discovery, and initial disclosures be stayed until after the Court resolved Apple's motion to dismiss. *Id.* Instead, Affinity indicated that it wanted to begin discovery before the Court ruled on Apple's then-forthcoming motion to dismiss. *Id.* Apple noted how, in prior cases, the Court has continued the initial case management conference until after resolving a motion to dismiss, or otherwise stayed discovery while motions to dismiss are pending. *Id.*

On October 4, 2022, Apple conferred with Affinity, suggesting again that the parties defer the Case Management Conference and all disclosures and discovery until after resolution of Apple's motion to dismiss. *Id.* ¶ 6. Apple suggested that the parties could still proceed with discussing the Protective Order and ESI protocol to give the parties a head start should the Court deny Apple's motion to dismiss. *Id.* Affinity would not agree to a stipulation that would defer the Rule 26(f) conference. *Id.* Apple stated that, in light of the Parties' impasse on this issue, it would file a motion to stay discovery and continue the upcoming case management conference. *Id.*

On October 7, 2022, concurrent with this Motion, Apple filed its motion to dismiss Affinity's Complaint. *See* ECF No. 32.

## IV. ARGUMENT

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(c), the Court may issue a protective order staying discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "District courts have broad discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss under Rule 12(b)(6)." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *2 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)). A stay of disclosures and discovery pending the resolution of a Rule 12(b)(6) motion is appropriate where, as here, there is no "compelling need for prompt discovery, such as might be the case if provisional relief were

---

*Cellwitch*, 2019 WL 5394848, at *2 (same); *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018, at *2 (N.D. Cal. March 16, 2018) (White, J) (same).

being sought or if testimony needed to be preserved due to ill health of a witness" and "adjudicating the motion[] to dismiss will shed light on the best course for discovery." *Id.* at *5.

In deciding whether to stay discovery, courts consider two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the court can decide the pending dispositive motion absent additional discovery. *Cellwitch*, 2019 WL 5394848, at *1 (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)); *see also Micron Tech.*, 2018 WL 7288018, at *1. If these two questions are answered affirmatively, the Court may issue a protective order. *Cellwitch*, 2019 WL 5394848, at *1. Both elements are easily satisfied here.

### B. Apple's Pending Motion to Dismiss Could Dispose of the Entire Case

Affinity asserts three causes of action. Two of those are claims brought under Section 2 of the Sherman Act, claiming that Apple monopolizes and attempts to monopolize "the market for tap and pay wallets on iOS." Compl. ¶¶ 11, 137–157. Affinity also asserts a tying claim under Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 & 3, alleging that Apple "unlawfully 'tied' two of its products together—namely, its mobile devices and its mobile wallet—by compelling iOS users to use its mobile wallet product exclusively." Compl. ¶¶ 10, 126–136.

Apple's pending motion seeks dismissal of all three of Affinity's causes of action, and therefore would dispose of Affinity's entire case if granted. Affinity premises both of its Section 2 claims upon an implausible, single-brand market—which courts in this circuit have identified as "extremely rare," *Reilly v. Apple Inc.*, 578 F. Supp. 3d 1098, 1107 (N.D. Cal. 2022)—while also failing to reference obvious economic substitutes for the product underlying that single brand market. Affinity's failure to plausibly allege a relevant market necessitates dismissal of those claims under Federal Rule of Civil Procedure 12(b)(6). Affinity's tying claim fares no better. Not only does Affinity lack standing to bring its tying claim, but also that claim fails because Apple Pay is an integrated component of Apple's devices, not a "separate and distinct" product. And in any event, Affinity's failure to plausibly allege anticompetitive harm or conduct warrants dismissal of all three of Affinity's causes of action.

The Court need not assess the merits of Apple's arguments in its motion to dismiss in order

to grant this Motion to Stay Discovery. *See Micron Tech.*, 2018 WL 7288018, at *2 (noting that the Court need not provide an opinion on the merits of a motion to dismiss when staying discovery). The only relevant question for the Court now is whether the bases for dismissal raised in Apple's motion, if granted, would dispose of Affinity's entire case. Apple's motion to dismiss would dispose of all three of Affinity's causes of action, and Apple has therefore met the first of the two factors warranting a stay on discovery. *See Cellwitch*, 2019 WL 5394848, at *2 (granting motion to stay discovery pending motion to dismiss where the motion had the potential to be dispositive); *Suarez v. Beard*, No. 15-cv-05756-HSG, 2016 WL 10674069, at *2 (N.D. Cal. Nov. 21, 2016) (granting motion to stay discovery pending resolution of motion to dismiss).

### C. No Discovery Is Required to Decide Apple's Motion to Dismiss

Apple's motion to dismiss can also be decided entirely upon the pleadings. All of the bases for dismissal are premised on the implausibility of Affinity's allegations within the four corners of its Complaint, and do not require looking to anything beyond the allegations, much less discovery. Neither the Court nor either party requires any additional discovery to resolve Apple's motion. *See, e.g.*, *Micron Tech.*, 2018 WL 7288018, at *2 (staying discovery where pending motion to dismiss did not require discovery for resolution); *In Re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) ("[t]he Court also notes that the pending motions to dismiss . . . can be decided without additional discovery."). The circumstances here also "omit any compelling need for prompt discovery, such as might be the case if provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5. Apple therefore satisfies the second factor of the relevant test for determining whether a stay of discovery is warranted. *See Pac. Lumber*, 220 F.R.D. at 352. A stay of discovery is appropriate when, as here, both factors are met. *See Micron Tech.*, 2018 WL 7288018, at *2 (staying Rule 26(b) discovery until resolution of motion to dismiss based on satisfaction of both factors).

### V. CONCLUSION

For all the reasons set forth above, the Court should stay discovery pending resolution of Apple's motion to dismiss Affinity's Complaint.

| | |
|---|---|
| Dated: October 7, 2022 | LATHAM & WATKINS LLP<br>By:  /s/  *Belinda S Lee*<br>       Belinda S Lee<br><br>Belinda S Lee (Cal. Bar No. 199635)<br> belinda.lee@lw.com<br>Sarah M. Ray (Cal. Bar No. 229670)<br> sarah.ray@lw.com<br>Aaron T. Chiu (Cal. Bar No. 287788)<br> aaron.chiu@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: +1.415.391.0600<br><br>*Attorneys for Defendant Apple Inc.* |