| | |
|---|---|
| LATHAM & WATKINS LLP<br>Belinda S Lee (Cal. Bar No. 199635)<br>*belinda.lee@lw.com*<br>Sarah M. Ray (Cal. Bar No. 229670)<br>*sarah.ray@lw.com*<br>Aaron T. Chiu (Cal. Bar No. 287788)<br>*aaron.chiu@lw.com*<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: +1.415.391.0600<br><br>*Attorneys for Defendant Apple Inc.* | HAGENS BERMAN SOBOL SHAPIRO LLP<br>Steve W. Berman (pro hac vice)<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com<br><br>Ben M. Harrington (SBN 313877)<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>benh@hbsslaw.com<br><br>SPERLING & SLATER, P.C.<br>Eamon P. Kelly (*pro hac vice*)<br>Joseph M. Vanek (*pro hac vice*)<br>Jeffrey Bergman (*pro hac vice*)<br>55 W. Monroe Street, 32nd Floor<br>Chicago, IL 60603<br>Telephone: (312) 676-5845<br>ekelly@sperling-law.com<br>jvanek@sperling-law.com<br>jbergman@sperling-law.com<br><br>*Attorneys for Plaintiff and the Proposed Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION,<br><br>       Plaintiff,<br><br>   v.<br><br>APPLE INC.<br><br>       Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   October 21, 2022<br>Time:  11:00 a.m.<br>Place:  Courtroom 5, 2nd Floor, Oakland<br>Judge:  The Honorable Jeffrey S. White |

Pursuant to Local Rules 16-9 and 16-10 and the Standing Order for All Judges of the Northern District of California, Plaintiff Affinity Credit Union ("Affinity") and Defendant Apple Inc. ("Apple") submit this Joint Case Management Conference Statement.

Apple requests, and Affinity does not oppose, continuing the Initial Case Management Conference currently scheduled for October 21, 2022 until after the Court rules on Apple's pending Motion to Dismiss. *See* ECF No. 32. As set forth below and in the Parties' briefing on Apple's pending Motion to Stay Discovery, the Parties disagree as to whether a Rule 26(f) Conference and discovery should proceed.

1. **JURISDICTION AND SERVICE**

Affinity has alleged that this Court has subject matter jurisdiction over the claims brought by Affinity under the Sherman Act, 15 U.S.C. §§ 1-3, pursuant to (1) 28 U.S.C. § 1337 and (2) 28 U.S.C. § 1331 (federal question). Apple was properly served with the Complaint on July 20, 2022.

2. **FACTS**

Plaintiff's Statement: Digital wallets allow consumers to make purchases at the point of sale by tapping their mobile device (typically either a smartphone or smart watch) on a merchant's payment terminal. On Android mobile devices, there are several competing digital wallets to choose from, including Google Pay and Samsung Pay. Apple, by contrast, has ensured that there is but one tap-and-pay digital wallet on its devices—its own proprietary service called Apple Pay.

Apple did not secure preeminence for Apple Pay by building a superior wallet. Functionally, Apple Pay is indistinguishable from Google Pay and Samsung Pay. Instead, Apple propped up Apple Pay by barring all would-be competitors from accessing the near-field communication ("NFC") technology that tap-and-pay wallets require to function.

To reach iOS digital wallet users, payment card issuers like Affinity thus have no choice but to enable their cards for Apple Pay. And with no competitors to discipline its pricing, Apple charges these issuers transaction fees that no other mobile wallet charges. Affinity estimates that Apple charged issuers $1 billion in fees in 2019 alone. By contrast, on the Android ecosystem—where multiple wallets compete—issuer fees are $0.

Affinity is not the first entity to raise these issues. In May 2022, after completing an

1    investigation, the European Commission issued a preliminary finding that Apple's restrictions on
2    NFC technology are anticompetitive and likely violate European competition law.  The European
3    Commission found that Apple's restrictions have "an exclusionary effect on competitors and lead[]
4    to less innovation and less choice for consumers for mobile wallets on iPhones."  Compl. at ¶ 9.

5    Through this action, Affinity will show that Apple's conduct has had the same
6    anticompetitive effects here in the United States, all in violation of the Sherman Act.

7    Defendant's Statement:  Apple designed and operates Apple Pay, a secure, private, and
8    easy-to-use payment method which allows consumers to present a digital version of their existing
9    payment cards for use in store and online on their Apple devices, including on the iPhone, Apple
10   Watch, iPad, and Mac.  At physical points-of-sale, Apple Pay allows users to complete a touchless
11   transaction simply by holding an Apple device with a near-field-communication ("NFC") radio
12   (e.g., an iPhone or Apple Watch) near an NFC terminal—as they would with any tap and pay credit
13   card.  Apple Pay competes with many other payment methods, including "tap and pay" payment
14   cards (which also use NFC technology), "chip" or traditional "swipe" payment cards, cash, non-
15   NFC payment methods on Apple and other mobile devices (e.g., QR codes on PayPal), and NFC
16   payment methods on other mobile operating systems (e.g., Google Pay).  For online purchases,
17   which do not use NFC technology, consumers also have options like Shop Pay, Amazon Pay,
18   Google Pay, PayPal, credit and debit cards, and countless others.

19   Apple Pay provides numerous benefits for consumers, card issuers, merchants, and
20   payment networks.  Contrary to Affinity's assertion that Apple Pay is "[f]unctionally …
21   indistinguishable" from Google Pay and Samsung Pay, Apple Pay's functionality is unique in the
22   security and privacy it provides.  Indeed, Affinity acknowledges in its Complaint that Apple Pay
23   provides "distinct security advantages" for consumers via the card number tokenization process,
24   which protects their data.  See Compl. ¶ 54.  For card issuers, Apple Pay reduces fraud and offers
25   all participating financial institutions the ability to offer the same payment method, on the same
26   terms.  Since Apple Pay debuted, and as Affinity itself acknowledges, output in mobile payments
27   transactions has "more than quintupled" (Compl. ¶ 71)—growing the pie for everyone.
28   Affinity is one of thousands of banks that currently offer their customers the ability to

provision their payment cards for use with Apple Pay. Apple does not charge Affinity's customers—or any banks' customers—a fee for using Apple Pay. Instead, card-issuing banks like Affinity pay a nominal fee for each transaction facilitated by Apple Pay, which is the same for every bank, big or small. This allows smaller card-issuing banks (like Affinity) to present their credit and debit cards in Apple Wallet for use with Apple Pay alongside cards issued by banks with substantially more resources to reach customers.

Affinity asserts above that Apple "propped up Apple Pay by barring all would-be competitors from accessing the [NFC] technology that tap-and-pay wallets require to function." This is untrue; Apple provides banks access to the NFC controller through an application programing interface ("API"), allowing users to call up their credit or debit cards for payment within their banks' apps. Nevertheless, Affinity claims that, by preventing competitors from using the NFC controller, Apple has monopolized a "Tap and Pay iOS Mobile Wallet" market—a market that is limited exclusively to Apple Pay. Affinity also claims that Apple unlawfully ties Apple Pay to Apple's devices.

Finally, Affinity's statements about the European Commission ("EC") investigation are incorrect. The EC has not "found" anything about Apple Pay or its purported effects. The EC has not issued a decision on its investigation—only a Statement of Objections, which is a "preliminary" document. As the EC stated when it issued the Statement of Objections: "The sending of a Statement of Objections does not prejudge the outcome of an investigation." *See* https://ec.europa.eu/commission/presscorner/detail/en/ip_22_2764.

As demonstrated in Apple's Motion to Dismiss, ECF No. 32, Affinity's claims fail as a matter of law and should be dismissed in their entirety.

**2.   LEGAL ISSUES**

Plaintiff's Statement: Affinity is presently aware of, or anticipates, disputes on the following points of law:

1.   Whether Affinity's complaint states a claim upon which relief can be granted;

2.   Whether Apple's alleged tying conduct violates Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 3;

3. Whether Apple's alleged monopolization conduct violates Section 2 of the Sherman Act, 15 U.S.C. § 2;

4. Whether Apple's conduct has anticompetitive effects in a relevant antitrust market;

5. Whether Affinity is entitled to damages and the amount thereof;

6. Whether Apple's conduct warrants injunctive and/or declaratory relief; and

7. Whether a class can be certified pursuant to Rule 23(a) and (b)(1)-(3) of the Federal Rules of Civil Procedure.

Defendant's Statement: Apple denies that it violated any laws. Affinity has not stated a claim under any of its legal theories, this case is not maintainable as a class action, and Affinity is not entitled to any relief.

Apple filed a Motion to Dismiss on the grounds that: (1) Affinity fails to plead claims for monopolization and attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2, because those claims are premised on implausibly pled single-brand markets; (2) Affinity lacks standing to pursue a tying claim under Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 3, and otherwise fails to plead the existence of an unlawful tying arrangement; (3) Affinity fails to plead any anticompetitive effects as required to state claims for monopolization and tying under the rule of reason; and (4) Affinity fundamentally complains of a refusal to deal, the elements of which it fails to allege. *See* ECF No. 32.

Apple also anticipates that the following legal issues may be raised:

1. To the extent that Affinity seeks to represent issuers that executed Apple Pay agreements before the limitations period in this case, whether those claims are time-barred under the Clayton Act Statute of Limitations. 15 U.S.C. § 15b.

2. Whether Affinity's claims are precluded by the releases and covenants contained within the Apple Pay issuer contract.

3. Whether Affinity's claims are precluded by the releases and covenants in the settlement with developers in *Cameron, et al. v. Apple Inc*, No. 4:19-cv-03074-YGR (N.D. Cal.).

Additional factual and legal issues may be raised by Apple's affirmative defenses and any counter-allegations if necessary.

3. **MOTIONS**

*Pending Motions:* Apple filed a Motion to Dismiss on October 7, 2022. See ECF No. 32. Affinity's opposition is due November 18, 2022, and Apple's reply is due December 9, 2022. Apple's Motion to Dismiss has been noticed for argument on January 6, 2023.

Apple also filed a Motion to Stay Discovery on October 7, 2022. See ECF No. 33. Affinity's response is due October 21, 2022, and Apple's reply is due October 28, 2022. Apple's Motion to Stay has been noticed for argument on January 6, 2023.

*Anticipated Motions:* Should the case survive Apple's Motion to Dismiss, the Parties anticipate that other pre-trial motions will be filed, including motions for class certification and summary judgment.

4. **AMENDMENT OF PLEADINGS**

As of the date of this joint statement, Affinity is evaluating whether any amendment to its complaint may be appropriate. Affinity reserves all rights to amend its complaint, either by right or upon leave of the Court.

5. **EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the Court's ESI Guidelines and confirm that they have taken steps to preserve ESI and will continue to do so.

6. **DISCLOSURES**

The Parties have not exchanged initial disclosures. On October 7, 2022, Apple filed a motion to stay all disclosures and discovery, and to continue the initial case management conference, until the Court has ruled on Apple's motion to dismiss. *See* ECF No. 33. Affinity is opposing Apple's motion to stay discovery, including as to the Parties' obligation to exchange initial disclosures.

7. **DISCOVERY**

Plaintiff's Statement: Apple has moved to stay all discovery pending resolution of its motion to dismiss. As will be set forth more fully in Affinity's brief opposing the stay, blanket discovery stays are disfavored and a departure from standard practice. Apple has not shown the "good cause" necessary for a stay. *See* Fed. R. Civ. P. 26(c)(1).

<u>Defendant's Statement</u>:  This case rests on implausible claims that warrant dismissal, and discovery should be stayed pending resolution of Apple's Motion to Dismiss.  Beginning discovery prior to the resolution of Apple's Motion to Dismiss would place the Parties at risk of accruing unnecessary expenses from costly discovery into claims and issues that this Court might ultimately dismiss.  For these reasons and those set forth more fully in Apple's Motion to Stay Discovery, ECF No. 33, the Court should stay all disclosures and discovery, and continue the initial case management conference, until after it has resolved Apple's pending Motion to Dismiss, ECF No. 32.  To give the Parties a head start should the Court deny Apple's Motion to Dismiss, Apple indicated to Affinity that it is willing to begin negotiations on a stipulated Protective Order and ESI protocol.

**8.    CLASS ACTIONS**

<u>Plaintiff's Statement</u>:  Affinity intends to pursue certification pursuant to Fed. R. Civ. P. 23(a) and (b)(1)-(3) of a class comprised of "All U.S. entities that (a) issued any Payment Card enabled for Apple Pay and (b) paid Apple a fee for any Apple Pay transaction on that Payment Card."  Affinity proposes filing a motion for class certification pursuant to its proposed schedule set forth below at ¶ 17.  Affinity's motion will demonstrate that certification is warranted for at least the following reasons:

<u>Numerosity</u>**:** The exact number of the members of the proposed class is unknown and is not available to Affinity at this time, but upon information and belief, the class will consist of many thousands of members such that individual joinder in this case is impracticable. Apple publishes a list of financial institutions participating in Apple Pay. That list contains more than 4,000 banks and credit unions.

<u>Commonality</u>**:** Numerous questions of law and fact are common to the claims of Affinity and members of the proposed class. These include, but are not limited to:

  a.  Whether Apple unlawfully has tied Apple Pay to its mobile devices;

  b.  Whether Affinity has established a relevant antitrust market;

  c.  Whether Apple unlawfully monopolized, or attempted to monopolize, that relevant market;

      d.      Whether competition in the relevant market has been constrained or harmed by Apple's tying, monopolization, or attempted monopolization conduct in such market;

      e.      Whether issuers have been harmed, including by way of having paid higher transaction fees than they would have but for Apple's allegedly anticompetitive conduct;

      f.      Whether Affinity and members of the proposed class are entitled to declaratory or injunctive relief to halt Apple's unlawful practices, and to their attorney fees, costs, and expenses; and

      g.      Whether Affinity and members of the proposed class are entitled to any damages incidental to the declaratory or injunctive relief they seek, or otherwise.

<u>Typicality</u>: Affinity's claims are typical of the claims of the members of the proposed class. The factual and legal bases of Apple's liability are the same and resulted in injury to Affinity and all members of the proposed class.

<u>Adequate representation</u>: Affinity will represent and protect the interests of the proposed class both fairly and adequately. Affinity has retained counsel competent and experienced in complex class-action litigation. Affinity has no interests that are antagonistic to those of the proposed class, and its interests do not conflict with the interests of the proposed class members it seeks to represent. Class counsel have been investigating the claims asserted in this complaint since August 2021, have invested substantial resources developing these claims, and are qualified and best positioned to lead the representation of the proposed class.

<u>Prevention of inconsistent or varying adjudications</u>: If prosecution of myriad individual actions for the conduct complained of were undertaken, there may be inconsistent or varying results. This would have the effect of establishing incompatible standards of conduct for Apple. Certification of Affinity's proposed class would prevent these undesirable outcomes.

<u>Injunctive and declaratory relief</u>: By way of its conduct described in this complaint, Apple has acted on grounds that apply generally to the proposed class. Accordingly, final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

<u>Predominance and superiority</u>: This proposed class action is appropriate for certification. Class proceedings on these facts and this law are superior to all other available methods for the

fair and efficient adjudication of this controversy, given that joinder of all members is impracticable. Even if members of the proposed class could sustain individual litigation, that course would not be preferable to a class action because individual litigation would increase the delay and expense to the parties due to the complex factual and legal controversies present in this matter. Here, the class action device will present far fewer management difficulties, and it will provide the benefit of a single adjudication, economies of scale, and comprehensive supervision by this Court.

<u>Defendant's Statement</u>:  Affinity cannot satisfy the requirements set forth in Fed. R. Civ. P. 23 and Apple will oppose any motion for class certification.

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

**9.    RELATED CASES**

The Parties believe that there are presently no related cases or related proceedings pending before another judge of this Court, before another U.S. court, or before a U.S. administrative body.

**10.    RELIEF**

<u>Plaintiff's Statement</u>:  At this preliminary stage, Affinity is unable to ascertain the full quantum of damages resulting from Apple's challenged conduct.  Affinity has not yet obtained discovery, and anticipates that the amount of damages will be evaluated and informed by expert analysis in accordance with the schedule set by the Court.

In addition to seeking damages, Affinity is pursuing injunctive, declaratory and other relief, as specified in the Complaint's Prayer for Relief.

<u>Defendant's Statement</u>:  As noted above, Apple disputes that Affinity is entitled to any relief and reserves all of its defenses to liability and damages.

**11.    SETTLEMENT AND ADR**

The Parties have not yet conferred regarding settlement or engaged in ADR.

**12.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings in this case.

**13. OTHER REFERENCES**

The Parties do not believe that this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

<u>Plaintiff's Statement</u>: Affinity submits that, prior to discovery, it is too early to assess whether any issues can be narrowed by agreement. Affinity does not believe Apple's pending motion to dismiss is likely to result in the dismissal of any claims or otherwise narrow the issues to be resolved in the litigation.

<u>Defendant's Statement</u>: Apple believes that Affinity's claims should be dismissed in their entirety as a matter of law. To the extent any of Affinity's claims survive Apple's Motion to Dismiss, Apple will consider whether the remaining issues can be narrowed by agreement or by motion, and how to expedite the presentation of evidence at trial.

**15. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. SCHEDULING**

<u>Plaintiff's Statement</u>: Affinity does not believe entry of a case schedule should be deferred pending resolution of Apple's motion to dismiss, particularly because case deadlines can all be tied to the date on which the motion is resolved. Accordingly, Affinity requests entry of the following case schedule:

| EVENT | PLAINTIFF'S PROPOSED DEADLINE |
|---|---|
| Substantial Completion of Documents and Data | 180 days from Resolution of Motion to Dismiss |
| Class Certification Motion and Supporting Expert Report(s) | 270 days from Resolution of Motion to Dismiss |
| Class Certification Opposition and Supporting Expert Report(s) | 300 days from Resolution of Motion to Dismiss |
| Class Certification Reply and Expert Rebuttal Report(s) | 330 days from Resolution of Motion to Dismiss |
| Close of Fact Discovery | 45 days from ruling on Class Certification |
| Exchange of Merits Expert Report(s) | 60 days from ruling on Class Certification |

| | |
|---|---|
| Exchange of Merits Expert Response Report(s) | 90 days from ruling on Class Certification |
| Close of Expert Discovery | 14 days after Exchange of Merits Expert Response Report(s) |
| Dispositive and Related *Daubert* Motions | 35 days after Expert Discovery Cut-Off |
| Dispositive and Related *Daubert* Responses | 35 days after Dispositive and *Daubert* Motions |
| Dispositive and Related *Daubert* Replies | 35 days after Dispositive and *Daubert* Responses |
| Hearing on all Dispositive and *Daubert* Motions | To be set by the Court |
| Trial Date | TBD |

Defendant's Statement: For the reasons stated in Apple's pending Motion to Dismiss, ECF No. 32, and Motion to Stay Discovery, ECF No. 33, Apple believes that it is premature to set a schedule for this case.

17. **TRIAL**

Plaintiff's Statement: Affinity requests a jury trial. At this juncture, Affinity believes it is premature to estimate how many trial days will be required.

Defendant's Statement: For the reasons stated in Apple's pending Motion to Dismiss, ECF No. 32, and Motion to Stay Discovery, ECF No. 33, Apple believes that it is premature to set a trial date for this case.

18. **Disclosure of Non-Party Interested Entities or Persons**

Affinity filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15. *See* ECF No. 35. As of this date, there is no such interest to report.

Apple filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. *See* ECF No. 30. As of this date, there is no such interest to report.

19. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: October 14, 2022 | Respectfully submitted, |
| 2 | | **LATHAM & WATKINS LLP** |
| 3 | | By:  /s/ Belinda S Lee |
| 4 | |       Belinda S Lee |

Belinda S Lee (Cal. Bar No. 199635)
 belinda.lee@lw.com
Sarah M. Ray (Cal. Bar No. 229670)
 sarah.ray@l.com
Aaron T. Chiu (Cal. Bar No. 287788)
 aaron.chiu@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

Dated: October 14, 2022                    Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By  /s/ Steve W. Berman
     Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steveb@hbsslaw.com

Ben M. Harrington (SBN 313877)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com

**SPERLING & SLATER, P.C.**
Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Jeffrey Bergman (*pro hac vice*)
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile:  (312) 641-6492
ekelly@sperling-law.com
jvanek@sperling-law.com
jbergman@sperling-law.com

*Attorneys for Plaintiff and the Proposed Class*

**SIGNATURE ATTESTATION**

I, Belinda S Lee, am the ECF User whose identification and password are being used to file the foregoing Initial Joint Case Management Conference Statement. Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained.

Dated: October 14, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Belinda S Lee
Belinda S Lee
Attorney for Defendant Apple Inc.