Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Ben M. Harrington (SBN 313877)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com

Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile: (312) 641-6492
ekelly@sperling-law.com
jvanek@sperling-law.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No. 4:22-cv-04174-JSW<br><br>**OPPOSITION TO MOTION TO STAY DISCOVERY**<br><br>Date: January 6, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 5, 2nd Floor, Oakland<br>Judge: The Honorable Jeffrey S. White |

011032-12/1970736 V1

## I. PRELIMINARY STATEMENT

Every motion to dismiss can theoretically end the case. But if this possibility were enough to stay all discovery, as Apple contends, then discovery could never commence during the pendency of a motion to dismiss. The rule in this Circuit is precisely the opposite. By default, discovery proceeds in the normal course pending resolution of a Rule 12(b)(6) motion. Motions to stay are disfavored and granted only upon a showing of "good cause." Apple has not made that showing.

*First,* in determining whether to stay discovery, courts often entertain a "peek" at the pending dispositive motion and grant a stay only where facial pleading deficiencies make dismissal inevitable, or at least probable. That is not the case here. Apple's principal argument—that Affinity cannot plead a "single brand market"—was essentially rejected by this Court just months ago in a comparable action involving Apple. *See AliveCor, Inc. v. Apple Inc.*, 2022 WL 833628, at *7 (N.D. Cal. Mar. 21, 2022) (White, J.). Apple's remaining arguments—concerning market definition, market power, and tying—all interject factual questions that cannot properly be resolved at this stage. Dismissal is far from preordained. *See infra* Point IV.A.

*Second*, Apple cannot establish good cause for a stay because there are no pending discovery requests to stay, much less requests that could be characterized as unduly burdensome. Affinity has propounded no requests because Apple has declined to participate in the Rule 26(f) conference needed to initiate discovery. *See* Fed. R. Civ. P. 26(d)(1). Apple has not justified staying *all* discovery, sight unseen, without any particularized showing of disproportionality. And the fact is that Affinity intends to seek only targeted discovery during the pendency of Apple's motion to dismiss, as described further below. *See infra* Point IV.B.

Affinity does not oppose deferring the initial case management conference if that is the Court's preference. But in prior cases (*e.g.*, *Alivecor*), this Court has continued the conference while allowing discovery to progress in the interim. That is an efficient course, and Affinity respectfully submits it should be followed here.

## II. BACKGROUND

Affinity's complaint, filed July 18, 2022, asserts monopolization and tying claims under the Sherman Act. *See* ECF No. 1. As to monopolization, Affinity contends that Apple has excluded

OPPOSITION TO MOTION TO STAY - 1
Case No.: 4:22-cv-04174-JSW
011032-12/1970736 V1

rivals to unlawfully maintain a monopoly in the market for iOS Tap and Pay Mobile Wallets.  As to tying, Affinity alleges that by preventing rivals from offering competing digital wallets, Apple has tied Apple Pay to its iOS mobile devices.

After reassignment of this action, the Court set an initial case management conference for October 21, 2022.  *See* ECF No. 12.  Apple's counsel noticed appearances on September 23, 2022.  Four days later, Affinity requested that the parties schedule a Rule 26(f) conference so that a 26(f) statement could be submitted in accordance with the schedule set by the Court.  *See* Declaration of Ben M. Harrington ("Harrington Decl.") ¶ 3.  Apple's counsel declined to participate in a 26(f) conference, both in the parties' initial communications and in subsequent meet-and-confers on the issue.  *See id.* ¶¶ 3-5.  In these discussions, Affinity indicated its willingness to continue the case management conference, along with the submission of a 26(f) statement, provided discovery proceeded.  *See id.* ¶ 4.  Apple rejected that compromise and, on October 4, indicated its intent to request a blanket stay of all discovery pending resolution of its motion to dismiss.  *See id.* ¶ 5.

### III.     LEGAL STANDARD

A court may stay discovery only upon showing of "good cause" by the moving party.  Fed. R. Civ. P. 26(c)(1).  "Generally, such motions are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future."  *Otey v. CrowdFlower, Inc*., 2013 WL 1915680, at *1 (N.D. Cal. May 8, 2013).[1]  "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect."  *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co*., 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018).  They do not.

To secure a stay, the moving party "carries the heavy burden of making a strong showing why discovery should be denied."  *Smith v. Levine Leichtman Cap. Partners, Inc*., 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011) (White, J.).  As Apple notes, courts consider whether the pending motion (1) is "potentially dispositive of the entire case" and (2) "can be decided absent additional discovery."  *Id.*  But what Apple fails to mention is that these are necessary, not sufficient,

---

[1] Internal citation, ellipses, and bracket marks omitted here and throughout.

OPPOSITION TO MOTION TO STAY - 2
Case No.: 4:22-cv-04174-JSW
011032-12/1970736 V1

conditions to stay discovery.  Even "[w]ith both factors satisfied," courts must still consider "whether Defendants have demonstrated good cause to stay discovery."  *Id.* at *2 (denying motion to stay where two factors were satisfied but no good cause shown).  As part of this larger inquiry, courts often take a "preliminary peek" at the pending dispositive motion, with good cause being established only if the Court can "say with confidence" that the motion will be granted.  *See Anderson v. SeaWorld Parks & Ent., Inc.*, 2017 WL 6448206, at *2 (N.D. Cal. Dec. 18, 2017) (White, J.).

### IV.   ARGUMENT

Apple cannot demonstrate good cause to stay discovery for two independent reasons.  *First*, a peek at Apple's motion to dismiss does not reveal pleading deficiencies sufficient to stay discovery.  *Second*, having prevented discovery from being propounded, Apple cannot make the particularized showing of disproportionality needed for a stay.  Its motion is thus premature, at best.

**A.   Apple Is Unlikely to Prevail on its Motion to Dismiss.**

From a "peek" at Apple's motion to dismiss, it is far from apparent that Apple will secure a dismissal of Affinity's claims.  Apple's primary argument is that Affinity improperly pleads a "single brand market."  MTD at 6-9.  This is not the case.  The alleged product market—Tap and Pay iOS Mobile Wallets—is brand neutral.  *See* Compl. ¶ 108.  Regardless, Apple's "single brand" argument was rejected by this Court in *AliveCor*, 2022 WL 833628, at *7 (White, J.).  There, the Court held that parties can "plausibly assert a single-brand aftermarket at the pleading stage."  *See id.* (citing *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038 (9th Cir. 2008)).

To the extent necessary, Affinity has pleaded all elements of an aftermarket, as identified by this Court in *AliveCor*:

> [T]o plausibly assert a single-brand aftermarket at the pleading stage, a plaintiff must adequately allege that (1) the aftermarket is wholly derivative from the primary market; (2) illegal restraints of trade relate only to the aftermarket; (3) the defendant did not achieve market power in the aftermarket through contractual provisions that it obtains in the initial market; and (4) competition in the initial market does not suffice to discipline anticompetitive practices in the aftermarket.

*Id*.  Tracking these factors, Affinity alleges that the market for Tap-and-Pay iOS Mobile Wallets derives from the primary smartphone and mobile device markets in which Apple operates.  *See* Compl. ¶ 52.  The challenged restraint (foreclosure of rival wallets) relates only to the aftermarket.

OPPOSITION TO MOTION TO STAY - 3
Case No.: 4:22-cv-04174-JSW
011032-12/1970736 V1

*See id.* ¶ 48.  Apple's market power in the aftermarket was not secured contractually in the primary market.  *See id.* ¶ 46.  And competition in the primary market does not discipline Apple's practices in the aftermarket.  *See id.* ¶¶ 57-63.

Beyond advancing arguments this Court has largely rejected, Apple's motion to dismiss turns on numerous disputed issues of fact that cannot be resolved against Affinity on the pleadings.  Most of Apple's argument relates to market definition and market power.  *See* MTD at 6-10, 12-13.  At bottom, these are quintessentially factual issues.  *See Oahu Gas Serv., Inc. v. Pac. Res., Inc.*, 838 F.2d 360, 363 (9th Cir. 1988) ("Our previous decisions establish that both market definition and market power are essentially questions of fact.").  Apple also contends that no tying claim can be pled because Apple Pay is an "integrated component of Apple devices." MTD at 11.  This assertion of fact conflicts with Affinity's well-pleaded allegations, *see* Compl. ¶ 52, and cannot be credited on a motion to dismiss.  *See Ciuffitelli v. Deloitte & Touche LLP*, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016) (holding that discovery stay may be appropriate so long as "the pending dispositive motion does *not* raise fact issues" (emphasis added)).

Affinity does not suggest that the Court must prejudge Apple's motion to dismiss to determine whether a stay may issue.  It is enough to determine, based on a "peek," that Affinity can potentially state a claim for relief.  Because Affinity can state (and has stated) potentially viable claims, discovery should accordingly proceed in the ordinary course.  *See Anderson*, 2017 WL 6448206 (White, J.) (denying motion to stay where, based on a "preliminary peek," the Court was unable to "say with confidence that [defendant] will be able to show there are no material facts in dispute").

**B.      Apple Cannot Establish Good Cause For a Stay Because Its Motion is Premature.**

In determining whether good cause to stay discovery is present, Courts typically require a "particularized showing" as to the burdens of the discovery being pursued.  *See Optronic Techs., Inc.*, 2018 WL 1569811, at *2.  "Discovery is not stayed just because it imposes *some* burden." *Id.*  It should go without saying that courts "cannot evaluate the burden and proportionality of discovery until discovery has opened." *Allen v. Protective Life Ins. Co.*, 2020 WL 5074021, at *3 (E.D. Cal. Aug. 27, 2020).

OPPOSITION TO MOTION TO STAY - 4
Case No.: 4:22-cv-04174-JSW
011032-12/1970736 V1

Here, discovery has not opened because Apple has declined to participate in a 26(f) conference. In this posture, there simply is no discovery to stay. At a minimum, Apple's motion to stay must therefore be denied as premature. *See id.* (denying "as premature" motion to stay filed prior to 26(f) conference and the proper initiation of discovery). Once discovery commences, Apple will not be precluded from pursuing a stay in the event Affinity's actual discovery demands are overly burdensome. *See id.* But these issues cannot properly be resolved in a vacuum without any discovery request to assess.

And Affinity's discovery requests will not be overly burdensome. Had Apple participated in a 26(f) conference and allowed discovery to be propounded, it would have learned that Affinity is not envisioning immediate, full-tilt discovery during the pendency of Apple's motion to dismiss. Rather, Affinity intends to pursue a targeted production of core documents, while using the pendency of Apple's motion to dismiss to work through objections, negotiate discovery protocols, and narrow disputes so that more fulsome discovery can begin in earnest (and with minimal Court intervention) in the event Apple's motion to dismiss is denied. Affinity's proposed case schedule would give the parties six months to complete productions following a ruling on the motion to dismiss. *See* ECF No. 36 ¶ 17. Meeting this schedule would require progress during the pendency of the motion to dismiss, but without undue burden. This is the efficient, and proportional, path forward.

Notably, it is the path this Court followed recently in *AliveCor*, No. 4:21-cv-3958 (N.D. Cal.). There, the Court continued the case management conference pending resolution of Apple's motion to dismiss, but without foreclosing the parties from participating in a 26(f) conference and initiating discovery. *See id.*, ECF No. 28. Accordingly, during the pendency of Apple's dispositive motion, the parties exchanged initial disclosures, requests for production, interrogatories. *See id.*, ECF No. 55 at 1. And through meet-and-confers, the parties reached "substantial compromise and resolution of the vast majority of potential disputes over the scope of each side's respective document searches." *Id.* Thus, when the motion to dismiss was decided, limited disputes remained and the parties were positioned to advance the case without starting from square one. Apple has identified no reason, much less good cause, to do anything different here.

OPPOSITION TO MOTION TO STAY - 5
Case No.: 4:22-cv-04174-JSW
011032-12/1970736 V1

## V. CONCLUSION

While Affinity does not oppose a continuance of the initial case management conference, for reasons foregoing, Affinity respectfully requests that Apple's request to stay all discovery pending resolution of its motion to dismiss be denied.

DATED: October 14, 2022

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By  /s/ Steve W. Berman
    Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steveb@hbsslaw.com

Ben M. Harrington (SBN 313877)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com


**SPERLING & SLATER, P.C.**
Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Jeffrey Bergman (*pro hac vice*)
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile:  (312) 641-6492
ekelly@sperling-law.com
jvanek@sperling-law.com
jbergman@sperling-law.com

*Attorneys for Plaintiff and the Proposed Class*