LATHAM & WATKINS LLP
 Belinda S Lee (Cal. Bar No. 199635)
  belinda.lee@lw.com
 Sarah M. Ray (Cal. Bar No. 229670)
  sarah.ray@lw.com
 Aaron T. Chiu (Cal. Bar No. 287788)
  aaron.chiu@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION, GREENSTATE CREDIT UNION, and CONSUMERS CO-OP CREDIT UNION,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**<br><br>Date: April 21, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 5, 2nd Floor, Oakland<br>Judge: The Honorable Jeffrey S. White |

**NOTICE OF MOTION AND MOTION**

TO THIS HONORABLE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT on April 21, 2023 at 9:00 a.m. in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California, Defendant Apple Inc. ("Apple") will and hereby does move this Court for an Order:

1. Continuing the initial case management conference currently set for March 24, 2023 at 11:00 a.m. to a date and time after the Court has ruled on Apple's Motion to Dismiss Plaintiffs' Amended Class Action Complaint (hereinafter, "motion to dismiss"), ECF No. 44. Counsel for Apple and counsel for Plaintiffs met and conferred on March 3, 2023, and Plaintiffs do not oppose deferring the March 24, 2023 case management conference and the March 17, 2023 deadline to submit a case management conference statement.

2. Staying all disclosures and discovery until after the Court issues an order resolving Apple's pending motion to dismiss. *See* Fed. R. Civ. Proc. 26(c); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (White, J). Further stays also may be appropriate after the motion to dismiss is resolved based on specific considerations raised by the Court's ruling.

While counsel for Plaintiffs do not oppose a continuance of the March 24, 2023 case management conference and the March 17, 2023 deadline to submit a case management conference statement, they declined to stipulate to a continuance of these dates given their disagreement over whether discovery should proceed before resolution of Apple's motion to dismiss.

This Motion is based on this Notice of Motion and Motion to Stay Discovery, the attached Memorandum of Points and Authorities, the Declaration of Robin L. Gushman, all pleadings and papers filed herein, oral argument of counsel, and any other matter that may be considered by this Court on this Motion.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

III. BACKGROUND .................................................................................................................. 2

    A. Case History ............................................................................................................ 2

    B. The Parties' March 3, 2023 Meet and Confer ........................................................ 3

IV. THE AGREED-UPON REQUEST TO CONTINUE THE MARCH 24, 2023 CASE MANAGEMENT CONFERENCE ............................................................... 4

V. A STAY OF DISCOVERY AND DISCLOSURES IS APPROPRIATE ........................... 4

    A. Legal Standard ........................................................................................................ 4

    B. Apple's Pending Motion to Dismiss Could Dispose of the Entire Case ................................................................................................................. 5

    C. No Discovery Is Required to Decide Apple's Motion to Dismiss .......................... 6

VI. CONCLUSION ..................................................................................................................... 7

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apple, Inc. v. Psystar Corp.*,
   586 F. Supp. 2d 1190 (N.D. Cal. 2008) .................................................................................. 7

*Cellwitch, Inc. v. Tile, Inc.*,
   No. 4:19-cv-01315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) .............................. *passim*

*In re Graphics Processing Units Antitrust Litigation*,
   No. C 06-07417, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ................................... 2, 5, 7

*In Re Nexus 6p Product Liability Litigation*,
   No. 17-cv-2185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ................................... 7

*Jarvis v. Regan*,
   833 F.2d 149 (9th Cir. 1987) .................................................................................................. 5

*Liu v. TNC US Holdings*,
   No. 21-cv-07313-JSW (N.D. Cal. Feb. 23, 2022), ECF No. 42 ......................................... 2, 4

*Micron Technology, Inc. v. United Microelectronics Corp.*,
   No. 17-cv-06932-JSW, 2018 WL 7288018 (N.D. Cal. March 16, 2018) .................... *passim*

*Pacific Lumber Co. v. National Union Fire Insurance Co.*,
   220 F.R.D. 349 (N.D. Cal. 2003) ....................................................................................... 5, 7

*Reilly v. Apple Inc.*,
   578 F. Supp. 3d 1098 (N.D. Cal. 2022) ................................................................................. 5

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .................................................................................................. 2

*Suarez v. Beard*,
   No. 15-cv-05756-HSG, 2016 WL 10674069 (N.D. Cal. Nov. 21, 2016) .............................. 6

**RULES**

Federal Rule of Civil Procedure 26 ........................................................................................... 4

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

APPLE INC.'S MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

## I. INTRODUCTION

Discovery in antitrust cases is a notoriously expensive and burdensome undertaking. When an antitrust case rests on implausible claims, early deliberation of those claims on the pleadings can prevent that expensive undertaking altogether or, at the very least, provide the court an opportunity to implement guardrails to ensure whatever discovery does proceed is tailored and efficient. This is why courts have "discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss." *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019) (White, J). This case—which asserts causes of action for monopolization, attempted monopolization, and tying on behalf of all U.S. card issuers that willingly contracted with Apple to enable Apple Pay for their debit and credit cards—rests entirely on the implausible notion that Apple Pay, which is one payment method among many that consumers use every day to make purchases, somehow faces zero competition. As Apple explained in its motion to dismiss the Amended Complaint, Plaintiffs' claims are deficient. But the Court need not decide Apple's motion to dismiss to determine whether a stay of discovery is appropriate. Rather, a stay pending resolution of a motion to dismiss is appropriate where the motion to dismiss: (1) "is potentially dispositive of the entire case" and (2) can be decided "absent additional discovery." *Id.* Apple satisfies this two-factor test: its motion to dismiss, if granted, will dispose of the case entirely, and discovery will not assist the parties or the Court in resolving any of the arguments raised in Apple's motion, all of which rest on the infirmities in Plaintiffs' own allegations. Proceeding with discovery now, before resolving Apple's motion to dismiss, will only invite waste. There is good cause to stay discovery until the Court rules on Apple's motion to dismiss.

If the Court were to evaluate the merits of Apple's motion to dismiss in determining whether to stay discovery, there is further good cause because Apple is likely to prevail. Apple's first motion to dismiss Plaintiffs' original complaint identified numerous pleading deficiencies. *See* ECF No. 32. Rather than oppose the motion, Plaintiffs amended their complaint. Despite the benefit of Apple's arguments in favor of dismissal, Plaintiffs' Amended Complaint still fails to state a claim. As set forth in Apple's latest motion to dismiss, the Amended Complaint continues

to suffer from the same legal deficiencies as before, which require dismissal. *See generally* ECF No. 44. Starting discovery before resolving Apple's motion to dismiss risks the unnecessary yet significant expense of discovery into claims that the Court should ultimately dismiss. "It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). At the very least, prioritizing the resolution of Apple's motion will clarify the issues and "shed light on the best course for discovery," *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007), if any claims survive dismissal.

Plaintiffs do not oppose continuing the March 24, 2023 case management conference and the March 17, 2023 deadline to submit an initial joint case management statement until after the Court rules on Apple's pending motion to dismiss. For the sake of judicial and party economy, this Court should also stay all disclosures and discovery, as it has done numerous times before. *See, e.g., Liu v. TNC US Holdings*, No. 21-cv-07313-JSW (N.D. Cal. Feb. 23, 2022), ECF No. 42 (granting motion to stay discovery pending resolution of motion to dismiss); *Cellwitch*, 2019 WL 5394848, at *2 (same); *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018, at *2 (N.D. Cal. March 16, 2018) (same).

## II.    STATEMENT OF ISSUES TO BE DECIDED

Does the case-dispositive nature of Apple's pending motion to dismiss, ECF No. 44, and the lack of a need for discovery to decide the motion establish good cause for a stay of discovery?

## III.    BACKGROUND

### A.    Case History

Plaintiff Affinity Credit Union ("Affinity") filed its Complaint on July 18, 2022. ECF No. 1. On August 2, 2022, the Parties stipulated to an extension of time for Apple to respond to Affinity's Complaint, continuing the deadline for Apple's motion to dismiss to October 7, 2022, Affinity's opposition to November 18, 2022, and Apple's reply to December 9, 2022. ECF No. 15. On October 7, Apple filed its motion to dismiss and a concurrent motion to stay discovery. ECF Nos. 32, 33. On October 14, Affinity filed its opposition to Apple's motion to stay discovery.

ECF No. 37. Three days later, on October 17, the Court issued an order continuing the October 21, 2022 case management conference to February 3, 2023, "in light of the pending motion to dismiss and motion to stay discovery." ECF No. 38. On October 21, 2022, Affinity filed a notice of intent to amend its Complaint (ECF No. 39), and filed an Amended Complaint on October 28, 2022, adding two additional named plaintiffs, among other changes (ECF No. 40). In response, Apple withdrew its motion to dismiss and motion to stay discovery on the same day. ECF No. 41.

On November 7, 2022, the Parties stipulated to an amended case schedule, continuing the deadline for Apple's response to Plaintiffs' Amended Complaint to November 23, 2022, the deadline for Plaintiffs' opposition to January 11, 2023, and the deadline for Apple's reply to February 6, 2023. ECF No. 42. Accordingly, Apple filed its motion to dismiss Plaintiffs' Amended Complaint on November 23, 2022 (ECF No. 44), Plaintiffs filed their opposition on January 11, 2023 (ECF No. 45), and Apple filed its reply on February 6, 2023 (ECF No. 46). On February 22, 2023, the Court vacated the hearing on Apple's motion to dismiss, previously set for February 24, 2023, and indicated it would issue a written decision on the papers. ECF No. 47.

Following service of the Complaint, Apple took steps to preserve any relevant discovery that Plaintiffs may seek in the future. Given that Plaintiffs' claims pertain largely to strategy decisions made several years in the past—including in and around the launch of Apple Pay in 2014—it is likely that the majority of relevant materials in this case will be historical in nature. Apple has already issued document retention notices to its employees, thereby preserving existing documents and any other documents that might be relevant and discoverable. Decl. of Robin L. Gushman in Supp. of Mot. to Stay Discovery ("Gushman Decl.") ¶ 3.

**B.      The Parties' March 3, 2023 Meet and Confer**

On February 20, 2023, Plaintiffs' counsel contacted Apple's counsel proposing that the Parties hold a Rule 26(f) conference. Gushman Decl. ¶ 4. Apple's counsel responded indicating that Apple was willing to meet and confer, but that in light of the Court's previous continuation of the initial case management conference pending Apple's initial motion to dismiss, Apple's position remained that the initial case management conference and all associated requirements, including the commencement of discovery, should be stayed until after the Court resolves Apple's motion

to dismiss. *Id.* The Parties met and conferred on March 3, 2023, during which Apple proposed deferring the Parties' Rule 26(f) conference, the March 17, 2023 deadline to submit a joint case management statement, the March 24, 2023 Case Management Conference, and all disclosures and discovery in light of Apple's pending motion to dismiss, and consistent with this Court's prior practice.[1] *Id.* ¶ 5. While Plaintiffs indicated they had no objection to a continuance of the initial case management conference and the deadline to submit a joint case management statement, they rejected Apple's proposal to stay discovery until after the Court resolved Apple's motion to dismiss. *Id.* Plaintiffs indicated instead that they want to commence discovery. *Id.* Apple's counsel reiterated that the Court had previously continued the initial case management conference (and corresponding Rule 26(f) conference and discovery) pending resolution of Apple's original motion to dismiss and had proceeded similarly in other cases. *Id.* Rather than agree to stipulate to continue the initial case management conference and the submission of a joint case management statement (despite having no objection to such a continuance), Plaintiffs insisted that Apple brief a motion to stay discovery. *Id.*

## IV. THE AGREED-UPON REQUEST TO CONTINUE THE MARCH 24, 2023 CASE MANAGEMENT CONFERENCE

Plaintiffs do not oppose deferring the March 24, 2023 case management conference and the March 17, 2023 deadline to submit an initial joint case management statement until after the Court rules on Apple's motion to dismiss. *Id.* Accordingly, Apple respectfully requests that the Court continue those dates pending resolution of Apple's motion to dismiss.

## V. A STAY OF DISCOVERY AND DISCLOSURES IS APPROPRIATE

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(c), the Court may issue a protective order staying discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "District courts have broad discretion to stay discovery pending the resolution of dispositive motions, including motions to

---

[1] *See, e.g., Liu*, No. 21-cv-07313-JSW, ECF No. 42 (granting motion to stay discovery pending resolution of motion to dismiss); *Cellwitch*, 2019 WL 5394848, at *2 (same); *Micron Tech.*, 2018 WL 7288018, at *2 (same).

dismiss under Rule 12(b)(6)." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *2 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)). A stay of disclosures and discovery pending the resolution of a Rule 12(b)(6) motion is appropriate where, as here, there is no "compelling need for prompt discovery, such as might be the case if provisional relief were being sought or if testimony needed to be preserved due to ill health of a witness" and "adjudicating the motion[] to dismiss will shed light on the best course for discovery." *Id.* at *5.

In deciding whether there is good cause to stay discovery, courts consider two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the court can decide the pending dispositive motion absent additional discovery. *Cellwitch*, 2019 WL 5394848, at *1 (citing *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)); *see also Micron Tech.*, 2018 WL 7288018, at *1. If the answer to these two questions is yes, the Court may issue a protective order. *Cellwitch*, 2019 WL 5394848, at *1. Both elements are easily satisfied here.

**B.    Apple's Pending Motion to Dismiss Could Dispose of the Entire Case**

*First*, Apple satisfies the first prong of the two-part test for determining whether there is good cause to stay discovery, because its motion to dismiss has "the potential to be dispositive." *See Cellwitch*, 2019 WL 5394848, at *2. Plaintiffs assert three causes of action. Two are claims under Section 2 of the Sherman Act, alleging that Apple monopolizes and attempts to monopolize "the market for tap-and-pay mobile wallets on iOS." ECF No. 40 ¶¶ 11, 161–181. Plaintiffs also assert a tying claim under Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 & 3, alleging that Apple "unlawfully 'tied' two of its products together—namely, its mobile devices and its mobile wallet—by compelling iOS users to use its mobile wallet product exclusively." ECF No. 40 ¶¶ 10, 150–160.

Apple's pending motion seeks dismissal of all three of Plaintiffs' causes of action, and therefore would dispose of Plaintiffs' entire case if granted. Plaintiffs premise both of their Section 2 claims upon an implausible, single-brand market—which courts in this circuit have identified as "extremely rare," *Reilly v. Apple Inc.*, 578 F. Supp. 3d 1098, 1107 (N.D. Cal. 2022)— while also failing to reference obvious economic substitutes for the product underlying that alleged

single brand market. Plaintiffs' failure to plausibly allege a relevant market necessitates dismissal of those claims under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' new assertion that Apple Pay is its own aftermarket is similarly deficient, given that (i) Apple device users are (as Plaintiffs admit) not required to use Apple Pay to make payments and are therefore not locked-in, as required for an aftermarket claim; (ii) Apple Pay has never been a standalone product that consumers may purchase separately from an Apple device; (iii) there have never been any changes to Apple Pay policies or fees since it debuted in 2014; and (iv) the only restriction of which Plaintiffs complain is one that they contractually agreed to with Apple. *See* ECF No. 44 at 10–12; ECF No. 46 at 7–10. This failure to plead the existence of a single-brand market limited to Apple Pay (which also serves as Plaintiffs' alleged tied product market) likewise dooms their tying claim, which fails for numerous additional reasons: Plaintiffs lack standing to bring it; Apple device users are not required to (and many do not) use Apple Pay and are not precluded from using competing payment methods; and Apple Pay is not a "separate and distinct" product from Apple's devices. In any event, Plaintiffs' failure to plausibly allege anticompetitive harm or conduct warrants dismissal of all three of Plaintiffs' causes of action. *See generally* ECF Nos. 44, 46.

The Court does need not to decide the merits of Apple's motion to dismiss in order to grant this motion to stay discovery. *See Micron Tech.*, 2018 WL 7288018, at *2 (noting that the Court need not provide an opinion on the merits of a motion to dismiss when staying discovery). The only question now is whether the bases for dismissal raised in Apple's motion, if granted, would dispose entirely of Plaintiffs' case. The answer is yes. Apple therefore satisfies the first of the two factors justifying a discovery stay. *See Cellwitch*, 2019 WL 5394848, at *2 (granting motion to stay discovery pending motion to dismiss where the motion had the potential to be dispositive); *Suarez v. Beard*, No. 15-cv-05756-HSG, 2016 WL 10674069, at *2 (N.D. Cal. Nov. 21, 2016) (granting motion to stay discovery pending resolution of motion to dismiss).

### C. No Discovery Is Required to Decide Apple's Motion to Dismiss

*Second*, Apple's motion to dismiss can also be decided entirely upon the pleadings and without the need for discovery. All of the bases for dismissal are premised on the implausibility and contradictions of Plaintiffs' allegations within the four corners of their Amended Complaint,

and do not require looking to anything beyond that, much less discovery. Namely, Plaintiffs' claims cannot survive because they are based upon internally contradictory allegations which themselves confirm that, contrary to Plaintiffs' alleged single-brand market, Apple Pay does in fact compete with many alternatives. *See generally* ECF Nos. 44, 46. Claims premised solely on allegations of this sort must be dismissed. *See Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1198-200 (N.D. Cal. 2008) (dismissing claim where allegations were "internally contradictory"). No discovery is required to resolve these dispositive issues underlying Apple's motion. *See*, *e.g.*, *Micron Tech.*, 2018 WL 7288018, at *2 (staying discovery where pending motion to dismiss did not require discovery for resolution); *In Re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) ("[t]he Court also notes that the pending motions to dismiss . . . can be decided without additional discovery."). Nor is there "any compelling need for prompt discovery, such as might be the case if provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5. Apple therefore satisfies the second factor of the relevant test for determining whether a stay of discovery is warranted. *See Pac. Lumber*, 220 F.R.D. at 352. A stay of discovery is therefore appropriate. *See Micron Tech.*, 2018 WL 7288018, at *2 (staying Rule 26(b) discovery until resolution of motion to dismiss based on satisfaction of both factors).

## VI. CONCLUSION

For all the reasons set forth above, the Court should stay discovery pending resolution of Apple's motion to dismiss Plaintiffs' Amended Complaint.

| | |
|---|---|
| Dated: March 10, 2023 | LATHAM & WATKINS LLP<br>By:  /s/ *Belinda S Lee*<br>         Belinda S Lee<br><br>Belinda S Lee (Cal. Bar No. 199635)<br> belinda.lee@lw.com<br>Sarah M. Ray (Cal. Bar No. 229670)<br> sarah.ray@lw.com<br>Aaron T. Chiu (Cal. Bar No. 287788)<br> aaron.chiu@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: +1.415.391.0600<br><br>*Attorneys for Defendant Apple Inc.* |