LATHAM & WATKINS LLP
   Belinda S Lee (Cal. Bar No. 199635)
    belinda.lee@lw.com
   Sarah M. Ray (Cal. Bar No. 229670)
    sarah.ray@lw.com
   Aaron T. Chiu (Cal. Bar No. 287788)
    aaron.chiu@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION, GREENSTATE CREDIT UNION, and CONSUMERS CO-OP CREDIT UNION,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**<br><br>Date:   April 21, 2023<br>Time:  9:00 a.m.<br>Place:  Courtroom 5, 2nd Floor, Oakland<br>Judge: The Honorable Jeffrey S. White |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Apple's Motion to Dismiss Is Potentially Dispositive of the Case ........................ 2

    B. There Is Good Cause to Stay Discovery ................................................................ 5

III. CONCLUSION ................................................................................................................... 8

LATHAM&WATKINS LLP  
ATTORNEYS AT LAW  
SAN FRANCISCO

i

APPLE INC.'S REPLY ISO  
MOT. TO STAY DISCOVERY  
CASE NO. 4:22-cv-04174-JSW

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AliveCor, Inc. v. Apple Inc.*,
  No. 21-cv-03958-JSW, 2022 WL 833628 (N.D. Cal. Mar. 21, 2022) ................................... 3

*AliveCor, Inc. v. Apple Inc.*,
  No. 4:21-cv-3958 (N.D. Cal.), ECF No. 105 ...................................................................... 7

*AliveCor, Inc. v. Apple Inc.*,
  No. 4:21-cv-3958 (N.D. Cal.), ECF No. 91 ........................................................................ 7

*Allen v. Protective Life Ins. Co.*,
  No. 1:20-cv-00530, 2020 WL 5074021 (E.D. Cal. Aug. 27, 2020) ....................................... 7

*Anderson v. SeaWorld Parks & Ent., Inc.*,
  No. 15-cv-02172-JSW, 2017 WL 6448206 (N.D. Cal. Dec. 18, 2017) ................................. 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 1

*Cellwitch, Inc. v. Tile, Inc.*,
  No. 4:19-cv-01315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ............................... 1, 2, 3

*Estate of Jackson v. City of Modesto*,
  No. 1:21-cv-00415-AWI-EPG, 2021 WL 5989754 (E.D. Cal. Dec. 17, 2021) .................... 7

*Hicks v. PGA Tour, Inc.*,
  897 F.3d 1109 (9th Cir. 2018) ............................................................................................ 4

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  No. 3:07-cv-05944, 2014 WL 5473236 (N.D. Cal. Sept. 8, 2014) ....................................... 6

*In re German Auto. Mfrs. Antitrust Litig.*,
  612 F. Supp. 3d 967 (N.D. Cal. 2020), *aff'd*, No. 20-17139, 2021 WL
  4958987 (9th Cir. Oct. 26, 2021) ........................................................................................ 4

*In re Graphics Processing Units Antitrust Litig.*,
  No. 06-cv-07417, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ...................................... 5, 7

*In re Interest Rate Swaps Antitrust Litig.*,
  No. 16-md-2704, 2018 WL 5919515 (S.D.N.Y. Nov. 13, 2018) ......................................... 6

*In Re Nexus 6p Product Liability Litig.*,
  No. 17-cv-2185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ............................. 3, 7

*In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
  No. 05-MD-1720, 2010 WL 3420517 (E.D.N.Y. Aug. 27, 2010) ....................................... 6

*In re Qualcomm Antitrust Litig.*,
  No. 17-md-02773, 2018 WL 10731128 (N.D. Cal. March 26, 2018) .................................. 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

*In re Rubber Chemicals Antitrust Litig.*,
  486 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................................... 6

*In re SRAM Antitrust Litig.*,
  No. 07-md-1819, Dkt. 624 (N.D. Cal. Jan. 5, 2009) ............................................................ 6

*Liu v. TNC US Holdings*,
  No. 21-cv-07313-JSW (N.D. Cal. Feb. 23, 2022), ECF No. 42 ........................................... 1

*Merritt v. JPMorgan et al.*,
  No. 5:17-cv-06101-LHK, Dkt. 83 (N.D. Cal. Feb. 23, 2018) ............................................... 7

*Micron Tech., Inc. v. United Microelectronics Corp.*,
  No. 17-cv-06932-JSW, 2018 WL 7288018 (N.D. Cal. March 16, 2018) ......................... 1, 2

*Reilly v. Apple Inc.*,
  578 F. Supp. 3d 1098 (N.D. Cal. 2022) ............................................................................... 4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

## I. INTRODUCTION

Antitrust discovery is often broad, time-consuming, and expensive. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). That is why courts in this District routinely stay discovery in antitrust cases pending resolution of a motion to dismiss. Plaintiffs offer two arguments why their case is supposedly different. First, they argue that their claims might survive Apple's pending Motion to Dismiss. Second, they claim that the discovery they intend to seek during the pendency of the motion to dismiss—documents and information exchanged with European and other (unidentified) regulators, along with initial disclosures, organizational charts, "written discovery requests," and a nebulous "anonymized data sample"—is not "unduly burdensome." Opp'n to Mot. to Stay Discovery ("Opp'n"), ECF No. 53 at 1. The first argument fails for all the reasons identified in Apple's moving papers: allowing Plaintiffs to proceed with any discovery at this time—when Apple's Motion to Dismiss has the potential to dispose of the entire case—would be wasteful. Plaintiffs' second argument likewise fails because it rests on the fiction that the discovery sought will impose only a "minimal" burden on Apple. *Id.* at 6. Not so. Undertaking a responsiveness and privilege review of information exchanged with regulators pursuant to non-U.S. substantive and privilege laws is a massive project that Apple should not have to undertake while its Motion to Dismiss is pending. And it makes little sense for the parties to expend substantial time preparing initial disclosures, negotiating written discovery, or attempting to work out a data sampling protocol when the scope of the case remains unclear.

For the sake of judicial and party economy, the Court should exercise its discretion to stay discovery until after it has resolved Apple's Motion to Dismiss, as it has in numerous similar circumstances. *See, e.g.*, *Liu v. TNC US Holdings*, No. 21-cv-07313-JSW (N.D. Cal. Feb. 23, 2022), ECF No. 42 (granting motion to stay discovery pending resolution of motion to dismiss); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (same); *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018, at *2 (N.D. Cal. March 16, 2018) (same).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

## II. ARGUMENT

### A. Apple's Motion to Dismiss Is Potentially Dispositive of the Case

In opposing Apple's Motion to Stay, Plaintiffs mischaracterize the legal standard for a discovery stay. They cherry-pick language from this Court's order in *Anderson v. SeaWorld Parks & Entertainment, Inc.* to claim, incorrectly, that Apple can show good cause for a discovery stay "only if the Court can 'say with confidence' that the motion [to dismiss] will be granted." Opp'n at 3 (quoting *Anderson v. SeaWorld Parks & Ent., Inc.*, No. 15-cv-02172-JSW, 2017 WL 6448206, at *2 (N.D. Cal. Dec. 18, 2017)). This is not what *Anderson* says or what the law requires.

*Anderson* involved a belated request for a discovery stay in an entirely different posture than here. The parties in that case had already engaged in discovery for nearly *one year* when the defendant moved to stay further discovery pending resolution of its motion for summary judgment. *Anderson*, 2017 WL 6448206, at *1. This Court took a "preliminary peek" at the summary judgment motion and concluded that it could not "say with confidence that [defendant] will be able to show there are no material facts in dispute or that resolution of the motion will not raise issues about the Plaintiffs' credibility." *Id.* at *2. In so ruling, this Court certainly did *not* hold as a general matter that good cause to stay discovery exists "only if the Court can 'say with confidence'" that it will grant the pending dispositive motion. *See* Opp'n at 3. And, if anything, the posture in *Anderson* actually supports a discovery stay, because the court ruled on the defendant's motion to dismiss—and narrowed the issues—*before* any discovery took place. *Anderson*, 2017 WL 6448206, at *1. *Anderson* ultimately has little relevance here, where (i) no discovery has taken place, and (ii) the case is at the motion to dismiss stage, not summary judgment.

The law is clear that the Court does not need to determine that Apple's Motion to Dismiss will succeed on the merits to stay discovery. The relevant inquiry centers on whether the motion to dismiss is *potentially dispositive* of the case. *See Cellwitch*, 2019 WL 5394848, at *2 ("While the Court does not provide an opinion on the merits of the pending motion to dismiss, the Court concludes that the motion has the potential to be dispositive."); *Micron*, 2018 WL 7288018, at *2 ("The Court is not providing an opinion [on] the merits of the motion to dismiss. Having taken a

preliminary look at the motion, the Court concludes that [defendant] has satisfied the first prong of the *Pacific Lumber* test."); *In Re Nexus 6p Product Liability Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (granting motion to stay and recognizing that, although the question of personal jurisdiction may ultimately be resolved otherwise, "the Court is satisfied that the personal jurisdiction argument is potentially dispositive of the entire case"). Notably, Plaintiffs do not dispute that Apple satisfies both of the factors establishing good cause to stay discovery: (i) Apple's Motion to Dismiss—which seeks dismissal of all three of Plaintiffs' causes of action—would dispose of the entire case if granted; and (ii) the Motion to Dismiss can be decided without discovery. *See Cellwitch*, 2019 WL 5394848, at *2. That is enough for this Court to grant a stay.

Even if it were necessary, a "preliminary peek" at Apple's Motion to Dismiss demonstrates that Plaintiffs' claims are not viable. Plaintiffs' Opposition does not even mention the pleading deficiency that dooms all three of its causes of action: the failure to plausibly allege any market-wide anticompetitive effects. *See* Apple Inc.'s Mot. to Stay Discovery ("Mot. to Stay"), ECF No. 48 at 6; Apple Inc.'s Mot. to Dismiss Pls.' Am. Class Action Compl. ("Mot. to Dismiss"), ECF No. 44 at 14–15. Plaintiffs' failure to address this independent basis for dismissing every claim in the Amended Complaint is fatal to any argument that a "peek" at Apple's Motion to Dismiss could somehow demonstrate that the Amended Complaint might survive. *See* Opp'n at 3.

Plaintiffs' Opposition instead focuses on Apple's argument that Plaintiffs' monopolization claims fail because they are premised upon an implausible single-brand market limited to Apple Pay. Opp'n at 4–5. Plaintiffs assert that Apple is unlikely to prevail on its Motion to Dismiss because this Court held in *AliveCor, Inc. v. Apple Inc.*, No. 21-cv-03958-JSW, 2022 WL 833628 (N.D. Cal. Mar. 21, 2022), that parties can "plausibly assert a single-brand aftermarket at the pleading stage." Opp'n at 4. But Plaintiffs ignore key differences between their allegations and those in *AliveCor*. In *AliveCor*, the Court found that the plaintiff's complaint pled "a plausible aftermarket for watchOS apps that is derivative from and dependent on the primary device market." *AliveCor*, 2022 WL 833628, at *7. Here, Plaintiffs make conclusory and contradictory allegations in an effort to check the boxes for an aftermarket claim. *See* Mot. to Dismiss at 10.

1  This is insufficient, and Plaintiffs' own allegations doom the claim. For example, Plaintiffs allege
2  that nearly half of iPhone users *do not even activate Apple Pay*. Am. Compl. ¶ 64. This admission
3  confirms that those customers use a payment method *other* than Apple Pay to make purchases, and
4  therefore are not locked into Apple Pay, the so-called aftermarket product. These admissions—in
5  Plaintiffs' own complaint—are fatal to their aftermarket claim. *See* Apple Inc.'s Reply in Support
6  of Mot. to Dismiss Pls.' Am. Class Action Compl. ("Reply"), ECF No. 46 at 7–8.

7         Finally, Plaintiffs are wrong that Apple's Motion to Dismiss "turns on numerous disputed
8  issues of fact that cannot be resolved against Plaintiffs on the pleadings." Opp'n at 4. Apple's
9  arguments relating to market definition and market power are rooted in the deficiencies found
10 entirely within the Amended Complaint. For example, Plaintiffs' own allegations that
11 (1) numerous consumers with Apple devices *do not* use Apple Pay to make payments, and
12 (2) many issuers *do not* offer Apple Pay to their credit card customers given its cost, fatally
13 undermine their single-brand market definition and confirm that Apple Pay is one of a number of
14 payment methods available to consumers, merchants, and card issuers. *See* Reply at 5–6. If a
15 complaint is deficient on its face, failure to plead a plausible market definition and market power
16 are issues that can be resolved on the pleadings.[1] Likewise, Apple's arguments relating to
17 Plaintiffs' tying claim do not turn on any "assertion of fact." Opp'n at 5. Rather, allegations in
18 Plaintiffs' own Amended Complaint establish that Apple Pay is an integrated component of Apple
19 devices, thus precluding a tying claim. *See* Mot. to Dismiss at 13. Nothing in the Motion to
20 Dismiss requires looking beyond the contradictory and implausible allegations in the Amended
21 Complaint.

---

[1] *See, e.g.*, *Reilly v. Apple Inc.*, 578 F. Supp. 3d 1098, 1109 (N.D. Cal. 2022) (dismissing complaint that relied on implausible single-brand market despite plaintiff's claims that the "boundaries [of the market] can be refined through discovery"); *In re German Auto. Mfrs. Antitrust Litig.*, 612 F. Supp. 3d 967, 980 (N.D. Cal. 2020) (dismissing antitrust claims where plaintiffs' "efforts to plead a relevant market [were] facially deficient" and their proposed market was "belied by [their] own allegations"), *aff'd*, No. 20-17139, 2021 WL 4958987 (9th Cir. Oct. 26, 2021); *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1123 (9th Cir. 2018) (affirming dismissal where plaintiffs' "proposed product markets [were] 'facially unsustainable' because they fail[ed] to include many 'reasonabl[y] interchangeab[le]' products").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

### B. There Is Good Cause to Stay Discovery

In addition to satisfying the two-factor test for a stay of discovery, Apple demonstrates good cause under Federal Rule of Civil Procedure 26(c)(1). Plaintiffs wrongly contend that there is no good cause for a stay because they have not served discovery, and the discovery they plan to serve will be limited to "re-production of documents Apple has already provided to, or received from, the European Commission or other regulators investigating its Apple Pay product," plus "initial disclosures, organization charts, . . . written discovery requests," and "an anonymized data sample." Opp'n at 6. Plaintiffs moot their own claim of prematurity by setting forth in detail the discovery they intend to seek—and that discovery is not limited, as Plaintiffs claim.

*First*, a request for documents that Apple has provided to the European Commission and other regulators would impose significantly more than a "minimal" burden. *See In re Graphics Processing Units Antitrust Litig.*, No. 06-cv-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (granting motion to stay discovery where plaintiffs requested discovery of only documents the defendants had already produced to the Department of Justice). Beyond fundamental objections to the relevance of documents submitted to a European agency in connection with an investigation under European—and not U.S.—antitrust law, Apple also could raise "various objections . . . that might be assertable against plaintiffs that were unasserted against the [European commission]" or other regulators, each of which "would take time to evaluate." *Id*. This is especially true where the information previously exchanged was pursuant to non-U.S. substantive and privilege laws. "[T]he compelled act of turning records over to the government pursuant to the subpoena does not mean that everyone else has an equal right to rummage through the same records." *Id.* Apple still has a "legitimate interest in maintaining the confidentiality of [its] records," and while "this interest may eventually have to yield to civil discovery interests," "whether and the extent to which this should occur will be best decided after ruling on the Rule 12 motion[]." *Id*. At that point, if any claims survive dismissal, the issues will at least be clarified, "shed[ding] light on the best course for discovery." *Id.*

*Second*, Plaintiffs' request would implicate serious comity concerns, inviting further objections from Apple and, potentially, from the foreign regulators whose enforcement efforts

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

might be impaired by Plaintiffs' request.[2]  *See In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-MD-1720, 2010 WL 3420517, at *5 (E.D.N.Y. Aug. 27, 2010) ("Disclosure of information from the Commission file in the context of private litigation in third country jurisdictions, in particular of information voluntarily submitted during the investigation, may seriously undermine the effectiveness of public antitrust enforcement.").  Plaintiffs apparently intend to seek information both provided to, and received from, the European Commission.  Plaintiffs' request "would be tantamount to invading the confidential processes of the [foreign regulators]," impairing their ability to enforce their competition laws.  *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944, 2014 WL 5473236, at *3 (N.D. Cal. Sept. 8, 2014) (recommending denial of broad request for all documents defendant produced to the European Commission).  For these and similar reasons, numerous courts have denied broad requests for documents produced to or received from foreign investigative bodies, like the request Plaintiffs propose here.  *See id.*; *In re SRAM Antitrust Litig.*, No. 07-md-1819 (N.D. Cal. Jan. 5, 2009), ECF No. 624 (denying request for "[d]ocuments produced to foreign investigative bodies.").[3]

Plaintiffs' further planned requests to exchange initial disclosures, produce organizational charts, negotiate "written discovery requests," and compile an "anonymized data sample" would also impose more than a "minimal" burden.  With the scope of the case unclear at this juncture, the parties likely would spend substantial time and effort attempting to agree on the appropriate parameters of written discovery and data sampling.  Further, given the potentially (and even likely) dispositive nature of Apple's Motion to Dismiss, *any* discovery would be unduly burdensome at

---

[2] Comity is the recognition by one nation of "the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the right of its own citizens."  *In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007).

[3] Courts are particularly wary of allowing parties to discover—as Plaintiffs apparently intend to do here—Statements of Objections and other materials prepared by the European Commission in connection with its investigations.  *See In re Interest Rate Swaps Antitrust Litig.*, No. 16-md-2704, 2018 WL 5919515, at *1, 3 (S.D.N.Y. Nov. 13, 2018) (holding that a statement of objections which was "undisputedly confidential" was "clearly protected from disclosure in a U.S. litigation"); *In re Qualcomm Antitrust Litig.*, No. 17-md-02773, 2018 WL 10731128, at *3 (N.D. Cal. March 26, 2018) (denying request to order Qualcomm to produce unredacted version of the final European Commission decision); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 2010 WL 3420517, at *9 (denying motion to compel recording of oral hearing and statement of objections, noting that the European Commission's "interests would be significantly undermined if its confidentiality rules were disregarded by American courts").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

this juncture. Indeed, courts reject even *targeted* discovery requests when a motion is potentially dispositive of the case and might limit the scope of discovery. *See, e.g.*, *Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5; *In re Nexus 6p Products Liability Litig.*, 2017 WL 3581188 at *2.

Nothing in *AliveCor* or *Allen* supports a different result here. *See* Opp'n at 4–6. In *AliveCor*, Apple *did not seek to stay discovery* during the pendency of its motion to dismiss, so the fact that the parties "exchanged initial disclosures, requests for production, [and] interrogatories" is irrelevant to whether there is good cause to stay discovery here. *See* Opp'n at 5.[4] In *Allen*, the court denied the defendants' motion to stay discovery as "premature," but effectively stayed discovery for several months by "continu[ing] the scheduling conference," which meant that, "by operation of the Federal Rules of Civil Procedure, no discovery [would] be permitted before the parties have conferred 21 days before the scheduling conference." *Allen v. Protective Life Ins. Co.*, No. 1:20-cv-00530, 2020 WL 5074021, at *3 (E.D. Cal. Aug. 27, 2020). The court explained that it continued the scheduling conference "*to allow the pleadings to settle so the parties know exactly what discovery issues remain*"—i.e., to give the court an opportunity to resolve the motion to dismiss. *Id.* (emphasis added). That is exactly what should happen here. *See, e.g.*, *Estate of Jackson v. City of Modesto*, No. 1:21-cv-00415-AWI-EPG, 2021 WL 5989754, at *3 (E.D. Cal. Dec. 17, 2021) (staying discovery while motion to dismiss was pending and prior to service of discovery); *Merritt v. JPMorgan et al.*, No. 5:17-cv-06101-LHK (N.D. Cal. Feb. 23, 2018), ECF No. 83 (granting motion to stay discovery and continuing Rule 26(f) conference pending resolution of motion to dismiss).

---

[4] Over one year later, Apple did request a limited stay of discovery in its opposition to AliveCor's motion for leave to amend. *See AliveCor*, No. 4:21-cv-3958 (N.D. Cal.), ECF No. 91 at 14–15. On October 18, 2022, this Court granted AliveCor's motion for leave to amend and denied Apple's request to stay discovery pending resolution of its anticipated motion to dismiss the new claims, stating that "Apple has not shown that a stay of discovery is warranted at this time." *Id.*, ECF No. 105 at 4. This decision has no bearing on the instant case, where the procedural posture is significantly different. In *AliveCor*, Apple answered the complaint and the parties engaged in substantial discovery over the course of a year before Apple requested a stay. Here, the Court has not even held the initial case management conference, and discovery has not begun.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW

## III. CONCLUSION

For the reasons set forth above and in Apple's Motion to Stay Discovery, the Court should stay discovery pending resolution of Apple's Motion to Dismiss Plaintiffs' Amended Complaint.

Dated: March 31, 2023

LATHAM & WATKINS LLP

By: /s/ Belinda S Lee
      Belinda S Lee

Belinda S Lee (Cal. Bar No. 199635)
 belinda.lee@lw.com
Sarah M. Ray (Cal. Bar No. 229670)
 sarah.ray@lw.com
Aaron T. Chiu (Cal. Bar No. 287788)
 aaron.chiu@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

APPLE INC.'S REPLY ISO
MOT. TO STAY DISCOVERY
CASE NO. 4:22-cv-04174-JSW