1   LATHAM & WATKINS LLP
        Belinda S Lee (Cal. Bar No. 199635)
2        *belinda.lee@lw.com*
        Sarah M. Ray (Cal. Bar No. 229670)
3        *sarah.ray@lw.com*
        Aaron T. Chiu (Cal. Bar No. 287788)
4        *aaron.chiu@lw.com*
    505 Montgomery Street, Suite 2000
5   San Francisco, California 94111-6538
    Telephone: +1.415.391.0600
6

7   *Attorneys for Defendant Apple Inc.*

8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         OAKLAND DIVISION

12

13  AFFINITY CREDIT UNION,              CASE NO. 4:22-cv-04174-JSW
    GREENSTATE CREDIT UNION, and
    CONSUMERS CO-OP CREDIT UNION,       **DEFENDANT APPLE INC.'S**
14                                      **ANSWER AND DEFENSES TO**
                                        **AMENDED CLASS ACTION**
15                  Plaintiffs,         **COMPLAINT**

16          v.                          **DEMAND FOR JURY TRIAL**

17  APPLE INC., a California corporation, Action Filed:    July 18, 2022
                                        Amended:        Oct. 28, 2022
18                  Defendant.
                                        Judge:  The Honorable Jeffrey S. White
19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                        APPLE INC.'S ANSWER TO AMENDED
                                        CLASS ACTION COMPLAINT
                                        CASE NO. 4:22-cv-04174-JSW

### INTRODUCTORY STATEMENT TO APPLE'S ANSWER

Apple Inc. ("Apple") created Apple Pay as an innovative, seamless, and secure way for consumers to use a digital version of their existing payment cards to make purchases in-store and online with their Apple devices.  In response to consumer demand for a mobile payment technology that offered more robust protections for users' sensitive financial data, Apple spent years designing a payment solution that is easy to use, achieves higher security standards, and offers a higher degree of privacy protection than any other solution.  This enhanced security has been a hallmark feature of Apple Pay since its launch in 2014, and its technologies—including Apple's development of a "tokenization" process that substitutes sensitive data with a non-sensitive "token"—were groundbreaking developments in the security of mobile payments.  In addition to these security benefits, Apple Pay is free for consumers and merchants; only card issuers pay a nominal fee for transactions made using Apple Pay.  And it costs the same for every card issuer, regardless of the issuer's size or transaction volume, giving even the smallest issuers (like Plaintiffs here) the ability to offer an easy digital payment option to their customers.

Apple Pay gave consumers a new, secure option to pay, but it is just one of many payment methods that consumers can (and do) use to make payments, merchants can (and do) use to accept payments, and financial institutions can (and do) offer to their consumers.  When a consumer decides to make a purchase, that consumer has myriad payment options, including cash, physical credit or debit cards, PayPal, Venmo, Google Pay, Samsung Pay, and Apple Pay.  Yet Plaintiffs in this case wrongly claim that Apple Pay is somehow its own monopoly.  The fact that Apple Pay is designed and engineered to be the only tap-and-pay method on Apple's own devices does nothing to insulate Apple Pay from competition with the numerous other digital and physical payment methods that are available in the marketplace.  Indeed, as the Court acknowledged, "iOS device consumers *are not required to use Apple Pay*."  Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss Pls.' Am. Class Action Compl., ECF No. 64 ("MTD Order") at 10 (emphasis added).  In other words, even on Apple's own devices, to which Apple Pay is limited, consumers use other payment methods besides Apple Pay to buy goods and services.  Against this competitive reality, there is simply no basis to begin to claim that Apple Pay is any sort of monopoly.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1    Over the last decade, Apple Pay has benefitted consumers, merchants, and issuers by

2    facilitating more transactions with a payment option that is easy, safe, and secure.  Apple Pay

3    makes it more convenient for consumers to shop online and in stores, leading to increased

4    transactions.  And the number of merchants and issuers accepting Apple Pay grows each year.

5    Apple designed and engineered Apple Pay to be more innovative, seamless, and secure than other

6    payment solutions.  These design and engineering decisions, however, do not make Apple Pay a

7    monopolist of its own single-brand market and are therefore not the proper concern of the antitrust

8    laws.  Apple looks forward to defending itself against Plaintiffs' baseless claims.

9    **ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

10    Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Apple, by

11    and through its undersigned counsel, hereby answers and asserts defenses to the claims and

12    allegations made by Plaintiffs in the Amended Complaint.

13    **RESPONSE TO SPECIFIC ALLEGATIONS**

14    Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended

15    Complaint.  For the avoidance of doubt, Apple denies any allegations contained in the Table of

16    Contents, headings, subheadings, illustrations, or footnotes of the Amended Complaint, and

17    specifically denies any liability to Plaintiffs.  Pursuant to Rule 8(b) of the Federal Rules of Civil

18    Procedure, moreover, allegations in the Amended Complaint to which no responsive pleading is

19    required shall be deemed to be denied.  Apple expressly reserves the right to seek to amend and/or

20    supplement its Answer as may be necessary.[1]

21    **I.    INTRODUCTION**

22    1.    Apple admits that the introduction of iPhone, iPad, Apple Watch, and other smart

23    mobile devices "transformed the way people interact with the world around them."  Apple admits

24    that iPhone, iPad, Apple Watch, and other smart mobile devices include features and services such

25    as mobile wallets and digital payment options.  Apple admits that more than 90% of U.S.-based

26    retailers accept digital payment methods and other tap-to-pay options at physical point-of-sale.

27    _____

28    [1] Answers to each paragraph of the Amended Complaint are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the Amended Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, on that basis, denies them.

2.    Apple admits that it manufactures mobile devices, including smartphones, tablets, and smart watches.  Except as expressly admitted, the remaining allegations in Paragraph 2 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the allegations in Paragraph 2.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

3.    Apple admits that Google Pay and Samsung Pay are offered on some non-Apple mobile devices.  Except as expressly admitted, the remaining allegations in Paragraph 3 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on that basis, denies them.

4.    Apple admits that the unique operating systems of iPhone, iPad, and Apple Watch are iOS, iPadOS, and WatchOS, respectively.  Apple further admits that Apple Pay can be used on Apple devices.  Except as expressly admitted, the remaining allegations in Paragraph 4 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 4.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

5.    Apple admits that Plaintiffs purport to characterize an unidentified "report" regarding Apple Pay fees.  Apple denies that it has "barred all competitors from its devices" and that it "charges payment card issuers fees that no other mobile wallet ventures to impose."  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from an unidentified "report" and, on that basis, denies them.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

6.     The allegations in Paragraph 6 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize an unidentified "report" regarding Apple Pay fees.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from an unidentified "report" and, on that basis, denies them.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 6.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

7.     Allegations about Apple's purported market power and alleged restraints are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies those allegations.

8.     Apple admits that Apple Pay can be used to make payments online and in apps.  Apple admits that its agreements with Plaintiffs cover both physical point-of-sale and e-commerce transactions.  The remaining allegations in Paragraph 8 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the allegations in Paragraph 8.

9.     Apple admits that on May 2, 2022, the European Commission announced its issuance of a Statement of Objections to Apple.  The remaining allegations in Paragraph 9 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent the allegations in Paragraph 9 are quotations from a press release or characterizations of legal materials, Apple states that those materials speak for themselves, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the allegations in Paragraph 9.

10.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required.  Further, the allegations in Paragraph 10 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 10.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

11.     Apple admits that issuer adoption of Apple Pay has grown since its launch. The remaining allegations in Paragraph 11 are legal conclusions and characterizations, and no responsive pleading is required. Apple states that the cited legal materials speak for themselves, and no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11. Except as expressly admitted, Apple denies the allegations in Paragraph 11. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay. Apple states that Apple Pay competes with many other payment methods. At physical points-of-sale, these include "tap-and-pay" payment cards (which also use NFC technology), "chip" or traditional "swipe" payment cards, cash, non-NFC payment methods on Apple and other mobile devices (e.g., QR codes on PayPal), and NFC payment methods on other mobile operating systems (e.g., Google Pay). Apple Wallet—the app where consumers can securely store cards for use with Apple Pay—is the digital equivalent of a physical wallet. For online purchases, which do not use NFC technology, consumers have options like Shop Pay, Amazon Pay, Google Pay, PayPal, credit and debit cards, and countless others.

12.     Apple admits that Apple Pay is an innovative product which has improved security, privacy, and user experience. The allegations in Paragraph 12 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 12. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay.

13.     Apple admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3) on behalf of the putative class alleged in Paragraph 140. Apple denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief. The remaining allegations in Paragraph 13 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiffs' intent and otherwise denies the allegations in Paragraph 13.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

## II.     JURISDICTION AND VENUE

14.     The allegations in Paragraph 14 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to plead jurisdiction pursuant to 28 U.S.C. § 1331.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that it is headquartered in this District and that Plaintiffs purport to plead personal jurisdiction.  Except as expressly admitted, Apple denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that it resides in this District and transacts business in this District.  Except as expressly admitted, Apple denies the allegations in Paragraph 16.

## III.     THE PARTIES

17.     Apple admits that Plaintiff Affinity Credit Union issues payment cards and is currently an Apple Pay-participating financial institution.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 17.  The remaining allegations in Paragraph 17 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the remaining allegations in Paragraph 17.

18.     Apple admits that Plaintiff GreenState Credit Union issues payment cards and is currently an Apple Pay-participating financial institution.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 18.  The remaining allegations in Paragraph 18 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the remaining allegations in Paragraph 18.

19.     Apple admits that Plaintiff Consumers Co-Op Credit Union issues payment cards and is currently an Apple Pay-participating financial institution.  Apple lacks knowledge or

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 19.  The remaining allegations in Paragraph 19 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the remaining allegations in Paragraph 19.

20.    Apple designs, manufactures, and markets smartphones, personal computers, tablets, wearables, and accessories, and sells a variety of related services.  Apple admits that it is headquartered in Cupertino, California.  The remaining allegations in Paragraph 20 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the remaining allegations in Paragraph 20.

## IV.    RELEVANT FACTS

21.    Apple admits that Apple Pay is available on certain models of iPhone, iPad, and Apple Watch.  The remaining allegations in Paragraph 21 are legal conclusions and characterizations, and no responsive pleading is required.  Apple states that the cited legal materials speak for themselves, and no responsive pleading is required.  To the extent any responsive pleading is required, except to the extent expressly admitted, Apple denies the remaining allegations in Paragraph 21.

22.    Apple admits that iPhone and other smartphones "transformed the way people interact with the world around them."  Apple admits that iPhone and other smartphones allow people to access the internet and a wide variety of apps—including for navigation, shopping, social media, and weather.  Apple admits that iPhone and other smartphones also can function as mobile telephones.  The remaining allegations in Paragraph 22 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Apple denies the remaining allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are legal conclusions and characterizations, and no responsive pleading is required. Apple states that the cited legal materials speak for themselves, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, on that basis, denies them.

25.     Apple admits the first iPhone was released in 2007. The remaining allegations in Paragraph 25 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 25.

26.     Apple admits that capital and expertise are required to develop the hardware and certain software for iPhones. The remaining allegations in Paragraph 26 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 26.

27.     Apple admits that the first iPad was released in 2010. The remaining allegations in Paragraph 27 are legal conclusions and characterizations, and no responsive pleading is required.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 27.

28.     Apple admits that iPhones and iPads are offered in a range of screen sizes. Apple admits that certain apps are only available for smartphones, while certain other apps are only available for tablets. Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis, denies them.

29.     Apple admits that certain iPad models have cellular connectivity. Apple admits that iPads perform a variety of functions and may be used in combination with other products. Except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis, denies them.

30.     Apple admits that substantial capital and expertise were required to develop iPad. The remaining allegations in Paragraph 30 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 30.

31.     Apple admits that Apple Watches are wearable devices that support apps. Apple admits that certain Apple Watch models include cellular connectivity. The remaining allegations in Paragraph 31 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 31.

32. Apple admits that Apple Watch is wearable and has a variety of features and serves a variety of functions, including health and fitness tracking. Apple admits that Apple Watch supports apps that offer tools such as sleep cycle tracking, blood oxygen level measuring, heart rate monitoring, and connecting the user with emergency services if the user has taken a hard fall. Apple admits that certain models of Apple Watch allow users to text, make calls, and listen to music. Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis, denies them.

33. Apple admits that Apple Watch must be paired with an iPhone to use certain features. Apple denies that the user must have an iPhone 8 or later to set up a new Apple Watch. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis, denies them. Apple denies the remaining allegations in Paragraph 33.

34. Apple admits that Apple Watch was released in 2015. Apple admits that Apple Watch ranges in price, depending on the specs, materials, and features chosen. Apple admits that substantial capital and expertise were required to develop Apple Watch. The remaining allegations in Paragraph 34 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1    the allegations from third-party materials and, on that basis, denies them.  Except as expressly

2    admitted, Apple denies the remaining allegations in Paragraph 34.

3        35.    Apple admits that it has made inventive contributions to the field of near-field

4    communication technology generally.  Apple admits that Plaintiffs purport to characterize publicly

5    available materials.  Apple states that the cited materials speak for themselves, and Apple lacks

6    knowledge or information sufficient to form a belief as to the truth of the allegations from third-

7    party materials and, on that basis, denies them.  Apple lacks knowledge or information sufficient

8    to form a belief as to the truth of the remaining allegations in Paragraph 35, and on that basis,

9    denies them.  Except as expressly admitted, Apple denies any remaining allegations in Paragraph

10   35.

11       36.    Apple admits that NFC's range can span centimeters, whereas RFID's range can

12   span meters.  Apple admits that Plaintiffs purport to characterize publicly available materials.

13   Apple states that the cited materials speak for themselves, and Apple lacks knowledge or

14   information sufficient to form a belief as to the truth of the allegations from third-party materials

15   and, on that basis, denies them.  Apple lacks knowledge or information sufficient to form a belief

16   as to the truth of the remaining allegations in Paragraph 36, and on that basis, denies them.  Except

17   as expressly admitted, Apple denies any remaining allegations in Paragraph 36.

18       37.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

19   the allegations in Paragraph 37, and on that basis, denies them.

20       38.    Apple admits that a variety of payment and other cards, IDs, and passes, can be

21   added to Apple Wallet—including credit, debit, prepaid, and transit cards.  Apple admits that

22   credit, debit, prepaid, and transit cards can be used through Apple Pay.  Apple admits that if a user

23   provisions multiple cards for Apple Pay, they can toggle between provisioned cards and choose a

24   changeable default option.  Apple states that the image displayed speaks for itself.  Except as

25   expressly admitted, Apple denies the remaining allegations in Paragraph 38.

26       39.    Apple admits that when a user who has provisioned a payment card through Apple

27   Pay on their device brings the device near an NFC terminal compatible with Apple Pay, Apple

28   Wallet automatically opens on the user's device, the user authenticates their identity, and then the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

user can make a payment through Apple Pay by bringing the device back near the terminal.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 39.

40.    Apple admits that tokenization is a part of the Apple Pay transaction process.  Apple states that the image displayed speaks for itself.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 40.

41.    Apple admits that the first iPhone was released in 2007.  Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis, denies them.

42.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis, denies them.

43.    Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis, denies them.

44.    Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and on that basis, denies them.

45.    Apple denies the allegations in Paragraph 45.

46.    Apple admits that Apple Pay was released in 2014.  Apple also admits that Apple Pay is built into iPhone, iPad and Apple Watch.  Apple further admits that Apple Pay is not enabled unless and until a user chooses to provision a payment card through Apple Pay.  Apple admits that users agree to supplemental terms and conditions prior to using Apple Pay.  Apple admits that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
12
APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1    Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials

2    speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations from third-party materials and, on that basis, denies them.  Except as

4    expressly admitted, Apple denies the remaining allegations in Paragraph 46.

5         47.    The allegations in Paragraph 47 are legal conclusions and characterizations, and no

6    responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

7    the allegations in Paragraph 47.  Apple states Apple Pay is not a mobile wallet.  Apple Wallet is

8    distinct from Apple Pay.

9         48.    Apple admits that certain Apple devices have NFC controllers.  Apple admits that

10   it typically allows third-party app developers to develop apps for Apple's devices that are

11   consistent with Apple's safety, security, and privacy standards, and that respect Apple's

12   intellectual property.  Except as expressly admitted, Apple denies the allegations in Paragraph 48.

13        49.    Apple admits that it announced the "Tap to Pay on iPhone" feature in February

14   2022.  Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple

15   states that the quoted materials speak for themselves.  Except as expressly admitted, Apple denies

16   the remaining allegations in Paragraph 49.

17        50.    Apple admits that any app that will be submitted to the App Store, Custom App

18   Distribution, or TestFlight, or that will be distributed through Ad Hoc distribution, must be

19   developed in compliance with Apple's Developer Program License Agreement.  Apple admits that

20   Plaintiffs purport to characterize publicly available materials.   Apple states that the quoted

21   materials speak for themselves.  Except as expressly admitted, Apple denies the remaining

22   allegations in Paragraph 50.

23        51.    Apple admits that Apple device owners do not need to use the Wallet App.  Apple

24   admits that Apple device owners do not need to set up or use Apple Pay.  The remaining allegations

25   in Paragraph 51 are legal conclusions and characterizations, and no responsive pleading is

26   required.  Furthermore, on September 27, 2023, the Court granted Apple's motion to dismiss in

27   part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is

28   required.  To the extent any responsive pleading is required, Apple denies the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1    Paragraph 51.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from

2    Apple Pay.

3        52.    The allegations in Paragraph 52 are legal conclusions and characterizations, and no

4    responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

5    the allegations in Paragraph 52.

6        53.    The allegations in Paragraph 53 are legal conclusions and characterizations, and no

7    responsive pleading is required.  To the extent any responsive pleading is required, Apple admits

8    that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited

9    materials speak for themselves, and Apple lacks knowledge or information sufficient to form a

10   belief as to the truth of the allegations from third-party materials, including because Apple does

11   not collect or maintain information about the number of people who use its devices in the ordinary

12   course, and, on that basis, denies them.  Apple denies the remaining allegations in Paragraph 53.

13   Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

14       54.    The allegations in Paragraph 54 are legal conclusions and characterizations, and no

15   responsive pleading is required.  To the extent any responsive pleading is required, Apple admits

16   that Apple Pay has distinct user experience and security advantages.  Apple admits that Plaintiffs

17   purport to characterize publicly available materials.  Apple states that the quoted materials speak

18   for themselves.  Except as expressly admitted, Apple denies the remaining allegations in

19   Paragraph 54.

20       55.    Apple admits that Apple Pay has distinct user experience and security advantages.

21   Apple admits that tokenization is part of the Apple Pay transaction process.  Apple admits that

22   Plaintiffs purport to characterize publicly available materials.  Apple states that the quoted

23   materials speak for themselves.  Except as expressly admitted, Apple denies the remaining

24   allegations in Paragraph 55.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is

25   distinct from Apple Pay.

26       56.    The allegations in Paragraph 56 are legal conclusions and characterizations, and no

27   responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

the allegations in Paragraph 56.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

57.    Apple admits that on May 2, 2022, the European Commission announced its issuance of a Statement of Objections to Apple.  The remaining allegations in Paragraph 57 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent the allegations in Paragraph 57 are quotations from a press release or characterizations of legal materials, Apple states that those materials speak for themselves, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that consumers who own Android mobile devices cannot use Apple Pay on their Android devices.  Apple admits that Plaintiffs have agreed to pay transaction fees to Apple for each debit and credit card transaction completed for their cards via Apple Pay.  Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 57.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

58.    The allegations in Paragraph 58 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 58.

59.    Apple admits that iOS device users can download Google Pay, PayPal, and other mobile payment options from the Apple App Store.  The remaining allegations in Paragraph 59 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 59. Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

60.    The allegations in Paragraph 60 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 60.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

61.    Allegations about purported switching costs, anticompetitive restraints, "pass through" of costs, and anticompetitive fees are legal conclusions and characterizations, and no

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1   responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

2   those allegations.

3            62.    The allegations in Paragraph 62 are legal conclusions and characterizations, and no

4   responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

5   the allegations in Paragraph 62.

6            63.    The allegations in Paragraph 63 are legal conclusions and characterizations, and no

7   responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

8   the allegations in Paragraph 63.

9            64.    Apple admits that issuer adoption of Apple Pay has grown since its launch.  Apple

10  admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the

11  cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form

12  a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.

13  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations in Paragraph 64, and on that basis, denies them.  Except as expressly admitted, Apple

15  denies any remaining allegations in Paragraph 64.  Apple states that Apple Pay is not a mobile

16  wallet.  Apple Wallet is distinct from Apple Pay.

17           65.    The allegations in Paragraph 65 are legal conclusions and characterizations, and no

18  responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

19  the allegations in Paragraph 65.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

20  is distinct from Apple Pay.

21           66.    Allegations regarding a purported relevant market and alleged price discrimination

22  are legal conclusions and characterizations, and no responsive pleading is required.  To the extent

23  any responsive pleading is required, Apple denies those allegations.  Apple admits that Plaintiffs

24  purport to characterize publicly available materials.  Apple states that the cited materials speak for

25  themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations from third-party materials and, on that basis, denies them.  Apple states that the

27  image displayed speaks for itself.  Apple lacks knowledge or information sufficient to form a belief

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

as to the truth of the allegation about issuers' "interchange fees" and, on that basis, denies it. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay.

67.    Apple admits that contactless payments can be made via contactless payment cards. The remaining allegations in Paragraph 67 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, except as expressly admitted, Apple denies the remaining allegations in Paragraph 67.

68.    Apple admits that issuer adoption of Apple Pay has grown since its launch. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 68.

69.    Apple admits that Apple Pay has distinct user experience and security advantages. The remaining allegations in Paragraph 69 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and on that basis, denies them.

70.    Apple admits that QR codes are one option out of many for making mobile payments. The remaining allegations in Paragraph 70 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, except as expressly admitted, Apple denies the remaining allegations in Paragraph 70. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay.

71.    Apple denies the allegations in Paragraph 71.

72.    Apple admits that Apple Pay is currently accepted by more than 90% of U.S.-based merchants. Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves. Except as expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72, and on that basis, denies them.

73.    Apple admits that issuer adoption of Apple Pay has grown since its launch. The remaining allegations in Paragraph 73 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, except as

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

expressly admitted, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and on that basis, denies them.

74.     The allegations in Paragraph 74 are legal conclusions and characterizations, and no responsive pleading is required.  Apple states that the cited legal materials speak for themselves, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 74.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

75.     The allegations in Paragraph 75 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 75.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

76.     The allegations in Paragraph 76 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 76.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

77.     The allegations in Paragraph 77 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 77.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

78.     Apple admits that Apple Pay is free for consumers and merchants.  The remaining allegations in Paragraph 78 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the quoted materials speak for themselves.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 78.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

79.     The allegations in Paragraph 79 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

that Plaintiffs purport to characterize publicly available materials. Apple states that the quoted materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies any remaining allegations in Paragraph 79.

80. Apple admits that its devices are designed to provide a seamless experience. The allegations in Paragraph 80 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the quoted materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies any remaining allegations in Paragraph 80.

81. The allegations in Paragraph 81 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the quoted materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies any remaining allegations in Paragraph 81.

82. Apple admits that the first iPhone was released in 2007 and the first iPad was released in 2010. The remaining allegations in Paragraph 82 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple further states that the cited materials speak for themselves. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 82. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay.

83. The allegations in Paragraph 83 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 83. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

84.     Apple admits that Maps, Music, Mail, and other apps are preinstalled on iPhones. The remaining allegations in Paragraph 84 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 84.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

85.     The allegations in Paragraph 85 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 85.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

86.     Apple admits that iOS device users can download Google Pay from the App Store. The remaining allegations in Paragraph 86 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the remaining allegations in Paragraph 86.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

87.     Apple denies that it has "no competitors to discipline its pricing."  Apple denies that it "saddles card issuers" with fees.

88.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis, denies them.  Apple states that the image displayed speaks for itself.  Apple denies the remaining allegations in Paragraph 88.

89.     Apple admits that Plaintiffs purport to characterize publicly available materials. Apple admits that Plaintiffs further purport to characterize "estimate[s]" from unidentified industry analysts.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from the identified and unidentified third-party materials and, on that basis, denies them.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 89.

90.    Allegations about Apple's purported market power are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies those allegations.  Apple also denies that its purported transaction fees impose a substantial tax on issuers.

91.    Apple denies the allegations in Paragraph 91.

92.    The allegations in Paragraph 92 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 92.

93.    Apple admits that Apple Pay can be used to make purchases online.  Apple admits that it has a technology called "In-App Purchase" ("IAP"), which provides a mechanism to deliver digital content to customers and receive payment for that content, and that IAP allows Apple to collect a commission and then remit the balance to developers.  Apple admits that IAP and Apple Pay are separate technologies.  Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Apple states that the image displayed speaks for itself.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 93.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

94.    Apple admits that issuers that opt to participate in Apple Pay agree to pay Apple a fee when their card users use Apple Pay with their provisioned card.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and, on that basis, denies them.

95.    The allegations in Paragraph 95 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 95.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

96.    The allegations in Paragraph 96 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1  the allegations in Paragraph 96.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

2  is distinct from Apple Pay.

3      97.    Allegations about purported foreclosure of competitors in a "Tap-and-Pay iOS

4  Mobile Wallets" market are legal conclusions and characterizations, and no responsive pleading

5  is required.  To the extent any responsive pleading is required, Apple denies those allegations.

6  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.  Apple

7  denies that it "charges . . . fees even though payment networks handle virtually all aspects of an

8  Apple Pay transaction."  Apple denies the alleged description of the network verification process.

9  Apple denies that its "role is basically limited to storing account tokens and transmitting them to

10  the merchant through the NFC interface."

11      98.    The allegations in Paragraph 98 are legal conclusions and characterizations, and no

12  responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

13  the allegations in Paragraph 98.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

14  is distinct from Apple Pay.

15      99.    Apple denies the allegations in Paragraph 99.  Apple states that Apple Pay is not a

16  mobile wallet.  Apple Wallet is distinct from Apple Pay.

17      100.    Apple admits that Plaintiffs purport to characterize publicly available materials.

18  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or

19  information sufficient to form a belief as to the truth of the allegations from third-party materials

20  and, on that basis, denies them.  Apple lacks knowledge or information sufficient to form a belief

21  as to the truth of the remaining allegations in Paragraph 100 and, on that basis, denies them.

22      101.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations in Paragraph 101 and, on that basis, denies them.

24      102.    The allegations in Paragraph 102 are legal conclusions and characterizations, and

25  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

26  the allegations in Paragraph 102.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

27  is distinct from Apple Pay.

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

103.     Paragraph 103 includes legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 103.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

104.     Paragraph 104 includes legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 104.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

105.     Apple denies the allegations in Paragraph 105.

106.     Apple admits that it announced the "Tap to Pay on iPhone" feature in February 2022.  Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the quoted materials speak for themselves.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 106.

107.      Apple admits that tokenization is part of the Apple Pay transaction process.  Apple admits that Apple Pay has distinct security advantages.  Apple admits that it does not store users' card information on their devices or Apple's servers.  Apple admits that Plaintiffs purport to characterize publicly available materials.  Apple states that the quoted materials speak for themselves.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 107.

108.      Apple admits that payment networks, not Apple, issue tokens.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 and, on that basis, except as expressly admitted, denies them.

109.      Apple admits that Plaintiffs purport to characterize publicly available materials, but Apple denies that the publicly available materials show that Apple Pay is less secure than other payment methods.  Apple Pay has distinct security advantages and reduces fraud.  Apple states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 109.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

110.    Apple admits that Plaintiffs purport to characterize publicly available materials, but Apple denies that the publicly available materials show that Apple Pay is less secure than other payment methods.  Apple Pay has distinct security advantages and reduces fraud.  Apple also states that the cited materials speak for themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials and, on that basis, denies them.  Except as expressly admitted, Apple denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 111.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

112.    Apple admits that the European Commission initiated an investigation in June 2020, and announced its issuance of a Statement of Objections to Apple on May 2, 2022.  The allegations in Paragraph 112 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent the allegations in Paragraph 112 are quotations from a press release or characterizations of legal materials, Apple states that those materials speak for themselves, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Apple denies the allegations in Paragraph 112.

113.    The allegations in Paragraph 113 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent the allegations in Paragraph 113 are quotations and characterizations of legal materials, Apple states that those materials speak for themselves, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple states that the European Commission's investigatory process speaks for itself.

115.    The allegations in Paragraph 115 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent the allegations in Paragraph 115 are quotations from a press release or characterizations of legal materials, Apple states that those materials speak

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO
24
APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1  for themselves, and no responsive pleading is required.  To the extent any responsive pleading is

2  required, Apple denies the allegations in Paragraph 115.

3      116.    The allegations in Paragraph 116 are legal conclusions and characterizations, and

4  no responsive pleading is required.  To the extent the allegations in Paragraph 116 are quotations

5  from a press release or characterizations of legal materials, Apple states that those materials speak

6  for themselves, and no responsive pleading is required.  To the extent any responsive pleading is

7  required, Apple denies the allegations in Paragraph 116.

8  **V.        INTERSTATE TRADE AND COMMERCE**

9      117.    Apple denies the allegations in Paragraph 117.

10  **VI.        RELEVANT MARKETS**

11      118.    The allegations in Paragraph 118 are legal conclusions and characterizations, and

12  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

13  the allegations in Paragraph 118.

14      119.    Apple admits that iPhone and other smartphones allow people to access the internet

15  and a wide variety of apps—including for navigation, shopping, social media, games, photos,

16  news, financial tracking, and weather.  Apple admits that iPhone and other smartphones also can

17  function as mobile telephones.  The remaining allegations in Paragraph 119 are legal conclusions

18  and characterizations, and no responsive pleading is required.  To the extent any responsive

19  pleading is required, Apple denies the allegations in Paragraph 119.

20      120.    The allegations in Paragraph 120 are legal conclusions and characterizations, and

21  no responsive pleading is required.  To the extent any responsive pleading is required, Apple lacks

22  knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

23  120, and on that basis, denies them.  Apple denies the remaining allegations in Paragraph 120.

24      121.    Apple admits that the first iPad was released in 2010.  The remaining allegations in

25  Paragraph 121 are legal conclusions and characterizations, and no responsive pleading is required.

26  To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to

27  characterize publicly available materials.  Apple states that the quoted materials speak for

28  themselves, and Apple lacks knowledge or information sufficient to form a belief as to the truth of

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

25

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1    the allegations from third-party materials and, on that basis, denies them.  Except as expressly

2    admitted, Apple denies any remaining allegations in Paragraph 121.

3          122.    Apple admits that iPhones and iPads are offered in a range of screen sizes.  Apple

4    admits that certain iPad models have cellular connectivity.  Apple admits that iPads perform a

5    variety of functions and may be used in combination with other products.  Apple lacks knowledge

6    or information sufficient to form a belief as to the truth of the allegations regarding tablets

7    generally, and on that basis, denies them.    Apple denies the remaining allegations in

8    Paragraph 122.

9          123.    Apple admits that Apple Watch has a variety of features and serves a variety of

10   functions—including health and fitness tracking.  The remaining allegations in Paragraph 123 are

11   legal conclusions and characterizations, and no responsive pleading is required.  To the extent any

12   responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief

13   as to the truth of the allegations in Paragraph 123.  Except as expressly admitted, Apple denies the

14   remaining allegations in Paragraph 123.

15         124.    Apple admits that Apple Watch must be paired with an iPhone to use certain

16   features.  The remaining allegations in Paragraph 124 are legal conclusions and characterizations,

17   and no responsive pleading is required.  To the extent any responsive pleading is required, Apple

18   lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

19   Paragraph 124.  Apple denies any remaining allegations in Paragraph 124.

20         125.    The allegations in Paragraph 125 are legal conclusions and characterizations, and

21   no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

22   the allegations in Paragraph 125.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

23   is distinct from Apple Pay.

24         126.    The allegations in Paragraph 126 are legal conclusions and characterizations, and

25   no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

26   the allegations in Paragraph 126.

27         127.    The allegations in Paragraph 127 are legal conclusions and characterizations, and

28   no responsive pleading is required.  To the extent any responsive pleading is required, Apple

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

admits that issuer adoption of Apple Pay has grown since its launch.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 127.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

128.    Apple denies the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 129.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

130.    The allegations in Paragraph 130 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 130.

## VII.    STANDING AND ANTITRUST INJURY

131.    Apple admits that it has contracts with Plaintiffs governing their participation in the Apple Pay program.  Apple denies that Plaintiffs "agree to directly purchase from Apple Tap-and-Pay iOS Mobile Wallet services."  Apple denies that it "prevent[s] other mobile wallet app developers from offering Tap-and-Pay iOS Mobile Wallet services to Apple iOS device owners."  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.  Allegations regarding allegedly "supracompetitive" prices and fees, and the purported result if Apple attempted to charge such fees in certain situations, are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies those allegations.

132.    Apple denies the allegations in Paragraph 132.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

133.    The allegations in Paragraph 133 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 133.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

134.    The allegations in Paragraph 134 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 134.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

135.    The allegations in Paragraph 135 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 135.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

136.    The allegations in Paragraph 136 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 136.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

137.    The allegations in Paragraph 137 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 137.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

138.    The allegations in Paragraph 138 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 138.

## VIII.   CLASS ALLEGATIONS

139.    The allegations in Paragraph 139 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to assert a class action pursuant to Fed. R. Civ. P. 23(b)(1), (2), and (3).  Apple denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief.  Except as expressly admitted, Apple denies the remaining allegations in Paragraph 139.

140.    The allegations in Paragraph 140 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

28

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

admits that Plaintiffs purport to bring an action on their own behalf and behalf of an alleged class. Apple denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 140.

141. The allegations in Paragraph 141 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to define certain terms in the alleged class definition. Except as expressly admitted, Apple denies the allegations in Paragraph 141.

142. The allegations in Paragraph 142 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to exclude certain individuals from the alleged class. Apple denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief. Except to the extent expressly admitted, Apple denies the remaining allegations in Paragraph 142.

143. The allegations in Paragraph 143 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to characterize publicly available materials. Apple states that the cited materials speak for themselves. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 143.

144. The allegations in Paragraph 144 are legal conclusions and characterizations, and no responsive pleading is required. With respect to Paragraph 144.a., on September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 144 and its subparts.

145. The allegations in Paragraph 145 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 145.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

146.    The allegations in Paragraph 146 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 149.

## IX.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of the Sherman Act – Tying the Tap-and-Pay iOS Mobile Wallets Market to iOS Mobile Device Markets (15 U.S.C. §§ 1, 3)**

150.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

151.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 151 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 151.

152.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 152 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

the allegations in Paragraph 152. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay.

153.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 153 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 153.

154.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 154 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 154.

155.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 155 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 155. Apple states that Apple Pay is not a mobile wallet. Apple Wallet is distinct from Apple Pay.

156.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 156 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 156.

157.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 157 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 157.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

158.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 158 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 158.

159.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 159 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 159.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

160.    On September 27, 2023, the Court granted Apple's motion to dismiss in part and dismissed Plaintiffs' tying claim, *see* MTD Order at 9–11, and no responsive pleading is required. Furthermore, the allegations in Paragraph 160 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 160.

## SECOND CAUSE OF ACTION

**Violation of the Sherman Act – Monopolization of Tap-and-Pay iOS Mobile Wallet Market (15 U.S.C. § 2)**

161.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

162.    The allegations in Paragraph 162 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 162.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

163.    The allegations in Paragraph 163 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1    the allegations in Paragraph 163.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

2    is distinct from Apple Pay.

3        164.    The allegations in Paragraph 164 are legal conclusions and characterizations, and

4    no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

5    the allegations in Paragraph 164.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

6    is distinct from Apple Pay.

7        165.    The allegations in Paragraph 165 are legal conclusions and characterizations, and

8    no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

9    the allegations in Paragraph 165.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

10   is distinct from Apple Pay.

11       166.    The allegations in Paragraph 166 are legal conclusions and characterizations, and

12   no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

13   the allegations in Paragraph 166.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

14   is distinct from Apple Pay.

15       167.    The allegations in Paragraph 167 are legal conclusions and characterizations, and

16   no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

17   the allegations in Paragraph 167.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

18   is distinct from Apple Pay.

19       168.    The allegations in Paragraph 168 are legal conclusions and characterizations, and

20   no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

21   the allegations in Paragraph 168.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

22   is distinct from Apple Pay.

23       169.    The allegations in Paragraph 169 are legal conclusions and characterizations, and

24   no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

25   the allegations in Paragraph 169.

26       170.    The allegations in Paragraph 170 are legal conclusions and characterizations, and

27   no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

28   the allegations in Paragraph 170.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1   171.    The allegations in Paragraph 171 are legal conclusions and characterizations, and

2   no respondive pleading is required.  To the extent any responsive pleading is required, Apple

3   denies the allegations in Paragraph 171.

4                              **THIRD CAUSE OF ACTION**

5   **Violation of the Sherman Act – Attempted Monopolization of Tap-and-Pay iOS Mobile**
    **Wallet Market (15 U.S.C. § 2)**

6

7   172.    Apple reasserts and hereby incorporates by reference its responses to each

8   Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

9   173.    The allegations in Paragraph 173 are legal conclusions and characterizations, and

10  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

11  the allegations in Paragraph 173.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

12  is distinct from Apple Pay.

13  174.    The allegations in Paragraph 174 are legal conclusions and characterizations, and

14  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

15  the allegations in Paragraph 174.

16  175.    The allegations in Paragraph 175 are legal conclusions and characterizations, and

17  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

18  the allegations in Paragraph 175.

19  176.    The allegations in Paragraph 176 are legal conclusions and characterizations, and

20  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

21  the allegations in Paragraph 176.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

22  is distinct from Apple Pay.

23  177.    The allegations in Paragraph 177 are legal conclusions and characterizations, and

24  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

25  the allegations in Paragraph 177.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet

26  is distinct from Apple Pay.

27  178.    The allegations in Paragraph 178 are legal conclusions and characterizations, and

28  no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

the allegations in Paragraph 178.  Apple states that Apple Pay is not a mobile wallet.  Apple Wallet is distinct from Apple Pay.

179.    The allegations in Paragraph 179 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 are legal conclusions and characterizations, and no respondive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 180.

181.    The allegations in Paragraph 181 are legal conclusions and characterizations, and no respondive pleading is required.  To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 181.


The remainder of the Amended Complaint consists of Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Plaintiffs are entitled to the relief sought in the Amended Complaint or to any relief whatsoever.

## APPLE'S DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

### First Defense

### (Failure to State a Cause of Action)

The Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.  The Court already dismissed Plaintiffs' First Cause of Action for failing to state a claim for which relief can be granted.  *See* MTD Order at 9–11.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

**Second Defense**

**(Legitimate Business Justifications)**

Apple alleges, without admitting any liability whatsoever, that at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

**Third Defense**

**(No Injury or Threatened Injury)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have neither sustained nor are threatened by any injury in fact or cognizable antitrust injury proximately caused by an act or omission by Apple.

**Fourth Defense**

**(No Harm to Competition or Consumers)**

Plaintiffs' claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

**Fifth Defense**

**(Release/Prior Settlement)**

Plaintiffs' claims have been released and/or are precluded, in whole or in part, by the releases and covenants in the settlement with developers in *Cameron et al. v. Apple Inc.*, Civil Case No. 19-3074 (N.D. Cal.).

**Sixth Defense**

**(Statute of Limitations)**

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations applicable to their respective claims.

**Seventh Defense**

**(Causation)**

Plaintiffs' claims are barred, in whole or in part, because of a lack of causation, including without limitation because any injuries that may have been suffered were caused solely or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1  proximately by the intervening and superseding acts and omissions of others over whom Apple

2  has no power, authority, or control, including Plaintiffs themselves.

3  <u>**Eighth Defense**</u>

4  **(No Entitlement to Injunctive Relief)**

5  Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not

6  immediate or irreparable, and Plaintiffs have an adequate remedy at law.

7  <u>**Ninth Defense**</u>

8  **(Relief Contrary to Public Interest, Inequitable, Impractical, and Unworkable)**

9  The relief sought by Plaintiffs would be contrary to the public interest, harm consumers,

10  and is otherwise inequitable, impractical, and unworkable.

11  <u>**Tenth Defense**</u>

12  **(No Legally Cognizable Relevant Product Market)**

13  Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to

14  allege any legally cognizable relevant product market.

15  <u>**Eleventh Defense**</u>

16  **(No Market Power)**

17  Apple has never had, and is unlikely to obtain, market power in any properly defined

18  relevant market.

19  <u>**Twelfth Defense**</u>

20  **(No Refusal to Deal)**

21  Plaintiffs' claims are barred, in whole or in part, to the extent they are based on Apple's

22  alleged refusal to deal with Plaintiffs on terms and conditions preferred by Plaintiffs, without

23  alleging that Apple terminated a prior, profitable course of dealing with Plaintiffs.

24  <u>**Thirteenth Defense**</u>

25  **(Protected Rights – Intellectual Property & Other Statutes)**

26  Plaintiffs' claims are barred, in whole or in part, insofar as they make claims or seek

27  remedies that conflict with Apple's rights under intellectual property law or other statutes.

28

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

37

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1

**Fourteenth Defense**

2

**(Limitation of Liability)**

3      Plaintiffs are parties to one or more agreements with Apple that bar their claims, in whole

4  or in part, because of applicable limitation of liability provisions contained therein.

5

**Fifteenth Defense**

6

**(Indemnity)**

7      Plaintiffs are parties to one or more agreements in which they have agreed to indemnify

8  Apple for any claims, losses, liabilities, damages, taxes, expenses, and costs arising from or related

9  to Plaintiffs' claims in the Amended Complaint.

10

**Sixteenth Defense**

11

**(Protected Rights – Contract)**

12      Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs make claims or seek

13  remedies that conflict with, are barred by, or are waived by the terms of Plaintiffs' agreements

14  with Apple.

15

**Seventeenth Defense**

16

**(Ratification/Agreement/Acquiescence/Consent)**

17      Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' ratification,

18  agreement, acquiescence, authorization, or consent to Apple's alleged conduct, by means of

19  entering into one or more agreements to participate in Apple Pay while aware of Apple's alleged

20  conduct.

21

**Eighteenth Defense**

22

**(Lack of Standing)**

23      Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert

24  any or all of the claims alleged in the Amended Complaint.

25

**Nineteenth Defense**

26

**(Waiver/Estoppel)**

27      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel,

28  including because Plaintiffs consented to Apple's alleged conduct, by means of reviewing and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

entering into one or more agreements to participate in Apple Pay while aware of Apple's alleged conduct.

## Twentieth Defense

### (Improper Class Action)

Plaintiffs' claims, and those of the purported class, are barred in whole or in part, because the action is not properly maintainable as a class action as alleged by Plaintiffs.

## Twenty-First Defense

### (Uninjured Class Members)

To the extent Plaintiffs and the alleged classes seek relief on behalf of purported class members who have not suffered any injury, the Amended Complaint and each of its claims for relief therein violate Apple's rights to due process under the United States Constitution.

## Twenty-Second Defense

### (Unjust Enrichment)

The claims of the Plaintiffs and the alleged class are barred in whole or in part to the extent that they seek or would recover damages or other relief that would result in unjust enrichment to Plaintiffs.

## Twenty-Third Defense

### (Duplicative Recovery)

The claims of the Plaintiffs and the alleged classes are barred in whole or in part to the extent that they seek or would recover damages or other relief that would duplicate in whole or in part damages or relief sought or awarded in this action or in any other action consolidated therewith or related thereto.

## Twenty-Fourth Defense

### (No Entitlement to Declaratory Relief)

Plaintiffs are not entitled to declaratory relief.

## Twenty-Fifth Defense

### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW

1

**Twenty-Sixth Defense**

2

**(No Entitlement to Interest, Attorney's Fees or Costs)**

3

Plaintiffs are not entitled to interest, attorney's fees, or costs in connection with this action.

4

**Additional Defenses**

5      Apple presently has insufficient knowledge or information to determine whether it may

6  have additional, as-yet-unstated defenses.  Apple has not knowingly and intentionally waived any

7  applicable defenses and reserves the right to assert additional defenses as they become known to

8  it through discovery in this matter.  Apple reserves the right to amend this Answer to add, delete,

9  or modify defenses based upon legal theories that may be or will be divulged through clarification

10  of Plaintiffs' Amended Complaint, through discovery, or through further legal analysis of

11  Plaintiffs' position in this litigation.

12

13  Dated: October 25, 2023                    LATHAM & WATKINS LLP
                                              By:   */s/  Belinda S Lee*
14                                                  Belinda S Lee

15                                            Belinda S Lee (Cal. Bar No. 199635)
                                                *belinda.lee@lw.com*
16                                            Sarah M. Ray (Cal. Bar No. 229670)
                                                *sarah.ray@lw.com*
17                                            Aaron T. Chiu (Cal. Bar No. 287788)
                                                *aaron.chiu@lw.com*
18                                            505 Montgomery Street, Suite 2000
                                              San Francisco, California 94111-6538
19                                            Telephone: +1.415.391.0600

20                                            *Attorneys for Defendant Apple Inc.*

21

22

23

24

25

26

27

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

APPLE INC.'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT
CASE NO. 4:22-cv-04174-JSW