UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFINITY CREDIT UNION, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>APPLE INC.,<br>　　　　Defendant. | Case No. 22-cv-04174-JSW<br><br>**SCHEDULING ORDER**<br>Re: Dkt. No. 67 |

IT IS HEREBY ORDERED that the Case Management Statement is adopted, except as expressly modified by this Order. The Case Management Conference set for December 1, 2023 is VACATED. It is further ORDERED that:

**A.　FURTHER CASE MANAGEMENT CONFERENCE**

The parties shall appear for a further Case Management Conference on June 21, 2024, at 11:00 a.m. The parties shall submit an updated Joint Case Management Statement no later than June 14, 2024.

**B.　DATES**

The parties' proposed case schedule is adopted as follows:

| Event | Deadline |
|---|---|
| Exchange of Initial Disclosures | December 8, 2023 |
| Substantial Completion of Production of Documents and Data | June 20, 2024 (with rolling productions being made throughout the discovery period as materials are ready to be produced) |
| Class Certification Motion and Supporting Expert Report(s) | September 6, 2024 |
| Exchange Expert Backup Materials for Class Certification Motion | September 10, 2024 (by 5 p.m.) |
| Class Certification Opposition and Supporting Expert Report(s) | December 17, 2024 |

| Exchange Expert Backup Materials for Class Certification Opposition | December 20, 2024 (by 5 p.m.) |
|---|---|
| Class Certification Reply and Expert Rebuttal Report(s) | February 25, 2025 |
| Exchange Expert Backup Materials for Class Certification Reply | February 28, 2025 (by 5 p.m.) |
| Close of Fact Discovery | April 12, 2025 |
| Exchange of Expert Report(s) | August 21, 2025 (by 5 p.m.) |

The Court declines to adopt the uncertain dates for exchange of expert reports, dispositive and related *Daubert* motions, and related hearings. The parties shall submit a renewed proposed scheduling order with specific dates after the Court issues its ruling on the class certification motion.

### C. DISCOVERY

The parties are reminded that a failure voluntarily to disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

### D. ALTERNATIVE DISPUTE RESOLUTION

The parties indicated they believe that formal ADR is premature at this stage in the litigation. The Court encourages the parties to engage in settlement negotiations and ADR, but it will not refer the parties to ADR at this time.

### E. PROCEDURE FOR AMENDING THIS ORDER

No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil. L. R. 7-1 upon a showing of very good cause. A motion may take the form of a stipulation and proposed order pursuant to Civil L.R. 7-1(a)(5) and Civil L.R. 7-12, but the parties may not modify the pretrial schedule by stipulation without a Court order. If the modification sought is an extension of a deadline contained herein, the motion must be brought <u>before</u> expiration of that deadline. A

conflict with a court date set after the date of this order does not constitute good cause. The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk. The only discovery schedule that the Court will enforce is the one set in this order.  Additionally, briefing schedules that are specifically set by the Court may not be altered by stipulation without a Court order; rather the parties must obtain leave of Court.

**IT IS SO ORDERED.**

Dated:  November 29, 2023

_____
JEFFREY S. WHITE
United States District Judge

3