UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION, GREENSTATE CREDIT UNION, and CONSUMERS CO-OP CREDIT UNION,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.<br><br>Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>[PLAINTIFFS' PROPOSED] ESI PROTOCOL ORDER<br><br>Place: Courtroom 5, 2nd Floor, Oakland<br>Judge: The Honorable Jeffrey S. White |

Pursuant to Rule 26(f) of the Federal Rules of Procedure, Plaintiffs Affinity Credit Union, Greenstate Credit Union, and Consumers Co-Op Credit Union ("Plaintiffs") and Defendant Apple Inc. ("Apple") hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

**1.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**2.     SEARCH METHODOLOGY**

Following receipt of a request for production of documents, the parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies. The parties shall continue to cooperate in revising the appropriateness of the search methodology as necessary.

**3.     FORMAT FOR PRODUCTION OF DOCUMENTS**

A.     Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in accordance with the following specifications:

(a)     Documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

(i)     PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

(ii)     For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

1        (b)     Documents existing in electronic format may also, or alternatively, be produced to the requesting party as single page group IV TIFF image files in at least 300 dpi for black and white images, or .JPG for images produced in color.

        (c)     Each document image file shall be named with a unique number (Bates Number). Documents produced in native format shall be assigned a Bates Number and be produced with a corresponding load file. File names shall not be more than twenty characters long or contain spaces.

        (d)     If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

        (e)     The full text of each document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

    B.    **Native Files.** Unless otherwise agreed to by the parties, files that are not easily converted to image format, including but not limited to spreadsheet, database, audio, video, and drawing files, shall be produced in native format. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced. In addition, native files shall be produced using a filename that bears the production number and confidentiality designation for that native file. Any DAT file shall include a path to the native file. If a party prints (whether in hard copy or to PDF or other electronic image) documents, or portions thereof, that are produced in native format, the party shall mark any such printout with a footer containing (1) the document's Bates number and (2) and confidentiality designation assigned by the producing party to the document.

    C.    **De-duplication.** The producing party may de-duplicate its ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate

custodian information removed during the de-duplication process shall be tracked in a custodian field in the database load file.

  D. **Email Threading.** The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.  Upon reasonable request the producing party shall produce a less inclusive copy or missing metadata if, for example, a threaded email cuts off to/from/cc/subject line/date information.  An email is not a lesser inclusive copy if it contains any attachments not included in subsequent emails within the same thread.

  E. **Metadata.** Load files shall include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

  F. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The parties shall meet and confer regarding whether such databases must be produced and the appropriate format for productions from dynamic databases, including as to whether the data may produced in an alternate form, such as a report, data table, or other static format.

  G. **Hardcopy or Paper Documents.** If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents shall include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document.  Hard-copy documents shall be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ES).  Each

file shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

      H.    **Parent and Child Emails.**  Parent-child relationships shall be maintained in a production. The parties shall produce email attachments sequentially after the parent email. Entire document families must be produced, even if only the parent email or an attachment to an email is responsive, except (1) junk files and non-user created content routinely excluded during processing, and (2) where one or more family members are withheld on the basis of attorney-client privilege or work product protection.

      I.    **Requests for Hi-Resolution or Color Documents.**  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties shall meet and confer in good faith to try to resolve it.

      J.    **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: All documents produced pursuant to any discovery request shall be served by SFTP or other similar secure electronic delivery method on the day of the production. The parties agree that productions under 20 MB may be made via email. Document productions served on parties shall not be provided on secure physical media (*e.g.* CDs, DVDs, external hard drives or flash drives) unless electronic service is impracticable. If the producing party chooses to make a document production via secure physical media, such production shall be served via courier or overnight mail. The requesting party may select the location and attorney to which the producing party is to send its production. A cover letter disclosing the Bates range(s) of documents being produced shall accompany the production and shall be transmitted via electronic mail at the time the production is served. The producing party shall encrypt the production data using WinRAR encryption or similar encryption

1  software/tools, and the producing party shall forward the password to decrypt the production data
2  separately from the SFTP or other secure physical media to which the production data is saved.

3        K.    **Foreign Language Documents.**  All documents shall be produced in their original
4  language.  Where a requested document exists in a foreign language and the producing party also
5  has an English-language version of that document that it prepared for non-litigation purposes prior
6  to filing of the lawsuit, the producing party shall produce both the original document and all
7  English-language versions.  In addition, if the producing party has a certified translation of a
8  foreign-language document that is being produced (whether or not the translation is prepared for
9  purposes of litigation), the producing party shall produce the original document and the certified
10 translation.  Nothing in this agreement shall require a producing party to prepare a translation,
11 certified or otherwise, for foreign language documents that are produced in discovery.

12       L.    If a particular document warrants a different production format, the parties shall
13 cooperate in good faith to arrange for a mutually acceptable production format, on a case-by-case
14 basis.

15     **4.**    **SOURCE CODE**

16 This Stipulation does not govern the format for production of source code.

17     **5.**    **DOCUMENT PRESERVATION**

18 The parties have discussed their preservation obligations and needs and agree that
19 preservation of relevant ESI shall be consistent with their obligations set forth in Rule 26 of
20 the Federal Rules of Civil Procedure.  The parties represent that they have issued litigation hold
21 notices to individuals whom they reasonably believe to possess relevant documents.  To the extent
22 required, the parties represent that they have taken reasonable and proportionate steps to suspend
23 or modify regular or automatic policies or practices that would result in the loss of relevant
24 documents. The parties shall have a continuing obligation to take reasonable and proportionate
25 steps to identify sources of relevant documents and preserve such documents.

26     **6.**    **PRIVILEGE**

27       A.    The parties agree to abide by Rule 26(b)(5) of the Federal Rules of Civil Procedure
28 with respect to documents fully withheld from production on the basis of a privilege or other

protection, unless otherwise agreed or excepted by this Stipulation or Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log shall be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Unless otherwise agreed by the parties, privilege logs shall be produced no later than 60 days after the deadline for substantial completion of document productions. To the extent a party produces documents after the deadline for substantial completion, and withholds from such production any documents on the basis of privilege, that party shall provide a supplemental privilege log within 30 days of the production. A document initially included on a privilege log may be produced after the close of fact discovery, either by agreement or when the basis for the privilege asserted has been successfully challenged by another party.

      B.     Redactions need not be logged so long as the basis for the redaction is clear on the redacted document. A receiving party may request that the basis for a redaction be provided, whereupon the producing party shall supply information sufficient to evaluate the privilege asserted. Such information shall be provided within fourteen (14) days of the request, or on the deadline for producing privilege logs under this Order, whichever is later.

      C.     With respect to privileged or work-product information involving outside litigation counsel in this action and generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

      D.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Rules 26(b)(3)(A) and (B) of the Federal Rules of Civil Procedure.

      E.     Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production

of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

**7.     NON-PARTY DISCOVERY**

A.     A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI protocol with the subpoena.

B.     The Issuing Party shall be responsible for timely producing any documents obtained under a subpoena to all other parties.

C.     If the non-party production is not Bates-stamped, the Issuing Party shall endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

**8.     LIMITATIONS AND NON-WAIVER**

A.     Pursuant to the terms of this ESI Protocol, information regarding search process and ESI practices may be disclosed, but compliance with this ESI Protocol does not constitute a waiver, by any party, of any objection to the production of particular ESI for any reason, including that it is irrelevant, undiscoverable, or otherwise inadmissible, unduly burdensome or not reasonably accessible, or privileged, nor does it constitute a waiver of any right to discovery by any party.

B.     No party shall argue that disclosure of any search process or ESI practice constitutes a waiver of the attorney-client privilege or the attorney work-product doctrine. The parties expressly reserve all privileges and do not intend to waive any privilege by entering into or complying with this ESI protocol.

C.     Nothing in this ESI protocol shall be construed to affect the discoverability of

information or the admissibility of discoverable information.

D. Nor shall anything in this ESI Protocol be construed to affect the authenticity of any document or data.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO ORDERED.**

Dated: March 29, 2024

_____
THE HONORABLE JEFFREY S. WHITE
United States Judge

**ATTESTATION**

~~I am the ECF user whose identification and password are being used to file the foregoing ESI Stipulation and [Proposed] Order. Pursuant to Civil Local Rule 5-1, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.~~

~~Dated: DRAFT~~                                                                    *~~DRAFT~~*

                                                                                              DRAFT

# EXHIBIT A
# TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Custodian | Custodian | Paragraph | The custodian/source of an email. | The custodian/source of a document. |
| All Custodians | All Custodians | Paragraph | All custodians/sources of an email. | All custodians/sources of a document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Date Received | | Date (MM/DD/YYYY format) | The date the email was received. | For email attachments, the date the parent email was received. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| From | From | Paragraph | The display name of the sender of an email. | |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Date Created | | Date (MM/DD/YYYY format) | | The date the document was created. |
| Date Modified | | Date (MM/DD/YYYY format) | | The last modified date from a loose file. |
| FilePath | | | | Original file extension at the point of collection. |
| FileName | | | | Original file name at the point of collection. |
| Confidentiality | | | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| Redacted | | | Indicates whether a document contains redactions. | Indicates whether a document contains redactions. |
| MD5 Hash | | MD5 Hash | Unique MD5 Hash for email. | Unique MD5 Hash for document. |
| NativeLink | | Paragraph | Native file link (native files only). | |
| TextLink | | Paragraph | Link to the associated text file (extracted text or OCR text). | Link to the associated text file (extracted text or OCR text). |