| | |
|---|---|
| LATHAM & WATKINS LLP<br>Belinda S Lee (Cal. Bar No. 199635)<br>*belinda.lee@lw.com*<br>Sarah M. Ray (Cal. Bar No. 229670)<br>*sarah.ray@lw.com*<br>Aaron T. Chiu (Cal. Bar No. 287788)<br>*aaron.chiu@lw.com*<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: +1.415.391.0600<br><br>*Attorneys for Defendant Apple Inc.* | HAGENS BERMAN SOBOL SHAPIRO LLP<br>Steve W. Berman (pro hac vice)<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com<br><br>Ben M. Harrington (SBN 313877)<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>benh@hbsslaw.com<br><br>SPERLING & SLATER, LLC<br>Eamon P. Kelly (*pro hac vice*)<br>Joseph M. Vanek (*pro hac vice*)<br>Jeffrey Bergman (*pro hac vice*)<br>55 W. Monroe Street, 32nd Floor<br>Chicago, IL 60603<br>Telephone: (312) 676-5845<br>ekelly@sperling-law.com<br>jvanek@sperling-law.com<br>jbergman@sperling-law.com<br><br>*Attorneys for Plaintiffs and the Proposed Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION, GREENSTATE CREDIT UNION, and CONSUMERS CO-OP CREDIT UNION,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE INC.<br><br>  Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: June 21, 2024<br>Time: 11:00 a.m.<br>Place: Courtroom 5, 2nd Floor, Oakland<br>Judge: The Honorable Jeffrey S. White |

Pursuant to this Court's November 29, 2023 Order (ECF No. 68) and Local Rule 16-10(d) of the Northern District of California, Plaintiffs Affinity Credit Union, GreenState Credit Union, and Consumers Credit Union f/k/a Consumers Co-Op Credit Union (together, "Plaintiffs"), and Defendant Apple Inc. ("Apple") submit this Joint Case Management Conference Statement, which provides updates since the last Joint Case Management Conference Statement submitted by the Parties on November 17, 2023 (ECF No. 67).

## 1. DISCLOSURES

The Parties exchanged initial disclosures on December 8, 2023, pursuant to Fed. R. Civ. P. 26. The Parties disclosed numerous individuals—including third parties—likely to have discoverable information, as well as documents, electronically stored information, and tangible things that are in the Parties' possession, custody, or control, that the Parties may use to support their claims and defenses.

## 2. DISCOVERY TO DATE

The Parties are working diligently toward the June 20, 2024 deadline for the substantial completion of fact discovery.

<u>Apple's Non-Custodial Documents and Data Production.</u> Plaintiffs served their first set of requests for the production of documents ("RFPs") on November 17, 2023, all of which were non-custodial document or data requests. Apple served objections and responses to those RFPs on December 18, 2023, and, to-date, Apple has produced over 345,913 pages of documents (reflecting over 44,000 documents) in response to those RFPs. Apple expects to substantially complete its additional production of the aggregated Apple Pay transaction data that Apple keeps in the ordinary course of business by the June 20, 2024 deadline for substantial completion of document productions. As Apple informed Plaintiffs during a meet-and-confer on April 24, 2024, disaggregated Apple Pay transaction data is available from third parties.

<u>Apple's Custodial Documents.</u> Plaintiffs served custodial RFPs on February 22, 2024, and Apple served responses and objections to those RFPs on March 25, 2024. The Parties have diligently met-and-conferred every week, including to narrow Plaintiffs' second set of RFPs. Apple has proposed to produce documents from six custodians in response to those RFPs and is

completing the custodial review of these six custodians' documents pursuant to the search terms proposed by Apple. Plaintiffs have proposed revisions to those search terms along with six additional custodians, one of whose custodial files Apple has agreed to produce. As noted below, the Parties continue to negotiate potential additional custodians and revised search terms. Naturally, the timeline for the completion of Apple's custodial document production depends on any agreement the Parties ultimately reach about the scope of collection. Even absent this agreement, Apple's custodial documents have been collected, are being reviewed, and will be produced promptly on an ongoing basis once review is completed.

<u>Plaintiffs' Documents and Data.</u> Apple served its first set of RFPs on Plaintiffs on January 23, 2024, and Plaintiffs served objections and responses to those RFPs on February 22, 2024. Plaintiffs anticipate making initial productions in the coming days. Plaintiffs proposed a total of eight custodians along with search terms to run on those custodians' ESI. Apple has not yet proposed any additional custodians, and the Parties are engaged in ongoing discussions regarding Plaintiffs' proposed search terms. Plaintiffs GreenState Credit Union and Consumers Co-op Credit Union believe they are on track to meet the deadline of June 20, 2024, to substantially complete production of responsive and relevant documents. Documents from Plaintiff Affinity Credit Union are in the process of being collected, and will be reviewed, and produced promptly once collection is completed.

<u>Ongoing Meet-and-Confers.</u> The Parties have worked cooperatively to advance discovery, including by holding weekly meet-and-confer calls to discuss outstanding issues. Although the Parties continue to work in good faith to progress fact discovery, they have not yet been able to reach resolution on a few topics that may eventually necessitate Court resolution, including: (1) the five additional Apple custodians that Plaintiffs have requested, as well as the custodians from whom Plaintiffs will search for responsive documents; (2) the search terms Apple and Plaintiffs will use to cull their respective responsive documents; and (3) the geographic scope of Apple's production.

//

//

Case Schedule.

*Plaintiffs' position:*  The Parties must substantially complete document *and* data productions to meet the deadline for the "Substantial Completion of Production of *Documents and Data*"—producing transactional data is not enough. Because Apple has stated below that it will not substantially complete document productions by June 20, 2024, Plaintiffs anticipate the need to modify the class certification schedule.

*Apple's position:*  Apple made its first production of documents on April 17, 2024, and has made three additional productions on a rolling basis since then.  To date, Plaintiffs have produced no documents or data, and at least one Plaintiff (Affinity Credit Union) has foreshadowed that it will not meet the June 20, 2024 substantial completion deadline.  However, Apple believes there is no need to modify the class certification schedule at this time, in particular because Apple expects to substantially complete its production of the Apple Pay transaction data that it keeps in the ordinary course of business by June 20, 2024 and is on track to substantially complete its production of non-custodial documents and the documents from its six custodians promptly after that date.  Plaintiffs' motion for class certification is not due for 2.5 months (on September 6, 2024), and Apple believes the Parties should continue to work diligently towards meeting that deadline before altering the Court's schedule for this case.

**3.    SETTLEMENT AND ADR**

The Parties have not yet conferred regarding settlement or engaged in ADR, and the Parties believe that ADR or settlement efforts are premature at this point.  The Parties filed ADR Certification forms on April 5, 2023.  *See* ECF Nos. 56, 58–60.

*[Signatures on following page]*

| | | |
|---|---|---|
| 1 | Dated: June 14, 2024 | Respectfully submitted, |
| 2 | | **LATHAM & WATKINS LLP** |
| | | By:   */s/ Belinda S Lee* |
| 3 | | Belinda S Lee |
| 4 | | Belinda S Lee (Cal. Bar No. 199635) |
| | | belinda.lee@lw.com |
| 5 | | Sarah M. Ray (Cal. Bar No. 229670) |
| | | sarah.ray@lw.com |
| 6 | | Aaron T. Chiu (Cal. Bar No. 287788) |
| | | aaron.chiu@lw.com |
| 7 | | 505 Montgomery Street, Suite 2000 |
| | | San Francisco, California 94111-6538 |
| 8 | | Telephone: +1.415.391.0600 |
| 9 | | *Attorneys for Defendant Apple Inc.* |
| 10 | | |
| 11 | Dated: June 14, 2024 | Respectfully submitted, |
| 12 | | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 13 | | By */s/ Ben M. Harrington* |
| | | Ben M. Harrington (SBN 313877) |
| 14 | | 715 Hearst Avenue, Suite 202 |
| | | Berkeley, CA 94710 |
| 15 | | Telephone: (510) 725-3000 |
| | | Facsimile:  (510) 725-3001 |
| 16 | | benh@hbsslaw.com |
| 17 | | Steve W. Berman (*pro hac vice*) |
| | | 1301 Second Avenue, Suite 2000 |
| 18 | | Seattle, WA 98101 |
| | | Telephone: (206) 623-7292 |
| 19 | | Facsimile:  (206) 623-0594 |
| | | steveb@hbsslaw.com |
| 20 | | |
| | | **SPERLING & SLATER, LLC** |
| 21 | | Eamon P. Kelly (*pro hac vice*) |
| | | Joseph M. Vanek (*pro hac vice*) |
| 22 | | Jeffrey Bergman (*pro hac vice*) |
| | | 55 W. Monroe Street, 32nd Floor |
| 23 | | Chicago, IL 60603 |
| | | Telephone: (312) 676-5845 |
| 24 | | Facsimile:  (312) 641-6492 |
| | | ekelly@sperling-law.com |
| 25 | | jvanek@sperling-law.com |
| | | jbergman@sperling-law.com |
| 26 | | |
| | | Phillip Cramer (*pro hac vice*) |
| 27 | | 1221 Broadway, Suite 2140 |
| 28 | | Nashville, TN 37203 |

Telephone: (312) 641-3200
Facsimile: (312) 641-6492
pcramer@sperling-law.com

*Attorneys for Plaintiffs and the Proposed Class*

### **SIGNATURE ATTESTATION**

I, Belinda S Lee, am the ECF User whose identification and password are being used to file the foregoing Joint Case Management Conference Statement. Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained.

Dated: June 14, 2024                Respectfully submitted,

                                    LATHAM & WATKINS LLP

                                    By:   */s/ Belinda S Lee*
                                          Belinda S Lee
                                          Attorney for Defendant Apple Inc.