LATHAM & WATKINS LLP
   Belinda S Lee (Cal. Bar No. 199635)
   *belinda.lee@lw.com*
   Sarah M. Ray (Cal. Bar No. 229670)
   *sarah.ray@lw.com*
   Aaron T. Chiu (Cal. Bar No. 287788)
   *aaron.chiu@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

YETTER COLEMAN LLP
   Tyler P. Young (Cal. Bar No. 291041)
   *tyoung@yettercoleman.com*
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: +1.713.632.8008

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION, GREENSTATE CREDIT UNION, and CONSUMERS CO-OP CREDIT UNION,<br><br>        Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>**DEFENDANT APPLE INC.'S SUPPLEMENTAL BRIEF REGARDING PLAINTIFFS' STANDING PURSUANT TO ECF NO. 84**<br><br>Judge: The Honorable Jeffrey S. White |

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A.    The Large Issuers Are Third Parties, Not Absent Class Members ........................ 2

    B.    The Named Plaintiffs Lack Standing to Challenge Third-Party Subpoenas ..................................................................................................... 3

        1.    The Named Plaintiffs Have No Personal Right or Privilege in the Information Sought from the Large Issuers ...................................... 3

        2.    The Large Issuers Do Not Need the Named Plaintiffs to Protect Their Rights ....................................................................................... 6

III. CONCLUSION .................................................................................................................. 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

APPLE INC.'S SUPPLEMENTAL BRIEF RE:
PLS.' STANDING PURSUANT TO ECF NO. 84
CASE NO. 4:22-cv-04174-JSW

## I.   INTRODUCTION

Pursuant to the Court's August 16, 2024 Order (ECF No. 84), Defendant Apple Inc. ("Apple") submits this supplemental brief regarding the named Plaintiffs' standing to object to certain third-party subpoenas that Apple served in July 2024. This dispute arises from the named Plaintiffs' request for a protective order blocking Apple from securing critical third-party discovery from seven of Apple's issuer bank partners (the "Large Issuers"). *See* ECF No. 80 at 1–4. The named Plaintiffs lack standing to challenge these third-party subpoenas for two reasons.

*First*, the named Plaintiffs have no personal rights or privileges impacted by the Large Issuer subpoenas. The named Plaintiffs are three small, local credit unions. The Large Issuers are seven of the largest Apple Pay issuer bank partners in the U.S.: American Express ("Amex"), Bank of America, Capital One, Citibank, Discover, JPMorgan Chase, and Wells Fargo. The Large Issuers—not the named Plaintiffs—are the custodians of the data and documents Apple seeks. The vast majority of the information requested in the Large Issuer subpoenas does not implicate the named Plaintiffs at all; indeed, Apple seeks this important discovery from the Large Issuers precisely because Apple *cannot* get the same type or volume of data and documents from the named Plaintiffs. The named Plaintiffs have no personal stake in the information sought by the Large Issuer subpoenas, and therefore lack standing to challenge them.

*Second*, the named Plaintiffs are ill-suited to challenge the Large Issuer subpoenas. The Large Issuers are sophisticated, multi-national institutions which have partnered with Apple for more than a decade. Each of the Large Issuers is represented by its own in-house and/or outside counsel; is capable of serving objections and responses (and some have); and continues to negotiate productively and in good faith with Apple on their responses to the subpoena. The Large Issuers have neither joined Plaintiffs' challenge to the subpoenas nor brought their own motions to quash, and they do not need anyone to stand in their shoes if they decide to change course.

For these reasons, the Court should find that Plaintiffs lack standing to challenge the Large Issuer subpoenas and deny Plaintiffs' Motion for a Protective Order.

## II. ARGUMENT

### A. The Large Issuers Are Third Parties, Not Absent Class Members

As an initial matter, and as set forth in Apple's section of the Parties' letter brief regarding the Large Issuer subpoenas (ECF No. 80 at 5), this is not a dispute about "absent class member discovery." The Large Issuers are *not* absent class members because no class has been certified; they are third parties with information central to Apple's defenses that the named Plaintiffs do not have. Unless and until a class is certified that includes the Large Issuers (and it should not be, *see* ECF No. 80 at 7), the named Plaintiffs and their counsel do not represent the Large Issuers or their interests. *See, e.g.*, *Carlin v. DairyAmerica, Inc.*, No. 1:09-cv-00430-AWI-EPG, 2017 WL 4410107, at *4 (E.D. Cal. Oct. 4, 2017) ("[W]ithout certification of a class under Rule 23," potential "'absent' class members are not yet parties to the case . . . ."); *cf. Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, No. 3:15-cv-01525-GPC-AGS, 2018 WL 538961, at *6 (S.D. Cal. Jan. 24, 2018) ("Until the class is certified, the unnamed putative class members are not clients of Plaintiffs' Counsel.").

For these reasons, before class certification, a subpoena to potential class members is properly analyzed as seeking third-party discovery, not absent class member discovery. *See Carlin*, 2017 WL 4410107, at *4 (prior to certification, potential "absent class members" are non-parties and may be subpoenaed pursuant to Rule 45); *Jubinville v. Hill's Pet Nutrition, Inc.*, No. 19-CV-00074-WES-PAS, 2019 WL 1584679, at *10 (D.R.I. Apr. 12, 2019) (principle regarding absent class member discovery "applies after the class has been certified to avoid discovery that 'may defeat the purpose of certifying the class in the first place'"); Order at 1, *Shields et al. v. FINA*, No. 18-CV-07393-JSC (N.D. Cal. Feb. 16, 2021), ECF No. 164 ("[A] third-party is not protected from [discovery] solely because they happen to or could be an absent class member."); *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D. Cal. 2010) (allowing discovery of "a key percipient witness with personal knowledge" of relevant facts who was "more than an absent or putative class member").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLE INC.'S SUPPLEMENTAL BRIEF RE:
PLS.' STANDING PURSUANT TO ECF NO. 84
CASE NO. 4:22-cv-04174-JSW

### B. The Named Plaintiffs Lack Standing to Challenge Third-Party Subpoenas

As this Court acknowledged, "[p]arties generally lack standing to challenge subpoenas issued to third parties." ECF No. 84 (citing *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)). The named Plaintiffs have moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). ECF No. 80 at 1 (citing Rule 26(c)(1)(A)). But that rule allows only a party or person "from whom discovery is sought" to seek a protective order. Fed. R. Civ. P. 26(c)(1); *see also Byrd Underground, LLC v. Automatic Data Processing, Inc.*, No. 2:22-cv-01329-CDS-NJK, 2024 WL 95392, at *1 (D. Nev. Jan. 9, 2024) ("[Rule 26(c)(1)] by its plain language provides that either a party or a non-party may seek a protective order, but only when that party or non-party is the *one from whom discovery is sought*." (emphasis added) (citation omitted)). A party therefore "has no standing to move to quash or for a protective order on the grounds that a subpoena seeks irrelevant information or would impose an undue burden on the non-party." *Handloser v. HCL Am., Inc.*, No. 19-cv-01242-LHK (VKD), 2020 WL 4700989, at *4 (N.D. Cal. Aug. 13, 2020); *see also, e.g.*, *In re Telescopes Antitrust Litig.*, No. 20-cv-03639-EJD (VKD), 2023 WL 2396780, at *1 (N.D. Cal. Mar. 7, 2023) (same). There is a limited exception to this rule: a party may challenge a third-party subpoena if the party *itself* "claims a personal right or privilege with respect to the documents requested in the subpoena." *FemtoMetrix Inc. v. Huang*, No. 23-mc-80332-TSH, 2024 WL 396186, at *5 (N.D. Cal. Feb. 1, 2024) (citing cases).[1] Plaintiffs bear the burden of establishing that this limited exception applies, and they fail to meet their burden here.

#### 1. The Named Plaintiffs Have No Personal Right or Privilege in the Information Sought from the Large Issuers

The "personal right or privilege" exception to the general rule that a party lacks standing to challenge a third-party subpoena is rarely satisfied. The challenging party must make a strong and particularized showing of a personal right or privilege, such as where the information sought

---

[1] Some courts in the Ninth Circuit have declined to recognize even this limited exception. *See, e.g.*, *In re Rhodes Cos.*, 475 B.R. 733, 740–41 (D. Nev. 2012) (declining to adopt the "personal right or privilege" standing rule and acknowledging that, while some courts within the Ninth Circuit have applied this exception, the Ninth Circuit itself has never done so); *Salem Vegas, L.P. v. Guanci*, No. 2:12-cv-01892-GMN-CWH, 2013 WL 5493126, at *2–3 (D. Nev. Sept. 30, 2013) (same).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLE INC.'S SUPPLEMENTAL BRIEF RE:
PLS.' STANDING PURSUANT TO ECF NO. 84
CASE NO. 4:22-cv-04174-JSW

would reveal the party's own attorney-client privileged information or the party's own extremely sensitive information. *See FemtoMetrix*, 2024 WL 396186, at *7. Conclusory statements about purported personal rights or privileges are insufficient. *See Doutherd v. Montesdeoca*, No. 2:17-cv-2225-MCE-EFB, 2018 WL 3008867, at *2 (E.D. Cal. June 15, 2018) (bare assertion that the requested documents contain "confidential commercial information" did not satisfy the movant's burden of establishing a personal right or privilege in that information); *Byrd Underground*, 2024 WL 95392, at *1 ("It was Plaintiff's burden of establishing such a personal right or privilege, a burden that is not met with conclusory statements."). The named Plaintiffs do not come close to meeting this high bar.

The vast majority of the requests in the Large Issuer subpoenas do not implicate *any* of the named Plaintiffs' own information, let alone information over which the named Plaintiffs could plausibly claim a "personal right or privilege." In their portion of the Parties' joint letter, the named Plaintiffs did not even attempt to assert any personal right or privilege implicated by the documents Apple seeks from Large Issuers. Nor could they. The Large Issuer subpoenas primarily seek information regarding:

- *the Large Issuers'* transaction data for Apple Pay and other contactless payment methods;
- *the Large Issuers'* negotiations about participating in Apple Pay (excluding documents exchanged with Apple) and other digital payment products;
- *the Large Issuers'* high-level financials related to contactless payment methods;
- *the Large Issuers'* customers' interest in and use of different payment methods;
- *the Large Issuers'* interest in and promotion of different payment methods;
- *the Large Issuers'* annual fees charged to cardholders;
- *the Large Issuers'* development of their own mobile wallet product;
- *the Large Issuers'* decision to continue offering Apple Pay; and
- *the Large Issuers'* fraud information for different payment methods.

ECF No. 80 at 5–8. None of these categories implicates the information or data of the named Plaintiffs. Apple needs the discovery sought from the Large Issuers precisely because the named Plaintiffs do not have the same type or volume of data and information as the Large Issuers (ECF No. 80 at 6–7), a fact that the named Plaintiffs did not—and cannot—contest (*id.* at 3–4).

The Large Issuer subpoenas do contain one request for any information that the Large Issuers may have about each of the named Plaintiffs. But the named Plaintiffs have made no showing that this information (to the extent it even exists) would be privileged or otherwise so sensitive that they would have standing to challenge this request. In particular, the named Plaintiffs have no basis to claim that the network-issuers (Amex and Discover) maintain any privileged or sensitive information that implicates their personal rights because all of the payment cards issued by the named Plaintiffs currently run over the Visa and Mastercard networks.[2]

Rather than offer any colorable claim about their own rights or privileges, the named Plaintiffs challenge the Large Issuer subpoenas as overbroad. ECF No. 80 at 1, 3.[3] But party challenges based on overbreadth or undue burden *for a third party* do not implicate the challenging party's personal rights or privileges and therefore cannot confer standing. *Proficio Mortg. Ventures, LLC v. Fed. Sav. Bank*, No. 2:15-cv-510-RFB-VCF, 2016 WL 1465333, at *2 (D. Nev. Apr. 14, 2016) ("A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing . . . ." (citation omitted)); *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-02865-EMC (PHK), 2023 WL 8714880, at *4 (N.D. Cal. Dec. 17, 2023) (finding Kaiser lacked standing to challenge third-party subpoenas "on the grounds that they are overbroad"). Absent any valid claim regarding how the Large Issuer subpoenas implicate their own rights or privileges, the named Plaintiffs' arguments regarding the burden of those subpoenas on the third-party Large Issuers do not confer standing on the named Plaintiffs to challenge the Large Issuer subpoenas.

---

[2] *Affinity Credit Cards*, Affinity Federal Credit Union, https://www.affinityfcu.com/personal-banking/banking/credit-card/ (offering only Visa products); *Credit Cards - GreenState Mastercards*, GreenState Credit Union, https://www.greenstate.org/borrow/credit-cards/credit-cards-overview.html (offering only Mastercard products); *Debit Card*, Consumers Credit Union, https://www.myconsumers.org/bank/account-tools/debit-card (offering only Visa products).

[3] Apple disputes Plaintiffs' contention that the Large Issuer subpoenas are overbroad or unduly burdensome. ECF No. 80 at 8. But even if they were, the Large Issuers are capable of making this objection themselves. Indeed, two of the Large Issuers have already served objections and responses to the subpoenas, and the remainder have negotiated extensions. All of the Large Issuers continue to negotiate in good faith with Apple regarding the scope of and their responses to the subpoenas.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

APPLE INC.'S SUPPLEMENTAL BRIEF RE:
PLS.' STANDING PURSUANT TO ECF NO. 84
CASE NO. 4:22-cv-04174-JSW

### 2. The Large Issuers Do Not Need the Named Plaintiffs to Protect Their Rights

Plaintiffs also lack standing to challenge the Large Issuer subpoenas because the Large Issuers are sophisticated, multi-national corporations perfectly capable of protecting their own interests. Courts regularly hold that a party lacks standing to challenge a third-party subpoena where the third party is negotiating with the serving party about the subpoena and has the ability and legal authority to protect its own rights. *See Handloser*, 2020 WL 4700989, at *4 (finding defendant lacked standing to challenge plaintiffs' third-party subpoena, and noting that "after receiving [third party] VDart's objections, plaintiffs attempted to address VDart's concerns . . . [and] [t]hese efforts are precisely what Rule 45 requires"); *Fishon v. Peloton Interactive, Inc.*, No. 19-cv-11711 (LJL), 2021 U.S. Dist. LEXIS 19590, at *2 (S.D.N.Y. Feb. 2, 2021) (named plaintiffs lacked standing to challenge subpoena in part because the third party was not represented by named plaintiffs' counsel and was willing to sit for deposition); *In re Aftermarket Filters*, No. 08 C 4883, 2010 WL 3909502, at *2 (N.D. Ill. Oct. 1, 2010) (allowing third-party discovery to proceed in part because "the subpoena recipients are, for the most part, large, sophisticated companies, . . . [and] have the ability as well as the legal authority under Rule 45 to object to any undue burden imposed by the subpoenas").

The third parties here—the Large Issuers—are each multi-billion dollar companies represented by their own in-house and/or outside counsel in connection with the subpoenas. Each of them continues to negotiate in good faith and work productively with Apple to reach agreement on their responses. Even now—three weeks after the parties filed their letter brief on this issue, three weeks after the named Plaintiffs' unsubstantiated claim of hearing "concerns" from unspecified issuers (ECF No. 80 at 3), and more than a week after the initial compliance dates for the subpoenas—none of the Large Issuers have moved to quash the subpoenas or challenged them as seeking improper absent class member discovery. Further, each of the Large Issuers is fully capable of protecting—and best suited to protect—their own interests, in particular when it comes to any potential claim of burden.

This case is nothing like the prototypical example of a party trying to take absent class member discovery, where a class has been certified and absent class members are unrepresented,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

APPLE INC.'S SUPPLEMENTAL BRIEF RE:
PLS.' STANDING PURSUANT TO ECF NO. 84
CASE NO. 4:22-cv-04174-JSW

individual consumers or employees who need class counsel to help represent their interests. Indeed, the vast majority of the cases the named Plaintiffs rely on in support of their Motion (*see* ECF No. 80 at 2–4) involve certified classes or individual consumers or employees—and, in many instances, involve *both* of those factors.  See *Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359-AWI-SKO, 2022 WL 16748698 (E.D. Cal. Nov. 6, 2022) (certified class and individual consumers); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017) (certified class and individual consumers); *Holman v. Experian Info. Sols., Inc.*, No. C 11-00180 CW (DMR), 2012 WL 2568202 (N.D. Cal. July 2, 2012) (certified class and individual consumers); *McPhail v. First Command Fin. Plan., Inc.*, 251 F.R.D. 514 (S.D. Cal. 2008) (certified class and individual consumers); *Taylor v. Shippers Transp. Express, Inc.*, No. CV 13-2092-BRO (PLAx), 2014 WL 12561080 (C.D. Cal. Apr. 30, 2014) (certified class and individual employees); *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 2705089 (N.D. Cal. July 8, 2008) (certified class and individual employees); *On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452 (S.D. Cal. 2001) (certified class); *A.B. v. Pac. Fertility Ctr.*, No. 18-cv-01586-JSC, 2019 WL 6605883 (N.D. Cal. Dec. 3, 2019) (individual consumers); *Johnston v. Hertz Loc. Edition Corp.*, 331 F.R.D. 140 (E.D. Cal. 2019) (individual employees); *Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ (EMC), 2007 WL 2288165 (N.D. Cal. Aug. 3, 2007) (individual employees).  Here, by contrast, no class has been certified, and the Large Issuers are sophisticated business partners with their own counsel.

## III.  CONCLUSION

For the reasons set forth above, the named Plaintiffs lack standing to challenge the Large Issuer subpoenas, and they should not be permitted to block discovery vital to Apple's defenses under the guise of protecting the Large Issuers' interests.  Apple respectfully requests that the Court deny Plaintiffs' Motion for a Protective Order.

Dated: August 23, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By:  /s/  Belinda S Lee
         Belinda S Lee

Belinda S Lee (Cal. Bar No. 199635)
 belinda.lee@lw.com
Sarah M. Ray (Cal. Bar No. 229670)
 sarah.ray@lw.com
Aaron T. Chiu (Cal. Bar No. 287788)
 aaron.chiu@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

YETTER COLEMAN LLP

By:  /s/  Tyler P. Young
         Tyler P. Young

Tyler P. Young (Cal. Bar No. 291041)
 tyoung@yettercoleman.com
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: +1.713.632.8008

*Attorneys for Defendant Apple Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

APPLE INC.'S SUPPLEMENTAL BRIEF RE:
PLS.' STANDING PURSUANT TO ECF NO. 84
CASE NO. 4:22-cv-04174-JSW

**SIGNATURE ATTESTATION**

I, Belinda S Lee, am the ECF User whose identification and password are being used to file Defendant Apple Inc.'s Supplemental Brief Regarding Plaintiffs' Standing Pursuant to ECF No. 84.  Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained.

Dated: August 23, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Belinda S Lee*
Belinda S Lee
Attorney for Defendant Apple Inc.

Latham & Watkins LLP
Attorneys At Law
San Francisco

9

APPLE INC.'S SUPPLEMENTAL BRIEF RE:
PLS.' STANDING PURSUANT TO ECF NO. 84
CASE NO. 4:22-cv-04174-JSW