UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFINITY CREDIT UNION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 22-cv-04174-JSW<br><br>**SECOND ORDER RESOLVING DISCOVERY DISPUTES**<br><br>Re: Dkt. No. 80 |

    Now before the Court for consideration is the Joint Letter Brief re: Plaintiffs' Motion for Protective Order on Absent Class Discovery. (Dkt. No. 80, "Letter.") The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the Letter appropriate for resolution without further briefing or telephone conference. *See* Civ. L.R. 7-1(b); Civil Standing Order No. 7. For the following reasons, the Court denies Plaintiffs' request for a protective order.

## BACKGROUND

    Plaintiffs Affinity Credit Union, GreenState Credit Union, and Consumers Credit Union ("Plaintiffs") bring a putative class action against Defendant Apple, Inc. ("Apple") for alleged violation of antitrust laws in connection with Apple Pay and contactless payment technology available on iOS devices. Plaintiffs seek to represent "[a]ll U.S. entities that (a) issued any Payment Card enabled for Apple Pay and (b) paid Apple a fee for any Apple Pay transaction on that Payment Card." (Dkt. No. 40, Am. Compl., ¶ 140.)

    Apple issued subpoenas to seven absent putative class members: American Express, Bank of America, Capital One, Citigroup, Discover Financial Services, JP Morgan Chase, and Wells Fargo (together, "Large Issuers"). As set forth in the subpoena to Bank of America, Apple seeks

fourteen sweeping categories of documents and data relating to the Large Issuers' decisions to use Apple Pay, attempts to develop contactless payment methods, user transaction data, and more.

Plaintiffs object to service of the subpoenas on the Large Issuers as improper discovery into absent class members.

## ANALYSIS

**A.  Legal Standards.**

The scope of discovery available by subpoena is equivalent to that available of parties under Rule 26.  *ATS Prod., Inc v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015).  Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Rule 45(d) permits a subpoena recipient to object or move to quash if the subpoena is unreasonable.  Fed. R. Civ. P. 45(d)(3).  Parties generally lack standing to challenge subpoenas issued to third parties.  *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).

The Federal Rules do not provide clear guidance on the scope of discovery into absent class members.  *Tierno v. Rite Aid Corp.*, No. 05-cv-02520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008).  In the absence of clear rules, district courts have discretion to fashion appropriate limits to discovery.  *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 168 (E.D. Cal. 2022).  Courts typically permit absent class member discovery "where the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith."  *Tierno*, 2008 WL 2705089, at *6.  At least some courts have permitted absent class member discovery prior to certification where the discovery is not intended to harass absent class members and is necessary to prepare an opposition to class certification.  *Makaeff v. Trump Univ., LLC*, No. 10-cv-0940-GPC WVG, 2013 WL 990918, at *6 (S.D. Cal. Mar. 12, 2013).

**B.  Plaintiffs Lack Standing to Challenge the Large Issuer Subpoenas.**

Prior to class certification, Plaintiffs do not represent any absent class members, including the Large Issuers.  However, Plaintiffs do have a duty to protect putative class members' interests.  Thus, the Court finds that Plaintiffs have standing to object to putative class member subpoenas if

the putative class members would be "hindered" from protecting their own interests. *Cf. Kowalski*, 543 U.S. at 130.

The instant case is not one in which a defendant seeks to harass or burden numerous unnamed, putative class members who are incapable of or who face obstacles in protecting themselves. In such cases, which are more likely to occur in the consumer or employment context, subpoenas to absent class members in advance of class certification may be unreasonable. *See Tierno*, 2008 WL 2705089, at *6 (noting pre-certification discovery from putative class members may be permitted if reasonable); *A.B. v. Pac. Fertility Ctr.*, No. 18-CV-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019) (denying request to depose individual putative class members in "emotionally fraught" fertility case but permitting five interrogatories to each); *Johnston v. Hertz Loc. Edition Corp.*, 331 F.R.D. 140, 142 (E.D. Cal. 2019) (denying request to depose individual putative class members where defendant could obtain information from its own current employees). Instead, each of the Large Issuers are sophisticated entities with the means and ability to object to the subpoenas themselves.

Accordingly, Plaintiffs lack standing to object to the subpoenas on the Large Issuers' behalf prior to class certification. This Order does not preclude the Large Issuers from seeking a protective order on their own behalf, if they so choose.

**IT IS SO ORDERED.**

Dated: September 9, 2024

_____
JEFFREY S. WHITE
United States District Judge