UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFINITY CREDIT UNION, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>APPLE INC., et al.,<br><br>   Defendants. | Case No. 22-cv-04174-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 97, 143 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 10, 2025, AT 9:00 A.M.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties simply restate the arguments raised in those briefs. In addition, the parties shall not file written responses to this Notice of Questions for Hearing.

If the parties intend to rely on legal authorities not cited in their briefs, they must notify the Court and opposing counsel of these authorities by 4:00 p.m. on Wednesday, October 8, 2025. If the parties submit such additional authorities, they are ORDERED to file citations to the authorities only, without argument or additional briefing. The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions.

///

///

Questions Relating to the Motion to Exclude:

1. Plaintiffs acknowledge that the facts in this case differ from the facts in *Epic v. Apple* because there is "no mechanism by which aftermarket platform fees can be explicitly passed through to iOS users." (Vellturo Report, ¶ 118.) At the same time, Plaintiffs rely on iOS users to establish the aftermarket. (*Id.* ¶ 119.) This means that the injured party—the proposed class of issuers—is not the party that faces restraint in the proposed antitrust aftermarket. Instead, the issuers seek "interaction benefits" with iOS Apply Pay users, which Apple exploits via issuer fees. (*Id.* ¶ 91.)

    a. Dr. Vellturo describes the relevant antitrust market as a multisided aftermarket. Issuers do not participate in the foremarket but do participate in the aftermarket. Are these ideas reconcilable under existing law?

    b. How do Plaintiffs propose to solve the logical fallacy of the injured party not being the party that defines the aftermarket? In other words, if the relevant antitrust aftermarket exists because iOS Apple Pay users are locked into Apple Pay, why should the Court not find that the relevant antitrust injury is limited to supracompetitive fees faced by the iOS Apple Pay users?

    c. Why should the Court not follow *hiQ Labs, Inc. v. LinkedIn Corp.*, 485 F. Supp. 3d 1137, 1149 (N.D. Cal. 2020) in finding that an aftermarket theory based on locked-in consumers requires exploitation of those locked-in consumers?

2. Dr. McRary states that no rational economic actor offers a service for free, and so adopting a $0 issuer fee would require Apple Pay to monetize outside of the proposed antitrust aftermarket. (McRary Report, ¶¶ 241, 245.) In response, Dr. Vellturo points out that Apple Pay provides Apple with the same benefits which Google and Samsung obtain from Google Pay and Samsung Pay, including increased product sales and user loyalty. (Vellturo Reply Report, ¶¶ 209-222.)

    a. Does the alleged $0 competitive rate necessarily implicate other, undefined markets?

3. Do Apple's criticisms of Dr. Vellturo's analyses go to weight and not admissibility?

Questions Relating to the Motion for Class Certification:

1. Representatives for two of the named Plaintiffs testified that they would be unlikely to pass transaction fees on to their members if given the opportunity to do so. (Decl. of Belinda S. Lee, Ex. 3, Rope Dep., at 297:6-13; *Id.*, Ex. 4, Dean Dep., at 200:24-201:15.) If Plaintiffs would accept the level of fees without passing on the costs:

    a. Is there an antitrust injury at all?

    b. Can the named Plaintiffs be typical and adequate representatives of the putative class of issuers who have allegedly suffered an antitrust injury?

2. If the Court excludes Dr. Vellturo's expert testimony and reports, must it also find that the named Plaintiffs are inadequate class representatives?

3. What are the parameters of the injunctive relief sought by Plaintiffs?

**IT IS SO ORDERED.**

Dated: October 6, 2025

_____
JEFFREY S. WHITE
United States District Judge