UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFINITY CREDIT UNION, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC., et al.,<br><br>　　　　　Defendants. | Case No. 4:22-cv-04174-JSW   (KAW)<br><br>**ORDER REGARDING 9/12/25 JOINT DISCOVERY LETTER RE AFFINITY'S TRANSACTION DATA**<br><br>[Discovery Letter #3]<br><br>Re: Dkt. No. 226 |

On September 12, 2025, the parties filed a joint discovery letter regarding whether Affinity Credit Union is obligated to produce transaction data maintained by its transaction processor, Fidelity National Information Services, Inc. (f/k/a Vantiv, LLC) and Worldpay ("FIS"). (Joint Letter, Dkt. No. 226.)

The parties do not dispute that the transaction data is relevant. Rather, the issue is whether Affinity has possession, custody, or control under Federal Rule of Civil Procedure 34(a)(1). (Joint Letter at 1.) The parties have been meeting and conferring on this issue since March 2024. *Id.*

In sum, Apple contends that Affinity has control of the data and can obtain it on demand under the terms of Affinity's Master Services Agreement ("MSA"). (Joint Letter at 1.) Specifically, Apple cites to Section 10(f), which provides that "[c]ertain historical transaction records will be retained by Vendor [FIS] . . . and may be provided to Customer [Affinity] upon request at Vendor's then standard fees as applicable." (Joint Letter at 1 (citing MSA, Joint Letter, Ex. D at AFFINITY-APPLEPAY-0021166).) The Court notes that this provision pertains to record-keeping for the purposes of compliance with federal, state, or local laws; it does not pertain to general record-keeping. (*See* MSA at AFFINITY-APPLEPAY-0021166.)

Apple cites to several cases in support of its position, including *Kilopass Tech. Inc. v.*

1  *Sidense Corp.*, No. C 10-02066 SI, 2011 WL 2470493, at *3 (N.D. Cal. June 21, 2011), but they
2  are inapposite. Specifically, reliance of *Kilopass* is misplaced, because that case sought to compel
3  compliance with a third-party subpoena, which was granted on the condition that the plaintiff, as
4  the party seeking discovery, pay the nonparty for the reasonable costs of production. *Id.* at *3.

5        In opposition, Affinity argues that it does not have control of the transaction data, because
6  it must pay for it. (Joint Letter at 3.) Previously, Affinity requested Apple Pay transaction data
7  from FIS, and FIS produced 11 months of transaction data, which was produced to Apple. *Id.*
8  Affinity was then told that if it wanted more historical data that it would have to pay for it, and the
9  estimate was approximately $7,000 to $9,000. *Id.* at 3-4. As a result, Affinity contends that it does
10  not have "control," because it does not have the ability to obtain documents on demand. (Joint
11  Letter at 4 (citing *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO,* 870 F.2d
12  1450, 1452 (9th Cir. 1989).) The party seeking production has the burden of proving control. *Int'l*
13  *Union of Petroleum & Indus. Workers,* 870 F.2d at 1452.

14        Here, the parties cite to no provision of the MSA which permits Affinity to obtain the
15  transaction data sought on demand for the purposes of production to a private entity. *See id.*
16  Indeed, as a practical matter, the fact that Affinity would have to pay for the transaction data belies
17  the very notion of control, because not only does Affinity have to request the transaction data from
18  FIS, but it will also have to pay for its production and there appears to be no guarantee that the
19  terms of the MSA require FIS to furnish the information sought. Thus, the Court finds that Apple
20  has failed to satisfy its burden of showing that Affinity has control over the Apple Pay transaction
21  data in FIS's possession within the meaning of Rule 34, and it DENIES Apple's request to require
22  Affinity to produce a complete set of transaction-level data in response to its requests for
23  production.

24        The Court notes that Affinity has no objection to Apple seeking this information from FIS
25  directly. (Joint Letter at 4.) On September 2, 2025,[1] Apple subpoenaed the mobile wallet

---

[1] It is surprising that it took 18 months of meeting and conferring before Apple served a subpoena on FIS. The Court notes that Affinity contends that the subpoena requests information far beyond what would have been produced for the estimated $7,000 to $9,000. (*See* Joint Letter at 4 n. 5.)

2

1  transaction data from FIS. *Id.* The Court trusts that Affinity will cooperate with Apple's attempts
2  to obtain the information from FIS by way of subpoena. Should any disputes arise in connection
3  with the subpoena, the parties are ordered to meet and confer in accordance with the Court's
4  standing order. In the event they are unable to resolve any disputes without court intervention,
5  they shall file a compliant joint letter in accordance with the standing order.
6      IT IS SO ORDERED.
7  Dated: October 9, 2025

                                                                                 _____
                                                                                 KANDIS A. WESTMORE
                                                                                 United States Magistrate Judge