LATHAM & WATKINS LLP
   Belinda S Lee (Cal. Bar No. 199635)
    *belinda.lee@lw.com*
   Sarah M. Ray (Cal. Bar No. 229670)
    *sarah.ray@lw.com*
   Aaron T. Chiu (Cal. Bar No. 287788)
    *aaron.chiu@lw.com*
   Alicia R. Jovais (Cal Bar No. 296172)
    *alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFFINITY CREDIT UNION, et al.,<br><br>              Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>              Defendant. | CASE NO. 4:22-cv-04174-JSW<br><br>**DECLARATION OF BELINDA S LEE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge:  The Honorable Jeffrey S. White |

Pursuant to Civil Local Rule 79-5(f)(3), I, Belinda S Lee, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California and a member of the Bar of this Court. I am a partner at Latham & Watkins LLP, counsel of record for Defendant Apple Inc. ("Apple") in the above-titled action. I am familiar with Apple's treatment of proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this Declaration pursuant to this Court's Civil Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed, ECF No. 300.

3. Apple designated certain information or materials contained or reflected in Plaintiffs' Response to Defendant Apple Inc.'s Administrative Motion for Leave to File Newly Produced Evidence and Corresponding Supplemental Brief in Support of Apple's Opposition to Plaintiffs' Motion for Class Certification and Apple's Motion to Exclude Testimony of Christopher Vellturo, PhD. (ECF Nos. 300-2, 301) ("Plaintiffs' Response") as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order entered in this case (ECF No. 74). Plaintiffs provisionally filed these documents under seal. *See* ECF No. 300.

4. In determining whether to permit class certification papers to be filed under seal in this case, this Court applies the "good cause" standard. ECF No. 117 at 1. Under the good cause test, courts "balanc[e] the needs for discovery against the need for confidentiality," *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010), taking into consideration whether "public access to each document to be sealed will result in 'annoyance, embarrassment, oppression, or

---

[1] Courts in this District routinely grant motions to seal based on declarations of counsel submitted pursuant to Local Rule 79-5. *See*, *e.g.*, *Avago Techs. U.S. Inc., et al. v. IPtronics Inc., et al.*, No. 10-02863-EJD (N.D. Cal. Apr. 3, 2015), ECF Nos. 544, 545; *Cisco Sys., Inc., et al. v. OpenTV, Inc., et al.*, No. 13-00282-EJD (N.D. Cal. Oct. 8, 2018), ECF Nos. 76, 82. I am personally familiar with Apple's safeguarding of proprietary and confidential information, but if the Court deems this Declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration in support of sealing.

undue burden or expense.'"  ECF No. 117 at 1 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).

6. The information Apple seeks to keep sealed is confidential, strategic, and competitively sensitive information regarding the details of Apple Pay's development, Apple's long-term strategy for Apple Pay, and Apple's ongoing business relationships with key Apple Pay partners. Apple operates in an intensely competitive environment, and public disclosure of this information would put Apple at a competitive disadvantage (for instance, vis-à-vis its contactless payment competitors) as well as a commercial disadvantage (for instance, in future negotiations with business partners). In the regular course of conducting its business, Apple takes extensive measures to protect the confidentiality of its commercially sensitive and competitively sensitive data and information.

6. Apple's sealing request is narrowly tailored. Apple seeks to seal only limited portions of Plaintiffs' Response that contain confidential, strategic, and competitively sensitive content. *See, e.g.*, *Guzman v. Chipotle Mexican Grill, Inc.*, 2020 WL 1171112, at *2 (N.D. Cal. Mar. 11, 2020) (finding "good cause" to file a document under seal where it "divulge[d] confidential business information relating to Defendants' operations that [was] unrelated to the public's understanding of the judicial proceedings in this action").

7. Accordingly, Apple requests that the Court find "good cause" to seal certain information as set forth in the chart below. *See*, *e.g.*, *SC Innovations, Inc. v. Uber Techs., Inc.*, 2021 WL 2302728, at *2 (N.D. Cal. May 11, 2021) (finding good cause for sealing where party asserted that documents contained "confidential commercial information" and "highly sensitive transactional data and business strategy documents" that would cause competitive harm if publicly disclosed); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (even under higher compelling reasons standard, sealing confidential financial and pricing information, disclosure of which would cause the party competitive harm); *Baker v. SeaWorld Ent., Inc.*, 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (even under higher compelling reasons standard, sealing confidential financial information and details about contracts with third parties).

8. The following chart details the specific information that is sealable for the reasons explained herein:

| Document or Portion of Document Sought to be Sealed | Designating Party | Basis for Sealing Document |
|---|---|---|
| **Plaintiffs' Response** | | |
| p. 2 n.1, second sentence | Apple | This text purports to summarize confidential information regarding Apple's business strategy and commercial terms with issuers. Disclosure of Apple's strategic business terms would disadvantage Apple competitively vis-à-vis its contactless payment competitors and potential business partners. |
| p. 3, n.2-3 | Apple | Footnote 2 purports to summarize commentary from Dr. McCrary regarding a confidential issuer study. Footnote 3 purports to summarize commentary from Dr. McCrary regarding confidential information relating to Apple's commercial dealings with issuers. Disclosure of these characterizations of Dr. McCrary's confidential testimony regarding Apple's competitively sensitive business decisions regarding Apple Pay, including its dealings with business partners, confidential documents, commercial terms, strategy, and commercial dealings, would disadvantage Apple competitively vis-à-vis its contactless payment competitors and potential business partners, as well as put Apple at a commercial disadvantage in future negotiations. Footnote 3 also contains confidential information from JPMorgan Chase regarding their confidential future plans. |
| p.3, n.4 | Apple | Apple does not seek to seal footnote 4. |

| | | |
|---|---|---|
| p. 4:7-14, n.5 | Apple | This text purports to summarize confidential and competitively sensitive information contained in confidential documents regarding Apple Pay's competitive position and business strategy. Disclosure of this information would disadvantage Apple competitively vis-à-vis its contactless payment competitors and potential business partners. |

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on December 1, 2025 in San Francisco, California.

/s/ Belinda S Lee
Belinda S Lee