UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFINITY CREDIT UNION, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC., et al.,<br><br>　　　　　Defendants. | Case No. 4:22-cv-04174-JSW   (KAW)<br><br>**ORDER REGARDING 11/25/25 JOINT DISCOVERY LETTER RE APPLE'S PRIVILEGE DESIGNATIONS**<br><br>Re: Dkt. No. 303 |

On November 25, 2025, the parties filed a joint discovery letter regarding the sufficiency of Defendant Apple's document production and withholding of documents based on privilege, as well as the sufficiency of its August 22, 2025 privilege log. (Joint Letter, Dkt. No. 303.)

In sum, Plaintiff contends that Apple has withheld more than 40,000 documents based on a facially deficient and untimely privilege log. (Joint Letter at 1.)  The parties attached excerpts of Apple's privilege log.  Notably, the privilege log does not comport with this court's civil standing order, which requires that

> [t]he privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:
>
> (a) The title and description of the document, including number of pages or Bates-number range;
> (b) The subject matter addressed in the document;
> (c) The identity and position of its author(s);
> (d) The identity and position of all addressees and recipients;
> (e) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
> (f) The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and
> (g) The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

(Judge Westmore's Civil Standing Order ¶ 20.) Thus, the parties are ordered to meet and confer regarding Apple's forthcoming amendment of the privilege log to include all of the information required in the Court's civil standing order and to ensure compliance with the recent ruling in *Epic Games, Inc. v. Apple Inc.,* 161 F.4th 1162 (9th Cir. 2025). Moreover, to the extent that Apple contends that Plaintiffs waived categorical objections to the privilege log based on a sample log that was previously discussed, that argument is not well taken, because each entry must be evaluated separately. (*See* Joint Letter at 2, 4.)

Additionally, the Court is concerned that Apple may be over-designating documents, or portions thereof, as privileged. In requesting that redacted documents be included in the privilege log, Plaintiffs attached Exhibit A to the joint letter, which consists of two produced documents that appear identical except for one is redacted based on an assertion of attorney-client privilege and the other is not. (*See* Joint Letter, Ex. A.) While Apple's contention that the exhibit is demonstrative and violates the undersigned's standing order is well taken, the Court finds the redaction concerning. (*See* Joint Letter at 5 n. 2.) Accordingly, the Court will require that redacted documents be included in the privilege log.

Finally, Plaintiffs request that either the Court find that Apple's repeated failure to substantiate its privilege claims constitute waiver or that a special master be appointed to test Apple's privilege claims through *in camera* review. Given that Plaintiffs raise high-level challenges to tens of thousands of entries, and that the Court lacks the resources to resolve such a dispute in a timely fashion, a special master appears warranted. Thus, the parties are ordered to meet and confer regarding the appointment of a special master for all discovery. Should they agree that appointment is appropriate, they shall file a request for appointment with the presiding judge.

If the parties decline to seek the appointment of a special master, Apple shall serve an amended privilege log that complies with the Court's civil standing order, and includes entries for all redacted documents, within 21 days of this order.

IT IS SO ORDERED.

Dated: February 6, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge