Ben M. Harrington (SBN 313877)
Elizabeth "Ani" Zotti (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
ani.zotti@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

[Additional Counsel on Signature Page]

Belinda S Lee (Cal. Bar No. 199635)
Sarah M. Ray (Cal. Bar No. 229670)
Aaron T. Chiu (Cal. Bar No. 287788)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AFFINITY CREDIT UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.<br><br>Defendant. | Case No. 3:22-cv-04174-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: November 20, 2026<br>Time: 10:00 a.m.<br>Place: Videoconference Only (Zoom webinar)<br>Judge: Hon. Vince Chhabria |

Pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, Judge Chhabria's Standing Order for Civil Cases (Oct. 26, 2026), and the Court's order setting an Initial Case Management Conference for November 20, 2026, Plaintiffs Affinity Credit Union, GreenState Credit Union, and Consumers Credit Union f/k/a Consumers Co-op Credit Union (together, "Plaintiffs"), individually and as representatives of the certified Class, and Defendant Apple Inc. ("Apple") (together, the "Parties") submit this Joint Case Management Statement. Because this case is being reassigned at an advanced stage, after the close of fact discovery and the certification of a litigation class, the Parties summarize the procedural history and propose a schedule through trial, as the Standing Order requires (¶ 14).

## 1. JURISDICTION AND SERVICE

Plaintiffs assert claims under Section 2 of the Sherman Act, 15 U.S.C. § 2, and Sections 4 and 16 of the Clayton Act. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. Apple was served with the Amended Complaint on October 28, 2022. No issues of personal jurisdiction or venue remain, and no parties remain to be served.

## 2. FACTS

**Plaintiffs' Statement:** Plaintiffs are financial institutions (i.e., banks and credit unions) that contract with Apple to enable their payment cards for use on Apple Pay, Apple's mobile wallet. Plaintiffs contend that Apple has stifled competition to secure an unlawful monopoly for Apple Pay, charging Plaintiffs and other financial institutions supracompetitive transaction fees.

Apple Pay uses basic Near Field Communication ("NFC") technology to transmit payment information with a "tap" of one's mobile device at the point-of-sale. Apple did not develop NFC. The technology has been around since World War II and it is used in a variety of applications, from hotel key cards to automobile infotainment systems. Apple also did not invent the mobile wallet. Google developed the first NFC-enabled mobile wallet (Google Wallet) in 2011, years before Apple Pay existed. However, Apple Pay is the only "tap and pay" mobile wallet available on iOS devices. This is because Apple contractually restricted third-party mobile wallet app developers from accessing the NFC capability needed to compete with Apple Pay.

Apple's restrictions on would-be competitor mobile wallets is a sharp break from standard

practice. Apple generally permits app developers to access the NFC chip and integrate NFC capabilities into their apps. But to shield Apple Pay from competition, Apple conditioned developers' NFC access on the requirement that they not use it to develop a mobile wallet that might compete with Apple Pay. This restraint ("NFC Restraint") gave Apple a complete monopoly.

Apple has also reinforced and extended its monopoly power through two additional restraints. *First*, while Apple charges card issuers substantial Apple Pay transaction fees when their cardholders make a payment using Apple Pay, Apple contractually bars those financial institutions from engaging in transparent pricing with their cardholders. For example, issuers cannot bill the Apple Pay fee to cardholders when they use Apple Pay. This restraint on price transparency and normal price competition ("Pricing Restraint") is imposed in every Apple Pay issuer contract.

*Second*, Apple contractually requires that issuers who enable their cards for Apple Pay "tap and pay" payments also enable them for Apple Pay transactions in eCommerce ("Multiproduct Restraint"). This restraint is embedded in all of Apple's issuer contracts, and enables Apple to extract the same supracompetitive fees on eCommerce transactions that it imposes by virtue of its monopoly on tap-and-pay payments.

Having foreclosed competition, Apple charges Plaintiffs and other issuers significant Apple Pay fees. The fees are uniform across the market—15 basis points (0.15%) on credit payments and .5 cents ($0.005 on debit payments. And they are supracompetitive, as evidenced by the Android operating system, which provides a useful point of comparison. Apple's restraints do not operate on the Android platform and multiple Android digital wallets thus compete in that space for consumer and issuer acceptance. Issuer fees in that more competitive environment are $0.

**Apple's Statement:** Introduced in 2014, Apple Pay is a secure and convenient method of making contactless payments. Apple Pay uses the near-field communication ("NFC") controller and a certified, tamper-resistant hardware chip called the Secure Element ("SE") on an Apple device to communicate with a merchant's payment terminal. Any card-issuing bank—from JP Morgan Chase to a small, local credit union—may enable its cards for Apple Pay on the same terms. Issuers who sign up for Apple Pay agree to pay a per-transaction fee (15 basis points on credit and $0.005 on debit). Apple Pay is free for both consumers and merchants. Apple Pay has many

competitors, including contactless credit and debit cards, swipe credit and debit cards, PayPal, Google Pay, and various other payment methods.

Apple Pay's quality, along with Apple's enormous investments in tap-and-pay technology and marketplace adoption, have created significant benefits for consumers, merchants, and issuers. Apple Pay played a pivotal role in the adoption of contactless payments: Apple introduced Apple Pay in 2014 when the contactless payment had yet to gain traction in the United States due to cumbersome user interfaces and a lack of infrastructure. Apple invested heavily in consumer adoption and merchant acceptance—leading to a now-thriving contactless payments industry. Apple Pay increases the likelihood consumers will securely make and successfully complete transactions using an issuer's cards, which can increase an issuer's profits. And analyses by banks and card networks demonstrate that Apple Pay significantly reduces fraud.

In 2024, in response to foreign regulatory investigations, Apple introduced an application programming interface ("API") for third-party developers to access the NFC and SE architecture and offer contactless transactions from within their own apps (not via Apple Pay).

Apple denies that it has monopolized any relevant market and contends that its NFC and SE architecture reflects legitimate security and privacy design choices that have reduced fraud, increased transaction volume, and benefited consumers, merchants, and issuers—including smaller issuers such as Plaintiffs.

## 3. LEGAL ISSUES

**Plaintiffs' Statement:** The disputed legal issues include (1) whether Apple unlawfully monopolized or attempted to monopolize a relevant market; (2) the amount of damages caused by Apple's anticompetitive conduct; and (3) the appropriate injunctive and/or declaratory relief.

**Apple's Statement:** The disputed legal issues include (1) whether Plaintiffs' claims are barred by the statute of limitations and/or applicable limitation of liability provisions; (2) the definition of any relevant market; (3) whether Apple possesses monopoly power in any relevant market; (4) whether Apple engaged in exclusionary conduct, and whether its conduct is justified by procompetitive rationales, including security, privacy, reliability, and ease of use; preventing free riding on Apple's investments; and expanding output and benefiting consumers, merchants,

and issuers; (5) whether Plaintiffs and the Class suffered antitrust injury caused by the challenged conduct; (6) the existence and amount of any damages; (7) whether any injunctive or declaratory relief is warranted; and (8) whether the Class should remain certified, including in light of Apple's pending Rule 23(f) petition.

## 4. PROCEDURAL HISTORY AND PRIOR CASE MANAGEMENT ORDERS

The following summarizes the principal events and orders since the case was filed:

| Date | Event |
|---|---|
| July 18, 2022 | Complaint filed (ECF No. 1). Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 4). Case reassigned and later assigned to Judge Jeffrey S. White (ECF Nos. 9–12). |
| October 14, 2022 | Initial Joint Case Management Statement (ECF No. 36). |
| October 28, 2022 | Amended Class Action Complaint filed. |
| April 14, 2023 | Order granting Apple's motion to stay discovery pending the motion to dismiss (ECF No. 61). |
| September 27, 2023 | Order granting in part and denying in part Apple's motion to dismiss: tying claim dismissed; monopolization and attempted monopolization claims sustained (ECF No. 64). Apple answered (ECF No. 66). |
| November 29, 2023 | Scheduling Order adopting the Parties' class-certification schedule, declining to set merits expert, dispositive-motion, and trial dates until after the class certification ruling (ECF No. 68). |
| March 29, 2024 | Order resolving discovery disputes (ECF No. 73); Stipulated Protective Order (ECF No. 74); ESI Protocol Order (ECF No. 75). |
| August 16 and September 9, 2024 | Orders resolving discovery disputes, including Apple custodians (ECF Nos. 86, 89). |
| February 7, 2025 | Plaintiffs' Motion for Class Certification and expert report of Dr. Christopher Vellturo (ECF Nos. 97, 98). |
| March 25, 2025 | Discovery referred to Magistrate Judge Kandis A. Westmore (ECF No. 124). |
| May 9, 2025 | Order on the Parties' April 10, 2025 joint letter regarding Apple's privilege log (ECF No. 129; 135). |
| May 14, 2025 | Order modifying schedule; close of fact discovery set for October 15, 2025 (ECF No. 137). |
| June 18, 2025 | Apple's opposition to class certification and motion to exclude Dr. Vellturo (ECF Nos. 143, 145, 152). |
| August 19, 2025 | Plaintiffs' reply in support of class certification (ECF No. 204). |
| October 10, 2025 | Hearing on class certification and Daubert motion (ECF No. 271). |
| October 15, 2025 | Fact discovery closed, subject to limited, Court-approved exceptions (ECF Nos. 137, 282, 291, 299). |

| Date | Event |
|---|---|
| February 6, 2026 | Judge Westmore order regarding Apple's privilege log, finding a special master warranted (ECF No. 313). |
| July 20, 2026 | Stipulated Order appointing Hon. Amy D. Hogue (Ret.) and Hon. Patrick J. Walsh (Ret.) as Special Masters to review challenged privilege log entries (ECF No. 321). |
| September 23, 2026 | Order Granting Motion for Class Certification and Denying Motion to Exclude Testimony of Christopher Vellturo, PhD (ECF No. 329). |
| October 7, 2026 | Apple filed a Rule 23(f) petition for permission to appeal in the Ninth Circuit. |
| November 4, 2026 | Initial CMC set for November 20, 2026, before Judge Chhabria (ECF No. 334). |

## 5. CLASS CERTIFICATION

On September 23, 2026, Judge White certified both a damages class under Rule 23(b)(3) and an injunctive relief class under Rule 23(b)(2) consisting of: "All U.S. entities that (a) issued any Payment Card enabled for Apple Pay and (b) paid Apple a fee for Apple Pay transactions on that Payment Card." ECF No. 329. The Court appointed Plaintiffs as class representatives and Hagens Berman Sobol Shapiro LLP and Sperling Kenny Nachwalter, LLC as Class Counsel, and denied Apple's motion to exclude Plaintiffs' expert Dr. Christopher Vellturo (ECF No. 329).

Because a class has been certified, the Standing Order's option of litigating cross-motions for summary judgment as to the named plaintiffs before class certification (¶ 54) no longer applies. All attorneys of record have reviewed the Northern District's Procedural Guidance for Class Action Settlements.

**Rule 23(f) petition.** Apple petitioned for permission to appeal on October 7, 2026 (9th Cir. No. 26-6623). Plaintiffs answered on October 19, 2026, and Apple filed a reply on October 26, 2026. The petition remains pending.

**Class notice.** Class notice has not yet issued. Plaintiffs propose that they move for approval of a notice plan, forms of notice, and a notice administrator by December 18, 2026 (or within 15 days of denial of Apple's Rule 23(f) petition, whichever is later), using plain-English notices modeled on the Federal Judicial Center's forms and direct notice to issuers identified in Apple's

records, with an opt-out deadline approximately 60 days after notice is disseminated. Plaintiffs propose that notice be disseminated within 30 days after the order approving the notice plan.

## 6. MOTIONS

**Prior motions:** Apple's motion to dismiss (denied in part and granted in part, ECF No. 64); Apple's motion to stay discovery (granted, ECF No. 61); discovery disputes resolved by Judge White and Judge Westmore; administrative motions to seal; Plaintiffs' motion for class certification (granted, ECF No. 329); and Apple's motion to exclude Dr. Vellturo (denied, ECF No. 329).

**Pending motions:** None in this Court. Apple's Rule 23(f) petition remains pending.

**Anticipated motions:** (a) Plaintiffs' motion to approve the class notice plan; (b) any objections to Special Master rulings on privilege (ECF No. 321 ¶ 5); (c) cross-motions for summary judgment, with any related *Daubert* motions included in the summary judgment briefs as the Standing Order requires (¶¶ 44, 47); and (d) motions in limine. The Parties understand that with respect to summary judgment, the Court will require four sequential cross-motion briefs and that no separate statements of undisputed facts may be filed (*id.* ¶¶ 44–45).

The Parties acknowledge the Court's strict approach to sealing under Civil Local Rule 79-5 (*id.* ¶¶ 28–34). Many prior filings in this case were sealed or redacted pursuant to orders by Judge White, and numerous non-party issuers, networks, and wallet providers (including JPMorgan Chase, Bank of America, Citigroup, Visa, Mastercard, American Express, Discover, PayPal, Samsung, and Google) have sought sealing of their materials. The Parties will meet and confer on future sealing requests and will consider using the Court's Motion to Seal Summary Table.

## 7. AMENDMENT OF PLEADINGS

The Parties do not anticipate further amendment of the pleadings.

## 8. DISCLOSURES

The Parties exchanged Rule 26(a)(1) initial disclosures on December 8, 2023, and have supplemented as required.

## 9. DISCOVERY

**Fact discovery.** Fact discovery closed on October 15, 2025 (ECF No. 137), subject to limited exceptions approved by the Court: certain depositions taken after that date by agreement;

extended deadlines for motions to compel on specified issues (ECF Nos. 282, 291); and the deposition of non-party Google LLC, continued to December 10, 2025 (ECF No. 299). The Parties have produced substantial document and transactional data, taken party and non-party depositions (including Rule 30(b)(6) depositions of the Plaintiffs, Apple, and non-parties such as Samsung), and served subpoenas on numerous non-party issuers, networks, and wallet providers.

**Supplementation.** By agreement between the parties, Apple is providing a supplemental data production along with supplemental responses to certain Interrogatories concerning entities that have requested entitlements from Apple through Apple's 2024 NFC & SE Platform or 2024 HCE entitlement program. Apple will provide this supplementation as soon as practical, but no later than November 23, 2026 (for data) and December 11, 2026 (for Interrogatories).

**Remaining fact discovery issue—privilege review.** On February 6, 2026, Judge Westmore found that a special master was warranted to review certain of Apple's privilege assertions (ECF No. 313). By stipulated order entered July 20, 2026, Judges Hogue and Walsh were appointed under Rule 53 to review challenged privilege log entries; rulings are to be filed on the docket, objections are due within 21 days and reviewed de novo, and Apple must produce documents deemed not privileged within seven business days absent objection (ECF No. 321).

**Expert discovery.** Class-certification expert discovery is complete. Merits expert deadlines have been set and reset by stipulation pending the class certification ruling (ECF Nos. 308, 317, 319). The Parties' most recent stipulation proposed, and the Court ordered: Plaintiffs' opening expert reports are due January 22, 2027; Apple's rebuttal reports are due April 21, 2027; Plaintiffs' reply reports are due June 4, 2027 (each by 5 p.m.). Expert backup materials are to be produced by 5 p.m. within two business days of each report deadline.

**Discovery limits and referral.** Discovery has been referred to Magistrate Judge Westmore (ECF No. 124). The Parties request that the referral continue for any remaining disputes, consistent with Standing Order ¶ 18.

## 10. CLASS ACTIONS

*See* Section 5. The Class has been certified, and Class Counsel have been appointed. Apple's Rule 23(f) petition is pending.

## 11. RELATED CASES

The Parties are unaware of any related case pending in this District under Local Rule 3-12.

## 12. RELIEF

On behalf of the Class, Plaintiffs seek treble damages under Section 4 of the Clayton Act; injunctive and declaratory relief under Section 16; attorneys' fees, costs, and pre- and post-judgment interest. Plaintiffs will quantify their alleged damages in Plaintiffs' merits expert reports.

## 13. SETTLEMENT AND ADR

The Parties filed ADR certifications on April 5, 2023 (ECF Nos. 56, 58–60). Judge White encouraged settlement discussions but did not refer the case to ADR (ECF No. 68). The Parties have not engaged in formal ADR.

## 14. NARROWING OF ISSUES

The Parties will meet and confer regarding authenticity stipulations, stipulations to facts that are not genuinely disputed (for example, the fee schedules Apple charged) and the presentation of transactional data at trial through summaries under Federal Rule of Evidence 1006.

## 15. SCHEDULING

The Standing Order contemplates trial roughly 12–16 months after the original complaint is filed (¶ 15). Because this action was filed in July 2022 and Judge White deferred setting merits, dispositive-motions, and trial dates until after class certification (ECF No. 68), the Parties propose the following full schedule, which builds on the existing expert deadlines and follows the Standing Order's sequencing (four sequential cross-motion briefs, with the final brief filed at least 14 days before the hearing; *Daubert* motions combined with summary judgment briefing; pre-trial deadlines that comport with the Standing Order).

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to approve class notice plan | None | December 18, 2026, or 15 days after denial of 23(f), whichever is later |
| Dissemination of class notice | None | 30 days after order approving notice plan |
| Opt-out deadline | None | 60 days after dissemination of notice |
| Plaintiffs' opening merits expert reports | January 22, 2027 | January 22, 2027 (5 p.m.) |

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Apple's rebuttal expert reports | April 21, 2027 | April 21, 2027 (5 p.m.) |
| Plaintiffs' reply expert reports | June 4, 2027 | June 4, 2027 (5 p.m.) |
| Close of expert discovery | None | July 2, 2027 |
| Brief 1: Plaintiffs' opening summary judgment / *Daubert* brief (total 25 pp.) | None | August 13, 2027 |
| Brief 2: Apple's cross-motion(s) and opposition(s) (total 25 pp.) | None | September 10, 2027 |
| Brief 3: Plaintiffs' opposition(s) and reply(ies) (total 20 pp.) | None | October 1, 2027 |
| Brief 4: Apple's reply(ies) (total 15 pp.) | None | October 18, 2027 |
| Hearing on summary judgment and *Daubert* motions | None | Thursday, November 4, 2027, at 10:00 a.m. |
| Meet and confer regarding pretrial conference; serve motions in limine | None | Monday, January 24, 2028 (42 days before pretrial conference) |
| Serve oppositions to motions in limine; file proposed supplemental juror questionnaire and joint proposed jury instructions | None | Monday, February 14, 2028 (21 days before pretrial conference) |
| File joint pretrial conference statement and motions in limine and oppositions | None | Friday, February 18, 2028 (16 days before pretrial conference) |
| File proposed verdict forms and statement of the case | | Thursday, February 24, 2028 (11 days before pretrial conference) |
| Joint filing of deposition and discovery designations, counter-designations, and objections; joint exhibit list;<br>involved individuals list | None | Monday, February 28, 2028 (1 week before pretrial conference; 3 weeks before trial) |
| Pretrial conference | None | Monday, March 6, 2028<br>(2 weeks before trial) |
| Deliver original trial exhibit set and flash drive of exhibits | None | March 14, 2028 (1 week before trial) |
| Jury trial | None | Monday, March 20, 2028 |

## 16. TRIAL

Plaintiffs demand a jury trial. The Parties estimate that trial will require 10-11 court days.

## 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed Certifications of Interested Entities or Persons under Civil Local Rule 3-15 (ECF Nos. 30, 35, 49, 50). Apple has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

## 18. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 19. OTHER MATTERS

Counsel appearing at the conference will have full authority to address scheduling and all other issues that may arise (Standing Order ¶ 13). The Parties will provide proposed orders in Word format to vcpo@cand.uscourts.gov where required (*id.* ¶ 27).

DATED November 13, 2026

Respectfully submitted,

By *__/s/ Ben M. Harrington__*
Ben M. Harrington (SBN 313877)

**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com

Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Jeffrey H. Bergman (*pro hac vice*)
Kathryn M. DeLong (*pro hac vice*)
**SPERLING KENNY NACHWALTER, LLC**
321 N. Clark St., 25th Floor
Chicago, IL 60654
Telephone: (312) 641-3200
Facsimile: (312) 641-6492
ekelly@sperlingkenny.com
jvanek@sperlingkenny.com
jbergman@sperlingkenny.com
kdelong@sperlingkenny.com
bfrett@sperlingkenny.com

Phillip F. Cramer (*pro hac vice*)
**SPERLING KENNY NACHWALTER, LLC**
1221 Broadway, Suite 2140
Nashville, TN 37203
Telephone: (312) 641-3200

Facsimile: (312) 641-6492
pcramer@sperlingkenny.com

Steve W. Berman (*pro hac vice*)
**BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Mark T. Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4950
markv@hbsslaw.com

*Counsel for Plaintiffs and the Proposed Class*

**LATHAM & WATKINS LLP**

By: */s/ Belinda S. Lee*
Belinda S Lee

Belinda S Lee (Cal. Bar No. 199635)
belinda.lee@lw.com
Sarah M. Ray (Cal. Bar No. 229670)
sarah.ray@lw.com
Aaron T. Chiu (Cal. Bar No. 287788)
aaron.chiu@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

**ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing Joint Case Management Statement. Pursuant to Civil Local Rule 5-1, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

Dated: November 13, 2026

*/s/ Ben M. Harrington*
Ben M. Harrington